# EXHIBIT A



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*





**DHS/ICE Office of Chief Counsel - TAC**
**1623 East J Street, Ste. 2**
**Tacoma WA 98421**

**Name:** ███████████████         **A** ███████████

**Date of this Notice:    9/1/2023**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Userteam:  Docket

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**DHS/ICE Office of Chief Counsel - TAC**
**1623 East J Street, Ste. 2**
**Tacoma WA 98421**

**Date of this Notice:    9/1/2023**

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Userteam:  Docket

NOT FOR PUBLICATION

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Respondent

FILED
Sep 01, 2023

ON BEHALF OF RESPONDENT: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

IN BOND PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Tacoma, WA

Before: Malphrus, Deputy Chief Appellate Immigration Judge; Petty, Appellate Immigration Judge; Hunsucker, Appellate Immigration Judge

Opinion by Appellate Immigration Judge Hunsucker
Appellate Immigration Judge Petty, see concurring opinion

HUNSUCKER, Appellate Immigration Judge

The respondent appeals from the Immigration Judge's February 28, 2023, bond order denying his request for a change in custody status. The Immigration Judge issued a bond memorandum on March 3, 2023, setting forth the reasons for the bond decision. The Department of Homeland Security ("DHS") filed a response brief agreeing with the respondent that he is entitled to a custody redetermination hearing.[1] The appeal will be sustained and the record remanded for further proceedings.

The Immigration Judge concluded that because the respondent last entered the United States without being admitted or paroled, she was without jurisdiction to redetermine the respondent's custody status (IJ at 1-3).

We acknowledge the analysis of the Immigration Judge. However, both the respondent and the DHS have filed briefs arguing that the Immigration Judge may redetermine the conditions of the respondent's custody. Further, we are unaware of any precedent stating that an Immigration Judge lacks authority to redetermine the custody conditions of a respondent in removal proceedings under the circumstances here. Accordingly, we will remand this case so that the respondent may receive a custody redetermination hearing before the Immigration Judge.

ORDER: The respondent's appeal is sustained.

---

[1] An unsolicited brief was also submitted by amicus curiae in support of the respondent's appeal. In light of our disposition of the case, we chose to reject the brief submitted by amicus curiae to avoid further delay in the respondent's case.

FURTHER ORDER: The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

PETTY, Appellate Immigration Judge, concurring opinion

I write separately solely to note my dissatisfaction with DHS's presentation to the Board in this case. DHS submits that the Immigration Judge's legal conclusion was inconsistent with the position taken by the Solicitor General in *Biden v. Texas*, 142 S. Ct. 2528 (2022), both in the briefs and at oral argument at the Supreme Court. Relying on our decision in *Matter of Mangabat*, 14 I&N Dec. 75, 78 (BIA 1972), DHS submits that the Solicitor General's position is binding on the Board and, by extension, on Immigration Judges (*see* DHS Br. at 9 (purportedly quoting *Matter of Mangabat* for the proposition that "[t]he views of the [Attorney General] as expressed in the briefs filed by the Office of the Solicitor General with the Court are binding on the BIA.")).

I am unable to locate the quote DHS attributed to *Matter of Mangabat*, or even anything similar to it, anywhere in that decision. Nor was I able to find it anywhere else. And while it is possible that authority for the proposition DHS puts forward exists somewhere—notwithstanding the Board's own independent delegation of authority from the Attorney General, *see* 8 C.F.R. § 1003.1(d)(i)-(ii)—I have not found that, either.

DHS also claimed that "[a]t oral argument before the U.S. Supreme Court, Solicitor General Prelogar reiterated the Department of Justice's position that INA § 236 is an appropriate means of release for noncitizens who entered the United States without inspection. *See* Tr. of Oral Arg. at 44-45" (DHS Br. at 10 n.8). What the Solicitor General actually said was "*DHS's* long-standing interpretation has been that 1226(a) [INA § 236(a)] applies to those who have crossed the border between ports of entry and are shortly thereafter apprehended." Transcript of Oral Argument at 44-45, *Biden v. Texas*, 142 S. Ct. 2528 (2022) (No. 21-954) (emphasis added). She then emphasized that it has been "the agency's consistent interpretation." *Id.* at 45. However long-standing, and regardless of whether the Solicitor General mentions it during oral argument in the Supreme Court, none of DHS's legal interpretations can bind the Board or Immigration Judges, *See* INA § 103(g)(2), 8 U.S.C. § 1103(g)(2).