## SWORN DECLARATION OF CHRISTOPHER STANISLOWSKI

I, Christopher Stanislowski, declare under penalty of perjury as follows:

1.      I am a Senior Supervising Attorney at the Northwest Immigrant Rights Project (NWIRP). I am licensed in New York in the Third Department and I am authorized to practice law. My business address is 2209 N. Pearl Street, Suite 200, Tacoma, WA 98406.

2.      I have been practicing immigration law at NWIRP for the last 11 years. During that time, I have focused on representing individuals who are in immigration detention and are facing removal. I estimate that I have represented individuals in around 100 merits cases and approximately 40 bond cases before the Executive Office for Immigration Review. I have also represented clients in around 25 appeals to the Board of Immigration Appeals and 10 cases before the Ninth Circuit, including two oral arguments. I have also supervised around seven attorneys and three legal advocates since 2016.

3.      To the best of my knowledge, beginning around November 2022, many of NWIRP's detained clients and pro se individuals began to be subjected to the Tacoma Immigration Court's practice of finding that 8 U.S.C. § 1225(b)(2) provides for the mandatory detention of individuals who entered without inspection and who have since resided in the United States. As a result of this practice, many clients and pro se individuals have not received bond hearings or have been denied bond at bond hearings. Based on my work at NWIRP and my own experience, I know that originally all four judges in Tacoma, and now three of the four judges in Tacoma, continue to conclude that they lack jurisdiction to decide bonds in such cases. All of these clients were placed in regular removal proceedings under 8 U.S.C. § 1229a and were not in expedited removal proceedings, reinstatement proceedings, or withholding-only proceedings. None of these cases were charged as "arriving" by ICE on their Notices to Appear ("NTAs"), but rather as being present in the United States without inspection.

4.      Since November 2022, NWIRP attorneys focused on representing individuals detained at the Northwest ICE Processing Center in Tacoma, Washington have represented individuals in at least 12 cases where an IJ denied a bond, citing § 1225(b)(2)'s mandatory detention provision. In all of these cases, the person was denied a bond even though the individual was present in the United States, was not identified as "arriving," was not apprehended shortly after entering, and was placed in standard removal proceedings under 8 U.S.C. § 1229a.

5.      In addition, NWIRP attorneys have filed at least 9 bond appeals challenging the immigration judges' denials. Out of those 9 appeals, 8 were mooted out because our clients' were ultimately released from detention before the BIA adjudicated the appeal. The last case remains pending before the BIA. These numbers do not include the Named Plaintiffs in this case, who NWIRP also represents. A summary of these cases is as follows. For each client, I have attached the person's redacted bond decision. The redactions remove personal identifying information such as an A numbers and provide only the person's initials.

a.  J.J.C.M. is a citizen of El Salvador who entered without inspection on or around 1/15/2012 and was apprehended in Blaine, Washington on June 6, 2023. Before being apprehended by immigration authorities, he lived mostly in Washington and a few years in Texas. He was issued an NTA on June 15, 2023, in which he was charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and was placed in removal proceedings under § 1229a. The Immigration Judge denied him bond on August 29, 2023, finding that he was subject to mandatory detention under § 1225(b)(2). The client, through NWIRP counsel, appealed the denial to the Board of Immigration Appeals (BIA) on August 29, 2023. On September 29, 2023, ICE issued a $5,000 bond, finding that the client was not a danger or a flight risk. The client was subsequently released from custody. On October 4, 2023, the client requested to withdraw his BIA custody appeal because he had been released from detention. J.J.C.M.'s redacted bond decision is attached as Exhibit A.

b.  J.C.S. is a citizen of Mexico who first entered the United States on October 1, 2014. He was apprehended outside of his apartment in Oregon at the end of 2022. On January 24, 2023, the Immigration Judge denied bond, finding him subject to mandatory detention under § 1225(b)(2). The client, through NWIRP counsel, appealed the denial before the BIA. However, a decision by the BIA was not reached because J.C.S. withdrew his appeal after being ordered removed on February 22, 2023. J.C.S.'s redacted bond decision is attached as Exhibit B.

c.  L.I.R. is a citizen of Mexico who entered the United States around 1994 or 1995. He lived for over two decades in Spokane, Washington until he was apprehended by Immigration and Customs Enforcement (ICE) in Wallace, Idaho. The Department of Homeland Security (DHS) placed L.I.R. in removal proceedings under § 1229a, charging him with being subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled. On October 5, 2023, the Immigration Judge denied bond, finding L.I.R. subject to mandatory detention under § 1225(b)(2). L.I.R. promptly filed an appeal before the BIA challenging the IJ's decision. However, no decision was reached because on October 19, 2023, the IJ ordered L.I.R. removed to Mexico. Therefore, on November 8, 2023 L.I.R. withdrew his appeal. L.I.R.'s redacted bond decision is attached as Exhibit C.

d.  S.E.G.E. is a citizen of Nicaragua who entered without inspection in February 2021. On April 27, 2023, he was detained by immigration officers near his home in Idaho, where he has lived the majority of the time in the United States. DHS subsequently placed him in removal proceedings under § 1229a, charging him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present without admission or parole. On July 6, 2023, the Immigration Judge denied S.E.G.E. a bond finding that he was detained under § 1225(b)(2)(A) and therefore subject to mandatory detention. NWIRP attorneys filed an appeal of the denial before the BIA on July 7, 2023. On August 10, 2023, ICE exercised its authority under 8 U.S.C. 1226(a) and set a bond of $5,000. S.E.G.E. was released on August 16, 2023, after posting this bond amount. NWIRP lawyers timely filed a brief in support of the

bond appeal on August 18, 2023, arguing that the case was not moot given the bond amount he has been required to post to ICE. To this date, the BIA has not issued a decision. S.E.G.E.'s redacted bond decision is attached as Exhibit D.

e. G.R.N. is a citizen of India who entered the United States on December 17, 2022. He was living in New York before he was apprehended by ICE on April 17, 2024. DHS subsequently placed him in removal proceedings under § 1229a, charging him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present without admission or parole and under § 1182(a)(7)(A)(i)(I) as an immigrant present without a valid immigrant visa. On August 1, 2024, the Immigration Judge issued a decision finding that G.R.N. was subject to mandatory detention under § 1225(b)(2)(A). G.R.N. did not appeal the Immigration Judge's denial. G.R.N.'s redacted bond decision is attached as Exhibit E.

f. V.M.N.G. is a citizen of Guatemala who entered the United States in November 2023 and lived in Spokane, Washington until he was apprehended by immigration authorities on February 9, 2024. The DHS subsequently placed him in removal proceedings under § 1229a, charging him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present without admission or parole. V.M.N.G. requested a bond but on April 4, 2024 and the Immigration Judge issued a decision finding that V.M.N.G. was subjected to mandatory detention under § 1225(b)(2)(A) and therefore not eligible for bond. V.M.N.G. was ordered removed by the immigration judge on April 24, 2024. As a result, no appeal was filed. V.M.N.G.'s redacted bond decision is attached as Exhibit F.

g. S.A.L. is a citizen of Guatemala who entered the United States in August 2021. He was apprehended by ICE on March 28, 2023, in Spokane, Washington, which is where he was residing. DHS subsequently placed him in removal proceedings under § 1229a, charging him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present without admission or parole. On March 15, 2023, while proceeding pro se, S.A.L. asked the Immigration Judge if he was eligible for a bond. The Immigration Judge responded that he was not because he was subjected to mandatory detention under § 1225(b)(2)(A). S.A.L. subsequently retained NWIRP, and on April 12, 2023, NWIRP attorneys filed an appeal before the BIA challenging the immigration judge's bond denial. On May 11, 2023, S.A.L. was released from immigration custody upon payment of a bond issued by ICE. Subsequently, on May 15, 2023, S.A.L. withdrew his appeal. S.A.L.'s redacted bond decision is attached as Exhibit G.

h. M.D.G. is a citizen of Pakistan who entered the United States on the southern border on July 17, 2023. He was apprehended days later by ICE in Blaine, Washington. DHS placed him in removal proceedings under § 1229a, charging him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present without admission or parole. M.D.G. filed a bond appeal on October 8, 2023, but his BIA appeal became moot because he was granted relief on December 12, 2023, and was released from detention. M.D.G.'s redacted bond decision is attached as Exhibit H.

i.   W.G.M. is an individual who DHS alleges to have entered the United States without inspection and whose proceedings were later terminated after counsel for W.G.M. indicated she would file a motion to suppress and terminate proceedings. W.G.M. is a resident of Spokane, WA, who was apprehended by an immigration agent on January 29, 2025, while on his way to work. He was subsequently charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present without admission or parole. At a bond hearing on February 25, 2025, the IJ concluded that she did not have jurisdiction over W.G.M.'s case because he had allegedly entered the United States without inspection. W.G.M. filed an appeal of his bond decision that became moot when DHS elected to terminate proceedings against him. W.G.M.'s redacted bond decision is attached as Exhibit I.

j.   J.N.H. is an individual who DHS alleges to have entered the United States without inspection and whose proceedings were later terminated after counsel for J.N.H. indicated she would file a motion to suppress and terminate proceedings. J.N.H. is a resident of Spokane, WA, who was apprehended by an immigration agent on January 29, 2025, while on his way to work. He was subsequently charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present without admission or parole. At a bond hearing on February 25, 2025, the IJ concluded that she did not have jurisdiction over J.N.H.'s case because he had allegedly entered the United States without inspection. J.N.H. filed an appeal of his bond decision that became moot when DHS elected to terminate proceedings against him. J.N.H.'s redacted bond decision is attached as Exhibit J.

k.   M.H.M. is an individual who DHS alleges to have entered the United States without inspection and whose proceedings were later terminated after counsel for M.H.M. indicated she would file a motion to suppress and terminate proceedings. M.H.M. is a resident of Spokane, WA, who was apprehended by an immigration agent on January 29, 2025, while on his way to work. He was subsequently charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present without admission or parole. At a bond hearing on February 25, 2025, the IJ concluded that she did not have jurisdiction over M.H.M.'s case because he had allegedly entered the United States without inspection. M.H.M. filed an appeal of his bond decision that became moot when DHS elected to terminate proceedings against him. M.H.M.'s redacted bond decision is attached as Exhibit K.

l.   J.G.T.M. is a citizen of Venezuela who entered the United States in September 2023. J.G.T.M. fled to the United States seeking refuge. Sometime after her entry, she was apprehended and immediately released. In January 2025, nearly a year and a half after her entry, ICE arrested J.G.T.M. and placed her in detention at NWIPC. At a bond hearing on March 11, 2025, the IJ denied bond on jurisdictional grounds. J.G.T.M. subsequently accepted a voluntary departure order. J.G.T.M.'s redacted bond decision is attached as Exhibit L.

6.      In addition to the cases where NWIRP has taken on representation, we have records of other cases we screened where NWIRP did not have resources to provide representation. Based on a review of those records, NWIRP estimates that it has reviewed the cases of approximately 80 additional people who who have been subject to mandatory detention under 8 U.S.C. § 1225(b)(1), (b)(2)(A) despite being in proceedings under 8 U.S.C. § 1229a.

7.      Moreover, since 2023, over 10 people have declined representation by NWIRP for a bond hearing because they knew the bond hearing would be denied by the Tacoma judges based on the Tacoma Immigration Court practice of finding such individuals subject to mandatory detention.

8.      In recent months, the number of people detained at NWIPC has increased dramatically. As recently as May 2024, the detention center was only about half full, with around 750 people detained there. Now, the detention center—which has a capacity of 1,575 people—is nearly full. As the detention center has filled up, NWIRP has seen an increasing number of people who were detained in the interior of the United States, and thus are more likely to be subject to the Tacoma Immigration Court's practice of denying bonds. The plaintiffs in this case are a good example of those increasing numbers.

9.      Individuals in detention are understandably unwilling to fight their cases where there is virtually no hope that they will be released because most judges at the Tacoma Immigration Court refuse to hold bond hearings for people in their situation.

10.     As demonstrated by the clients named in the above paragraphs, challenging these denials has been extremely difficult. Cases quickly become moot before an appeal is even decided. NWIRP has led efforts to challenge these denials based on jurisdiction in at least six different cases without getting a resolution in any of them. It is my experience and personal opinion that challenging a decision denying a bond hearing on this issue is difficult or impossible. The majority of clients are removed, released by ICE, or granted relief while their bond appeal is pending, while others are deterred from even trying due to the time and money an appeal would entail. As a result, and as a practical matter, review by the BIA is unable to fix this problem for individuals in detention wanting to challenge these erroneous findings by the immigration judges in Tacoma.

11.     Finally, it is noteworthy that the IJs have been largely undeterred by the one successful appeal where NWIRP filed a supporting amicus brief to the BIA. In September 2023, the Board issued an unpublished decision reversing a finding of no jurisdiction based on the mandatory detention § 1225(b)(2). Since then, NWIRP attorneys have submitted this decision in their requests for a bond hearing, but all of the Tacoma IJs—other than the one IJ whose decision was reversed—have simply ignored the decision. The IJs' disregard for the BIA's order only further demonstrates that appeals to the BIA are not a viable mechanism in this particular circumstance to ensure that Tacoma IJs adhere to the law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 19<u>th</u> day of March, 2025.

Christopher Stanislowski
Senior Supervising Attorney
Northwest Immigrant Rights Project
2209 N Pearl Street, Suite 200
Tacoma, WA 98406
cstanislowski@nwirp.org