**SWORN DECLARATION OF ADAM W. BOYD**

I, Adam W. boyd, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice law in Washington State. My business address is 1000 Second Ave. Suite 1600, Seattle WA, 98104.

2. I have been practicing law for the last 12 years. I have practiced Immigration Law during the entirety of my career, first in Boston, Massachusetts and then in Seattle/Tacoma. I am currently the Managing Partner at Gibbs Houston Pauw, a law firm that represents immigrants with various applications, but with an emphasis on removal defense. In my career I have done hundreds of bond cases and removal cases before EOIR locally in Seattle and Tacoma and throughout the United States.

3. Over the past few years, I have had around twenty-five clients who were subject to the Tacoma Immigration Court's practice of concluding that 8 U.S.C. § 1225(b)(2) provides for the mandatory detention of individuals who entered without inspection and who have since resided in the United States. As a result of this practice, my clients have not been able to get bonds set by the immigration judges in tacoma. All of these clients were placed in regular removal proceedings under 8 U.S.C. § 1229a and were not in expedited removal proceedings, reinstatement proceedings, or withholding only proceedings.

4. In addition to the cases of people whose bond hearings were denied because of § 1225(b)(2)'s mandatory detention provision, I have had many other clients or potential clients decline to hire me or decline to seek a bond hearing because they knew there was no hope to obtain release. Clients are understandably unwilling to pay for representation where there is virtually no hope that they will be released because most judges at the Tacoma Immigration Court refuse to find that they have jurisdiction to issue bonds for people in their situation, that is, people who entered without inspection and have since resided in the United States.

5. In my experience, challenging a decision denying a bond hearing is difficult or impossible. Some clients cannot afford an appeal of the decision denying bond, others are deterred by the many months of waiting that an appeal entails, and still others are removed before any appeal can be completed. Often times individuals main cases are resolved prior to receiving a decision on a bond appeal and therefore it is a waste of resources to try and file an appeal of a finding that the court lacks jurisdiction. As a result, and as a practical matter, review by the Board of Immigration Appeals is unable to fix this problem for my clients.

6. One of the most egregious cases I have had recently involved ELM. ELM originally entered the United States in 2004 without inspection. He lived a remarkable life in the U.S. becoming an experienced welder with work projects around the country. He was originally from Guatemala but had been living in North Carolina for the past eighteen years. ELM had no criminal history and was apprehended by ICE while visiting Blaine, Washington. He was stopped in a random screening. All ELM wanted was to be released

back to his family in North Carolina while his case was pending. His three U.S. Citizen children relied on him for financial and emotional support and they were separated from him when he was placed in removal proceedings. ELM was arrested by DHS on September 7, 2024. I submitted a request for him to be released on bond on September 23, 2024. On October 3, 2024 the immigration court held a bond hearing and found it did not have jurisdiction to issue a bond in his case. I have attached a copy of the order which indicates that the court would have granted our request to release him on a $10,000 bond if it had jurisdiction. ELM elected not to appeal that decision and instead pursue his application for cancellation of removal while detained. On December 18, 2024 the immigration judge granted ELM cancellation of removal for non-permanent residents. This means that the judge found that ELMs U.S. Citizen children would suffer exceptional and extremely unusual hardship if he were deported from the U.S. Because of the court's interpretation of bond jurisdiction they did suffer that hardship while he was detained.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 27th day of February, 2025.

_____
Adam W. Boyd
1000 Second Ave. Suite 1600, Seattle WA 98104
Adam. Boyd@ghp-law.net