District Judge Tiffany M. Cartwright

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Ramon RODRIGUEZ VAZQUEZ,

       *Plaintiff*,

    v.

Drew BOSTOCK, et al.,

       *Defendants*.

CASE NO. 3:25-cv-05240

OPPOSITION TO NAMED PLAINTIFF'S
MOTION FOR A PRELIMINARY
INJUCTION

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUCTION
[CASE NO. 3:25-CV-05240-TMC]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

I.    Statutory and Regulatory Background............................................................. 2

    A.    Detention under 8 U.S.C. § 1225 .......................................... 2

    B.    Detention under 8 U.S.C. § 1226(a) ................................. 3

    C.    Detention under 8 U.S.C. § 1226(c) ................................. 4

    D.    Review at the Board of Immigration Appeals (BIA)....................... 5

II.    Factual and Procedural History...................................................................... 5

STANDARD OF REVIEW ................................................................................................ 6

ARGUMENT ..................................................................................................................... 7

I.    Plaintiff's habeas petition is unlikely to succeed on the merits because he has not exhausted his administrative remedies.......................................................... 7

    A.    Exhaustion is warranted because agency expertise is needed, excusal will only encourage other detainees to bypass administrative remedies, and appellate review at the BIA may preclude the need for judicial intervention. ................................................................................ 7

    B.    Plaintiff's reasons to waive exhaustion would swallow the rule. .................... 9

        1.    Detention alone is not an irreparable injury.......................................... 9

        2.    Plaintiff has not established that appellate review at the BIA would be inadequate or futile................................................. 11

    C.    The BIA's expertise in this area will help the Court determine Plaintiff's likelihood of success on the merits. ................................. 12

II.    Plaintiff has not established irreparable harm because he has an adequate remedy in appealing to the BIA. ................................................................. 14

III.    The Government has a compelling interest in allowing the BIA to speak on the issue................................................................................................................ 14

CONCLUSION.................................................................................................................. 16

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

i

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Aden v. Nielsen*, No. C18-1441RSL,
   2019 WL 5802013 (W.D. Wash. Nov. 7, 2019) ............................................... 8, 9, 10, 14

4

*All. for Wild Rockies v. Cottrell*,
   632 F.3d 1127–35 (9th Cir. 2011) ............................................................ 6-7, 7, 15

5

*Avilez v. Garland*,
   69 F.4th 525 (9th Cir. 2023) (en banc) ...................................................... 4

6

7

*Az. Dream Act Coal. v. Brewer*,
   757 F.3d 1053 (9th Cir. 2014) ................................................................ 14

8

*Baird v. Bonta*,
   81 F. 4th 1036 (9th Cir. 2023) ............................................................... 6

9

*Bd. of Tr. of Constr. Laborers' Pension Trust for S. Calif. v. M.M. Sundt Constr. Co.*,
   37 F.3d 1419 (9th Cir. 1994) ................................................................. 8

10

11

*Biden v. Texas*,
   597 U.S. 785 (2022) ........................................................................ 3

12

*Bogle v. DuBois*,
   236 F. Supp. 3d 820 (S.D.N.Y. 2017) ....................................................... 9-10

13

14

*Chavez v. ICE*, No. C23-1631-JNW-SKV,
   2024 WL 1661159 (W.D. Wash. Jan. 25, 2024) ............................................ 9, 12

15

*Delgado v. Sessions*, No. C17-1031-RSL-JPD,
   2017 WL 4776340 (W.D. Wash. Sept. 15, 2017) .......................................... 8, 9, 11, 12

16

*Demore v. Kim*,
   538 U.S. 510 (2003) ........................................................................ 4

17

18

*Garland v. Aleman Gonzalez*,
   596 U.S. 543 (2022)(a) ..................................................................... 6

19

*German Santos v. Warden Pike Cty. Corr. Facility*,
   965 F.3d 203 (3d Cir. 2020) ................................................................ 4

20

*Global Rescue Jets, LLC v. Kaiser Foundation Health Plan, Inc.*,
   30 F.4th 905 (9th Cir. 2022) ............................................................... 16

21

22

*Hernandez v. Sessions*,
   872 F.3d 976 (9th Cir. 2017) ............................................................... 14

23

24

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE No. 3:25-CV-05240-TMC]

ii

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

*Holland v. Rosen*,
    277 F. Supp. 3d 707 (D.N.J. 2017) ........................................................... 14

*In re Guerra*,
    24 I. & N. Dec. 37–40 (BIA 2006) ........................................................... 4

*Jennings v. Rodriguez*,
    583 U.S. 281 (2018) ........................................................... 2, 3, 12

*Laing v. Ashcroft*,
    370 F.3d 994 (9th Cir. 2004) ........................................................... 9, 10, 11

*Leonardo v. Crawford*,
    646 F.3d 1157 (9th Cir. 2011) ........................................................... 7

*Lopez Reyes v. Bonnar, No 18-cv-07429-SK*,
    2018 WL 747861 at *10 (N.D. Cal. Dec. 24, 2018) ........................................................... 14

*Maldonado v. Bostock, No. 2:23-cv-00760-LK-BAT*,
    2023 WL 5804021 (W.D. Wash. Aug. 8, 2023) ........................................................... 13

*Martinez v. Murray, No. 19-cv-04632-SVK*,
    2019 WL 13204225 (N.D. Cal. Nov. 12, 2019) ........................................................... 12

*Matter of Castillo-Padilla*,
    25 I&N Dec. 257 (BIA 2010) ........................................................... 3

*Matter of M-S-*,
    27 I&N Dec. 509 (2019) ........................................................... 8

*McCarthy v. Madigan*,
    503 U.S. 140 (1992) ........................................................... 15, 16

*Meneses v. Jennings, No. 21-cv-07193-JD*,
    2021 WL 4804293 (N.D. Cal. Oct. 14, 2021) ........................................................... 9, 10

*Miranda v. Garland*,
    34 F.4th 338–66 (4th Cir. 2022) ........................................................... 15

*Montoya Echeverria v. Barr, No. 20-cv-02917-JSC*,
    2020 WL 2759731 (N.D. Cal. May 27, 2020) ........................................................... 11

*Oretega-Randel v. Sessions*,
    313 F. Supp. 3d 993 (N.D. Cal. 2018) ........................................................... 10

*Ortega-Cervantes v. Gonzales*,
    501 F.3d 1111 (9th Cir. 2007) ........................................................... 3

*Perez v. Wolf*,
  445 F. Supp. 3d 275 (N.D. Cal. 2020) ........................................................................ 11

*Porter v. Nussle*,
  534 U.S. 516 (2002) ................................................................................................. 15

*Puga v. Chertoff*,
  488 F.3d 812 (9th Cir. 2007) ............................................................................... 7, 8, 9

*Reyes v. Wolf, No. C20-0377JLR*,
  2021 WL 662659 (W.D. Wash. Feb. 19, 2021) ..................................... 9, 10, 11, 12

*Santos-Zacaria v. Garland*,
  598 U.S. 411 (2023) ................................................................................................... 8

*Slaughter v. White, No. C16-1067-RSM-JPD*,
  2017 WL 7360411 (W.D. Wash. Nov. 2, 2017) ...................................................... 15

*Ubiquity Press Inc. v. Baran, No 8:20-cv-01809-JLS-DFM*,
  2020 WL 8172983 (C.D. Cal. Dec. 20, 2020) ........................................................ 15

*United States v. Arango, CV 09-178 TUC DCB*,
  2015 WL 11120855 (D. Ariz. Jan. 7, 2015) ........................................................... 15

*USA Farm Labor, Inc. v. Su*,
  694 F. Supp. 3d 693 (W.D.N.C. 2023) ................................................................... 15

*Winter v. Nat'l Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ....................................................................................................... 6

**STATUTES**

8 U.S.C. § 1182 ............................................................................................................. 3

8 U.S.C. § 1225 ................................................................... 1, 2, 3, 5, 6, 12, 13, 16

8 U.S.C. § 1226 ......................................................................................................... 3, 4

8 U.S.C. § 1231 ............................................................................................................. 2

**RULES**

LCR 7 ..................................................................................................................... 1, 17

**REGULATIONS**

8 C.F.R. § 236.1 .......................................................................................................... 3, 5

8 C.F.R. § 1003.1 ....................................................................................................... 5, 15

8 C.F.R. § 1003.19 ...................................................................................................... 4-5

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

iv

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

8 C.F.R. § 1003.38 ................................................................................................ 11

8 C.F.R. § 1236.1 .................................................................................................. 4

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY                    v
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1  Pursuant to Local Civil Rule 7(e)(3), Defendants submit this opposition to Named Plaintiff's

2  Motion for Preliminary Injunction (ECF No. 3).

3  **INTRODUCTION**

4  A preliminary injunction is an extraordinary remedy, but this case calls for a more ordinary

5  solution. Plaintiff Ramon Rodriguez Vazquez is an alien who has admittedly lived in the United States

6  for years. In February, he was arrested by immigration officers during an operation run by the Drug

7  Enforcement Agency. An immigration court later held that it lacked jurisdiction to set bond. The

8  Immigration Judge (IJ) reasoned that Plaintiff is an "applicant for admission" as defined by 8 U.S.C.

9  § 1225(a)(1) because he is an "alien present in the United States who has not been admitted." And on

10 that basis, the IJ concluded that the Plaintiff is subject to detention under § 1225 pending his removal

11 proceedings.

12 Plaintiff has appealed the IJ's decision to the Board of Immigration Appeals (BIA). Ordinarily,

13 aliens must exhaust their administrative remedies with the BIA before seeking habeas relief in a district

14 court. Plaintiff provides no good reason to deviate from the rule and compel the extraordinary remedy

15 sought here. This case raises complex legal issues that call for the BIA's subject matter expertise.

16 The BIA, as the appellate body whose judgments are binding in immigration matters, is well-

17 positioned to address Plaintiff's argument that the IJ's decision conflicts with the longstanding practice

18 of immigration courts. If the IJ erred as alleged, the BIA should be allowed to correct that error.

19 That's how the system works and should be allowed to proceed. Plaintiff's motion for a preliminary

20 injunction should be denied.

21

22

23

24 DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

# BACKGROUND

## I.    Statutory and Regulatory Background

Congress has created a multi-layered statutory scheme for the civil detention of aliens pending removal proceedings and removal.  *See, e.g.*, 8 U.S.C. §§ 1225, 1226, 1231.  Where an alien falls within this statutory scheme is determined by the time and circumstances of entry, as well as the stage of the removal process.

### A.  Detention under 8 U.S.C. § 1225

Section 1225 applies to "applicants for admission," who are defined as "alien[s] present in the United States who [have] not been admitted" or "who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Applicants for admission "fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)."  *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

Section 1225(b)(1) applies to arriving aliens and "certain other" aliens "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation."  *Id.*; 8 U.S.C. § 1225(b)(1)(A)(i), (iii).  These aliens are generally subject to expedited removal proceedings.  *See* 8 U.S.C. § 1225(b)(1)(A)(i).  But if the alien "indicates an intention to apply for asylum . . . or a fear of persecution," immigration officers will refer the alien for a credible fear interview.  *Id.* § 1225(b)(1)(A)(ii).  After that interview, an alien "with a credible fear of persecution" is "detained for further consideration of the application for asylum."  *Id.* § 1225(b)(1)(B)(ii).  If the alien does not express a fear, or is "found not to have such a fear," he is detained until removed.  *Id.* § 1225(b)(1)(A)(i), (B)(iii).

Section 1225(b)(2) is "broader" and "serves as a catchall provision."  *Jennings*, 583 U.S. at 287.  It "applies to all applicants for admission not covered by §1225(b)(1)."  *Id.*  Under § 1225(b)(2),

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

an alien "who is an applicant for admission" shall be detained for a removal proceeding "if the examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Still, the Department of Homeland Security (DHS) has the sole discretionary authority to temporarily release on parole "any alien applying for admission to the United States" on a "case-by-case basis for urgent humanitarian reasons or significant public benefit." *Id.* § 1182(d)(5)(A); *see Biden v. Texas*, 597 U.S. 785, 806 (2022).

### B. Detention under 8 U.S.C. § 1226(a)

Section 1226 provides the general detention authority for aliens in removal proceedings. An alien "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a), the government may detain an alien during his removal proceedings, release him on bond, or release him on conditional parole.[1] By regulation, immigration officers can release an alien if the individual demonstrates that he "would not pose a danger to property or persons" and "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). An alien can also request a custody redetermination (often called a bond hearing) by an IJ at any time before a final order of removal is issued. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19.

At a custody redetermination, the IJ may continue detention or release the alien on bond or conditional parole. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Immigration judges have broad discretion in deciding whether to release an alien on bond. *In re Guerra*, 24 I. & N. Dec. 37, 39–40

---

[1] Being "conditionally paroled under the authority of § 1226(a)" is distinct from being "paroled into the United States under the authority of § 1182(d)(5)(A)." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116 (9th Cir. 2007) (holding that because release on "conditional parole" under § 1226(a) is not a parole, the alien was not eligible for adjustment of status under § 1255(a)); *Matter of Castillo-Padilla*, 25 I&N Dec. 257, 259-63 (BIA 2010) (same), *aff'd*, 417 F. App'x 888 (11th Cir. 2011).

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

(BIA 2006).  The IJ should consider the following factors during a custody redetermination: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, time since such activity, and the seriousness of the offense; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape authorities; and (9) the alien's manner of entry to the United States.  *Id.* at 40.  But regardless of these factors, an alien "who presents a danger to persons or property should not be released during the pendency of removal proceedings."  *Id.* at 38.

### C.  Detention under § 1226(c)

Under 8 U.S.C. § 1226(c), immigration officers "must detain certain criminal aliens pending their removal proceedings." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 206 (3d Cir. 2020).  Aliens are "not statutorily entitled to a bond hearing" under § 1226(c).  *Avilez v. Garland*, 69 F.4th 525, 527 (9th Cir. 2023) (en banc).  Congress enacted this mandate because it was "justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers." *Demore v. Kim*, 538 U.S. 510, 513 (2003).  Immigration judges do not have authority to release aliens detained under § 1226(c).  *See* 8 C.F.R. § 1003.19(h)(2)(i)(D) ("[A]n immigration judge may not redetermine conditions of custody imposed by [DHS] with respect to . . . [a]liens in removal proceedings subject to section 236(c)(1) of the Act….").

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

4

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

**D. Review at the Board of Immigration Appeals (BIA)**

The BIA is an appellate body within the Executive Office for Immigration Review (EOIR) "charged with the review of those administrative adjudications under the [INA] that the Attorney General may by regulation assign to it." 8 C.F.R. § 1003.1(d)(1). By regulation, it has authority to review IJ custody determinations. 8 C.F.R. §§ 236.1; 1236.1. The BIA not only resolves particular disputes before it, but also "through precedent decisions, shall provide clear and uniform guidance to DHS, the immigration judges, and the general public on the proper interpretation and administration of the [INA] and its implementing regulations." *Id.* § 1003.1(d)(1).

**II.    Factual and Procedural History**

Plaintiff is an alien who allegedly "has been residing in the United States for years and has not sought admission." ECF No. 3 (Motion) at 9. On February 5, 2025, immigration officers arrested him during a joint operation by the Drug Enforcement Agency. Harrold Decl., Ex. C at 1; *see also* ECF No. 1 (Complaint) at ¶ 77. Plaintiff told officers that he last entered the United States without admission or parole near Nogales, Arizona in June 2009. Harrold Decl., Ex. C at 1. Immigration officers served Plaintiff a Notice to Appear (NTA) for removal proceedings based on his presence in the United States without being admitted or paroled. ECF No. 4-6 (Notice to Appear) at 2.

On March 12, 2025, an IJ conducted a custody redetermination hearing. Harrold Decl., Ex. C at 1; ECF No. 1 at ¶ 80. The IJ concluded there was no jurisdiction to set bond because Plaintiff is an "applicant for admission" under 8 U.S.C. § 1225. Harrold Decl., Ex. C at 1; *see also* ECF No. 1 at ¶ 80. The IJ acknowledged that there is no published "decision squarely on point," but assessed that detention under § 1225 "applies to anyone who meets the definition of an applicant for admission."

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

Harrold Decl., Ex. C at 2, 3.  Plaintiff appealed to the BIA on March 13, 2025.  Harrold Decl., Ex. B.  Both parties have until April 17, 2025 to submit briefs.  Harrold Decl., Ex. D.

One week after filing his appeal to the BIA, Plaintiff filed this lawsuit.  ECF No. 1 (Complaint).  The complaint alleges unlawful denial of bond (Count One) and entitlement to bond hearings (Count Two).  *Id.* at ¶¶ 99–106.  It also alleges delayed adjudication of bond appeals in violation of the Fifth Amendment (Count Three) and Administrative Procedure Act (Count Four).  *Id.* ¶¶ 107–115.  Plaintiff seeks relief for himself and on behalf of a putative class.  *Id.* at 21–22.  Concurrent with filing the complaint, Plaintiff also moved for a preliminary injunction only as to himself and class certification.  *See* ECF Nos. 2 (Class Certification) and 3 (Preliminary Injunction); *see also Garland v. Aleman Gonzalez*, 596 U.S. 543, 546 (2022) (holding 8 U.S.C. § 1252(f) deprived district courts of jurisdiction to entertain class-wide injunctive relief to immigration detainees seeking bond hearings under § 1231(a)(6)).

## STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is "never awarded as of right."  *Id.* at 24.  The moving party must establish: (1) a likelihood of success on the merits, (2) irreparable harm, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest.  *Id.* at 20.  When the nonmovant is the government, the last two factors "merge."  *Baird v. Bonta*, 81 F. 4th 1036, 1040 (9th Cir. 2023).

The Ninth Circuit employs a "sliding scale" approach to the four factors.  *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008).  If the moving party raises "serious questions" going to the merits, the balance

DEFENDANTS' OPPOSITION TO NAMED PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

6

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

of hardships must "tip sharply" in his favor to secure a preliminary injunction. *Id.* Even under the sliding scale approach, the moving party must still show a likelihood of irreparable harm and that the injunction is in the public interest. *Id.* at 1125.

## ARGUMENT

### I. Plaintiff's habeas petition is unlikely to succeed on the merits because he has not exhausted his administrative remedies.

When an alien fails to exhaust appellate review at the BIA, courts should "ordinarily" dismiss the habeas petition without prejudice or stay proceedings until he exhausts his appeals. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Bypassing review at the BIA is "improper." *Id.* The Ninth Circuit identifies three reasons to require exhaustion before entertaining a habeas petition. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). First, the agency's "expertise" makes its "consideration necessary to generate a proper record and reach a proper decision." *Id.* (quoting *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Second, excusing exhaustion encourages "the deliberate bypass of the administrative scheme." *Id.* (quoting *Noriega–Lopez*, 335 F.3d at 881). And third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quoting *Noriega–Lopez*, 335 F.3d at 881). Each reason applies here. *See Puga*, 488 F.3d at 815.

### A. Exhaustion is warranted because agency expertise is needed, excusal will only encourage other detainees to bypass administrative remedies, and appellate review at the BIA may preclude the need for judicial intervention.

Plaintiff has not brought the Court a routine matter of statutory interpretation. *See* ECF No. 3 at 15. Quite the opposite. He relies on an administrative agency's "record and longstanding practice" to support a claim that detention under § 1226(a) applies. *Id.* at 15–26. Yet at the same time, Plaintiff

DEFENDANTS' OPPOSITION TO NAMED PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1    seeks to bypass administrative review. *See id.* Before addressing how an agency's "longstanding

2    practice" affects the statutory analysis, the Court would likely benefit from the BIA's expertise. *See*

3    *Puga*, 488 F.3d at 815. After all, "the BIA is the subject-matter expert in immigration bond decisions."

4    *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019). The BIA

5    is well-positioned to assess how agency practice affects the interplay between 8 U.S.C. §§ 1225 and

6    1226. *See Delgado v. Sessions*, No. C17-1031-RSL-JPD, 2017 WL 4776340, at *2 (W.D. Wash. Sept.

7    15, 2017) (noting a denial of bond to an immigration detainee was "a question well suited for agency

8    expertise"); *Matter of M-S-*, 27 I&N Dec. 509, 515-18 (2019) (addressing interplay of §§ 1225(b)(1)

9    and 1226).

10       Waiving exhaustion would also "encourage other detainees to bypass the BIA and directly

11   appeal their no-bond determinations from the IJ to federal district court." *Aden*, 2019 WL 5802013,

12   at *2. Like the habeas petitioner in *Aden*, Plaintiff's case does not appear to be "atypical." *See id.* In

13   fact, he notes other cases in which detainees appealed to the BIA for relief on the same issue. *See* ECF

14   Nos. 4-1 and 4-2. Judicial intervention may stop the flow from immigration courts to the BIA and

15   redirect it—prematurely—to federal courts. *See Aden*, 2019 WL 5802013, at *2. That will deprive

16   the BIA an opportunity to issue the published decision that Plaintiff seeks. *See* ECF No. 4-3 (Joint

17   Mot. to Publish Decision). And it would increase the burden on district courts. *See Bd. of Tr. of*

18   *Constr. Laborers' Pension Trust for S. Calif. v. M.M. Sundt Constr. Co.*, 37 F.3d 1419, 1420 (9th Cir.

19   1994) ("Judicial economy is an important purpose of exhaustion requirements."); *see also Santos-*

20   *Zacaria v. Garland*, 598 U.S. 411, 418 (2023) (noting "exhaustion promotes efficiency"). If the IJ

21   erred as alleged, the Court should allow the administrative process to correct itself. *See id.*

22

23

24
     PLAINTIFF'S MOTION FOR PRELIMINARY                    8
     INJUNCTION
     [CASE NO. 3:25-CV-05240-TMC]

     U.S. DEPARTMENT OF JUSTICE
     CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
     P.O. BOX 878, BEN FRANKLIN STATION
     WASHINGTON, D.C. 20044
     (202) 742-7118

The two cases cited by Plaintiff that involve appeals of bond denials to the BIA (ECF Nos. 4-1 and 4-2) also bear on the third exhaustion factor.  *See Puga*, 488 F.3d at 815.  The BIA sustained the appeals in each case—the result Plaintiff seeks before this Court.  *See* ECF No. 4-1 at 4; ECF No. 4-2 at 2–3.  If the Court requires exhaustion, the same result may occur here.  Appellate review at the BIA "may provide Petitioner with the relief sought in this proceeding and eliminate the need for any judicial review."  *Chavez v. ICE*, No. C23-1631-JNW-SKV, 2024 WL 1661159, at *3 (W.D. Wash. Jan. 25, 2024); *see also Reyes v. Wolf*, No. C20-0377JLR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) ("The BIA is capable of correcting the error that [Plaintiff] alleges in her bond hearing.").  Simply put, it would be prudent to allow the BIA an opportunity to address Plaintiff's argument.  *See, e.g.*, *Chavez*, 2024 WL 1661159, at *3.

### B.  Plaintiff's reasons to waive exhaustion would swallow the rule.

#### 1.  *Detention alone is not an irreparable injury.*

Discretion to waive exhaustion "is not unfettered."  *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004).  Plaintiff "bears the burden" to show that an exception to the exhaustion requirement applies.  *Meneses v. Jennings*, No. 21-cv-07193-JD, 2021 WL 4804293, at *5 (N.D. Cal. Oct. 14, 2021), *abrogated on other grounds by Doe v. Garland*, 109 F.4th 1188, 1192 n.4 (9th Cir. 2024); *see also Aden*, 2019 WL 5802013, at *3.  The Court should reject his claim that detention alone creates irreparable harm.  ECF No. 3 at 22–23.  If that were the case, "all immigration habeas petitioners could raise the same argument."  *Delgado*, 2017 WL 4776340, at *2.  Adopting Plaintiff's rationale "would essentially mandate the release of all detainees while their appeals were pending, and thereby stand the exhaustion requirement on its head."  *Meneses*, 2021 WL 4804293, at *5; *see also Bogle v. DuBois*, 236 F. Supp. 3d 820, 823 n. 6 (S.D.N.Y. 2017) (noting that "continued detention . . . is insufficient to

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

9

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

qualify as irreparable injury justifying non-exhaustion") (quotation marks omitted)).    Plaintiff "provides no binding authority suggesting that civil detention after the denial of a bond hearing constitutes irreparable harm such that prudential exhaustion should be waived." *Reyes*, 2021 WL 662659, at *3; *see also Aden*, 2019 WL 5802013, at *3 (Plaintiff "cites no authority for the position that detention following a bond hearing constitutes irreparable harm sufficient to waive the exhaustion requirement.").

Plaintiff "has not carried his burden in demonstrating that prudential exhaustion has been waived." *Aden*, 2019 WL 5802013, at *3.  His generalized complaints of separation from children and "subpar medical and psychiatric care" are insufficient. *See* ECF No. 3 at 23.  To be sure, Plaintiff's desire to return home is understandable.  But his "children are already adults." ECF No. 9 (Decl. of Plaintiff) at ¶ 4; *cf. Oretega-Randel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) (finding irreparable injury for a detainee who was "the primary caregiver for her 9-year old child").  And the health concerns noted in his declaration appear to be resolved as Plaintiff does not allege that he is not currently receiving medications. *See* ECF No. 9 at ¶ 10.  If this qualifies as irreparable harm, then the exception would swallow the rule. *See, e.g.*, *Delgado*, 2017 4776340, at *2.

Plaintiff's argument also "begs the question of whether he has suffered a constitutional deprivation." *Meneses*, 2021 WL 4804293, at *5.  Plaintiff "simply assumes a deprivation to assert the resulting harm.  That will not do." *Id.* at *5.  Federal courts are "not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998.

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

10

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

2.    *Plaintiff has not established that appellate review at the BIA would be inadequate or futile.*

Aside from irreparable harm, exhaustion can be excused only on a showing that review at the BIA is "inadequate or not efficacious" or "would be a futile gesture." *Laing*, 370 F.3d at 1000. Plaintiff's evidence undercuts that claim. *See, e.g.*, ECF Nos. 4-1, 4-2. As Plaintiff noted, the BIA has twice granted the same relief that Plaintiff seeks here. *See id.* Surely, those individuals would not agree that appealing to the BIA was "a futile gesture." *See Laing*, 370 F.3d at 1000. Contrary to Plaintiff's argument, "[t]he BIA is capable of correcting the error that [he] alleges occurred in [his] bond hearing." *Reyes*, 2021 WL 662659, at *3.

Nor has there been a delay in Plaintiff's case at the BIA to justify excusal of exhaustion. *See* ECF No. 3 at 23. The case law Plaintiff cites does not support disregarding the exhaustion requirement. *See id.* at 26. In *Perez*, the habeas petitioner had "been detained for over two years." *Perez v. Wolf*, 445 F. Supp. 3d 275, 286 (N.D. Cal. 2020). And the IJ had already considered bond twice before the district court intervened. *Id.* Likewise, in *Montoya Echeverria* the petitioner was detained for over eight months before seeking habeas relief. *See Montoya Echeverria v. Barr*, No. 20-cv-02917-JSC, 2020 WL 2759731, at *1–2 (N.D. Cal. May 27, 2020).

In contrast, Plaintiff was detained on February 5, 2025. Harrold Decl., Ex. C at 1. The IJ denied bond on March 12, 2025. Harrold Decl., Ex. A at 2. The following day, Plaintiff appealed to the BIA. Harrold Decl., Ex. B. That appeal has been pending for barely a month. The BIA has moved quickly in issuing a briefing schedule, with the parties' briefs due on April 17, 2025. Harrold Decl., Ex. D at 1. If waiting one month renders BIA review "not efficacious," then the exhaustion requirement becomes meaningless. *See, e.g.*, *Delgado*, 2017 WL 4776340, at *2 (holding excusal was unwarranted where "all immigration habeas petitioners could raise the same argument."); *cf.* 8 C.F.R.

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

11

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

§ 1003.38 (granting the parties 30 days to file an appeal of an IJ's decision).  Granted, exhaustion "will take time," but "that is true in every case and does not, by itself, warrant a waiver of the exhaustion requirement." *Martinez v. Murray*, No. 19-cv-04632-SVK, 2019 WL 13204225, at *4 (N.D. Cal. Nov. 12, 2019).

Excusing exhaustion in this situation would also conflict with precedent from this district.  In *Reyes*, the court rejected the claim that "the indefinite timeframe of the BIA's review" constituted irreparable harm.  *Reyes*, 2021 WL 662659, at *3.  Although the petitioner's BIA appeal in *Reyes* had been pending for around 45 days, she had been detained for over two years.  *Id.* at *1.  Similarly, in *Chavez*, the petitioner had been detained for a year when the court dismissed for failing to exhaust his claim.  *Chavez*, 2034 WL 1661159, at *1, *3.  And in *Delgado*, the petitioner had been detained for around four months and appealed the IJ's custody redetermination to the BIA.  *Delgado*, 2017 WL 4776340, at *1.  The court believed the situation called "for agency expertise" and was "not persuaded" by "petitioner's claim of irreparable injury due to continued detention."  *Id.* at *2.  The Court should take a similar approach here.

### C. The BIA's expertise in this area will help the Court determine Plaintiff's likelihood of success on the merits.

Under 8 U.S.C. § 1225(a)(1), an "applicant for admission" is defined as an alien "present in the United States who has not been admitted or who arrives in the United States."  Applicants for admission "fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings*, 583 U.S. at 287.  Section 1225(b)(1) applies to certain aliens who are "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation," i.e., processed for expedited removal.  8 U.S.C. § 1225(b)(1)(A)(i); *Jennings*, 583 U.S. at 287.  But § 1225(b)(2)—the relevant provision here—is "broader." *Jennings*, 583 U.S. at 287.

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

12

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1  It "serves as a catchall provision that applies to all applicants for admission not covered by
2  § 1225(b)(1) (with specific exceptions not relevant here)."

3      On the face of the statute, Plaintiff satisfies the definition of an "applicant for admission"
4  because he is an "alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1).
5  As he concedes in the Motion, he "has been residing in the United States for years and has not sought
6  admission." ECF No. 3 at 9. The IJ concluded that he lacked the statutory authority "to redetermine
7  bond for inadmissible aliens who are 'applicants for admission' under [8 U.S.C. § 1225], such as
8  [Plaintiff]." Harrold Decl., Ex. C at 2. Any ambiguity in the statute that may place Plaintiff's detention
9  authority outside of § 1225 should be determined first by the BIA.

10      Another court in this district recently took a cautious approach when considering the same
11  issue. In *Maldonado v. Bostock*, the alien was detained under § 1226(a) after being issued a Notice to
12  Appear. *See* No. 2:23-cv-00760-LK-BAT, 2023 WL 5804021, at *2 (W.D. Wash. Aug. 8, 2023).
13  Like this case, the IJ ruled that she lacked jurisdiction to set bond because the alien was an "applicant
14  for admission" as defined by § 1225(a)(1). *Id.* The parties agreed that the IJ should have granted bond
15  because the government has discretion "to detain a noncitizen under Section 1226(a) by issuing an
16  NTA and arrest warrant." *Id.* at *3. But the court was not entirely convinced. *Id.* at *2–4. The court
17  ordered supplemental briefing on the issue, but the case resolved before the supplemental briefing
18  happened. *Id.*

19      The court's actions in *Maldonado* reinforces the need to require exhaustion. Caution is
20  warranted on a complex issue like this one. The BIA is "the subject-matter expert" in this area of the
21  law. *Aden*, 2019 WL 5802013, at *2. Defendants ask that the BIA be allowed to provide that expertise
22  in this case before this Court reviews Plaintiff's claims. *See id.*

23

24  DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY     13
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

**II.     Plaintiff has not established irreparable harm because he has an adequate remedy in appealing to the BIA.**

Irreparable harm in the context of injunctive relief "is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Az. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). To be sure, deprivation of constitutional rights can constitute irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). But Plaintiff seeks injunctive relief based on alleged statutory—*not* constitutional—violations.[2] *See* ECF No. 3 at 9–16, 17. And even assuming Plaintiff is correct on the merits, he has an adequate remedy. *See Az. Dream Act Coal.*, 757 F.3d at 1068. Plaintiff can obtain relief at the BIA. *See Holland v. Rosen*, 277 F. Supp. 3d 707, 748 (D.N.J. 2017) ("A federal court injunction is not a necessary remedy where the prospect of a state remedy is available.").

Plaintiff's detention therefore fails to constitute an irreparable harm. *See Hernandez*, 872 F.3d at 994. His generalized complaints of family separation and inadequate medical care are not enough to warrant injunctive relief. ECF No. 3 at 16–20. Because his alleged harm "is essentially inherent in detention, the Court cannot weigh this strongly in favor of" Plaintiff. *Lopez Reyes v. Bonnar*, No 18-cv-07429-SK, 2018 WL 747861 at *10 (N.D. Cal. Dec. 24, 2018). The Court should deny the motion for a preliminary injunction.

**III.     The Government has a compelling interest in allowing the BIA to speak on the issue.**

Where, as here, the moving party only raises "serious questions going to the merits," the balance of hardships must "tip sharply" in his favor. *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

---

[2] While Count III raises a constitutional claim, that relates to the claims involving alleged delays in adjudications of appeals to the BIA. Compl. ¶¶ 107-10. This claim is not the subject of Plaintiff's motion. *See* ECF No. 3 at 22 n.6.

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

14

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1    Plaintiff fails to do so here.  *See id.*  The government has a compelling interest in the steady

2    enforcement of its immigration laws.  *See Miranda v. Garland*, 34 F.4th 338, 365–66 (4th Cir. 2022)

3    (vacating an injunction that required a "broad change" in immigration bond procedure); *Ubiquity Press*

4    *Inc. v. Baran*, No 8:20-cv-01809-JLS-DFM, 2020 WL 8172983, at *4 (C.D. Cal. Dec. 20, 2020) ("the

5    public interest in the United States' enforcement of its immigration laws is high"); *United States v.*

6    *Arango*, CV 09-178 TUC DCB, 2015 WL 11120855, at 2 (D. Ariz. Jan. 7, 2015) ("the Government's

7    interest in enforcing immigration laws is enormous.").  Judicial intervention would only disrupt the

8    status quo.  *See, e.g.*, *Slaughter v. White*, No. C16-1067-RSM-JPD, 2017 WL 7360411, at * 2 (W.D.

9    Wash. Nov. 2, 2017) ("[T]he purpose of a preliminary injunction is to preserve the status quo pending

10   a determination on the merits.").  The Court should avoid a path that "inject[s] a degree of uncertainty"

11   in the process.  *USA Farm Labor, Inc. v. Su*, 694 F. Supp. 3d 693, 714 (W.D.N.C. 2023).  The BIA

12   exists to resolve disputes like this.  *See* 8 C.F.R. § 1003.1(d)(1).  By regulation it must "provide clear

13   and uniform guidance" "through precedent decisions" to "DHS [and] immigration judges."  *Id.*

14   Defendants ask that the Court allow the established process to continue without disruption.

15       The BIA also has an "institutional interest" to protect its "administrative agency authority."

16   *See McCarthy v. Madigan*, 503 U.S. 140, 145, 146 (1992) *superseded by statute as recognized in*

17   *Porter v. Nussle*, 534 U.S. 516 (2002).  "Exhaustion is generally required as a matter of preventing

18   premature interference with agency processes, so that the agency may function efficiently and so that

19   it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of

20   its experience and expertise, and to compile a record which is adequate for judicial review." *Global*

21   *Rescue Jets, LLC v. Kaiser Foundation Health Plan, Inc.*, 30 F.4th 905, 913 (9th Cir. 2022) (quoting

22   *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).  Indeed, "agencies, not the courts, ought to have

23

24   DEFENDANTS' OPPOSITION TO NAMED          U.S. DEPARTMENT OF JUSTICE
     PLAINTIFF'S MOTION FOR PRELIMINARY    15   CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
     INJUNCTION                              P.O. BOX 878, BEN FRANKLIN STATION
     [CASE NO. 3:25-CV-05240-TMC]            WASHINGTON, D.C. 20044
                                             (202) 742-7118

1  primary responsibility for the programs that Congress has charged them to administer." *McCarthy*,

2  503 U.S. at 145.  Plaintiff raises claims surrounding the "longstanding and consistent interpretation"

3  of §§ 1225 and 1226.  *See* ECF No. 3 at 15.  He even faults the BIA for not publishing its decision in

4  a similar case.  *Id.* at 7.  The Court should allow the BIA the opportunity to weigh in on these issues

5  he raises on appeal—which are the same issues raised in this action.  *See id.*  The Court should deny

6  the preliminary injunction.

7                                    **CONCLUSION**

8          For the foregoing reasons, the Court should deny Plaintiffs' motion for preliminary injunction.

9

10  DATED this 14th day of April, 2025.

11                                        Respectfully submitted,

12                                        YAAKOV M. ROTH
                                          Acting Assistant Attorney General

13                                        SAMUEL GO
                                          Assistant Director

14

15                                        VICTOR M. MERCADO-SANTANA
                                          Senior Litigation Counsel

16                                        IAN S. LAM
                                          Trial Attorney

17

18                      By:    */s/ Michael D. Ross*
                                          MICHAEL D. ROSS
                                          Trial Attorney

19                                        Bar No. 73986 (South Carolina)
                                          U.S. Department of Justice

20                                        Office of Immigration Litigation
                                          General Litigation & Appeals Section

21                                        Washington, DC 20044
                                          Phone: 202-742-7118

22                                        Email: michael.d.ross@usdoj.gov

23

24  DEFENDANTS' OPPOSITION TO NAMED              U.S. DEPARTMENT OF JUSTICE
    PLAINTIFF'S MOTION FOR PRELIMINARY    16    CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
    INJUNCTION                                   P.O. BOX 878, BEN FRANKLIN STATION
    [CASE NO. 3:25-CV-05240-TMC]                 WASHINGTON, D.C. 20044
                                                 (202) 742-7118

1

*Attorneys for Defendants*

2

3     I certify that this memorandum contains 4,818 words, in
compliance with the Local Civil Rule 7(e).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24     DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR PRELIMINARY          17
INJUNCTION
[CASE NO. 3:25-CV-05240-TMC]

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118