**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| Ramon RODRIGUEZ VAZQUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Drew BOSTOCK, Seattle Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement (ICE); et al., <br><br> Defendants. | **DECLARATION OF JESSICA HARROLD IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION FOR PRELIMINARY INJUCTION** |

I, Jessica Harrold, hereby declare as follows:

1.      I am employed as a Paralegal Specialist by the U.S. Department of Justice, Executive Office for Immigration Review (EOIR).  In this role, my duties include, among other things, reviewing records of proceedings (ROPs) and EOIR electronic database records for the purposes of confirming case procedural history.

2.      Attached as Exhibit A is a true and correct copy of the form bond order issued and signed by Immigration Judge John C. Odell for Named Plaintiff Ramon Rodriguez Vazquez dated March 12, 2025.

3.      Attached as Exhibit B is a true and correct copy of the Named Plaintiff Ramon Rodriguez Vazquez's appeal of the Immigration Judge's bond decision (Form EOIR-26), filed with the Board of Immigration Appeals on March 13, 2025.

4.      Attached as Exhibit C is a true and correct copy of the Amended Bond Memorandum for Named Plaintiff Ramon Rodriguez Vazquez issued and signed by Immigration Judge John C. Odell, dated March 27, 2025.

5.     Attached as Exhibit D is a true and correct copy of the appeal briefing schedule for Named Plaintiff Ramon Rodriguez Vazquez issued by the Board of Immigration Appeals, dated March 27, 2025.


I declare, under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, belief, and reasonable inquiry.


DATED:  April 14, 2025

JESSICA
HARROLD

Digitally signed by
JESSICA HARROLD
Date: 2025.04.14
08:40:19 -04'00'

**Jessica Harrold**
Paralegal Specialist
Department of Justice
Executive Office for Immigration Review

# EXHIBIT A



# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### TACOMA IMMIGRATION COURT

Respondent Name:

RODRIGUEZ VAZQUEZ, RAMON

To:

LUNA II, MENELEO JOSE ARIAS
6700 SW 105th Ave.,
Suite 315
Beaverton, OR 97008

A-Number:

████████

Riders:
In Custody Redetermination Proceedings

Date:
03/12/2025

## ORDER OF THE IMMIGRATION JUDGE

CUSTODY ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Immigration and Customs Enforcement and the respondent, it is HEREBY ORDERED that:

### Order:

[ ] No Action: withdrawn by party without prejudice.

[X] ORDERED No Jurisdiction:
   [ ] Arriving Alien.
   [X] Mandatory Detention under 235(b)(2)(A)
   [ ] Mandatory Detention under 236(c).
   [ ] Reinstated Order of Removal / Final Order of Removal
   [ ] Withholding Only Proceedings
   [ ] Does not meet the 180 day requirement.

[ ] ORDERED that the request for a change in custody status be denied.
Bond to remain at $_____ OR REMAINS AT NO BOND.

[ ] ORDERED that the request be granted and that respondent be
released from custody under bond of $_____.

[ ] Danger to Community / Flight Risk.

[ ] OTHER: Conditional release is: granted / denied / was not requested / any conditions set by ICE/DHS.

[ ] OTHER: Ability to pay considered.

[ ] OTHER: By agreement of parties.

Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Appeal Packet [ ] Other

Immigration Judge: ODELL, JOHN 03/12/2025

Appeal:     Department of Homeland Security: ☑ waived    ☐ reserved
            Respondent:                      ☐ waived    ☑ reserved
Appeal Due: 04/11/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : RODRIGUEZ VAZQUEZ, RAMON | A-Number :
Riders:
Date: 03/12/2025 By: NDLT, Court Staff

# EXHIBIT B

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an
Immigration Judge**

## GENERAL INSTRUCTIONS
### (Please read carefully before completing and filing Form EOIR-26)

### A. When to Appeal:

- Use this form (Form EOIR-**26**) only to appeal a decision by an **Immigration Judge**. If you wish to appeal a decision of the U.S. Citizenship and Immigration Services (USCIS), you must use a different form (Form EOIR-**29**).

- Do not use this form (Form EOIR-26) to appeal the following Immigration Judge determinations:

  | | |
  |---|---|
  | Reasonable fear | 8 C.F.R. § 1208.31(g)(1) |
  | Credible fear | 8 C.F.R. § 1208.30(g)(2)(iv)(A) |
  | Claimed status review | 8 C.F.R. § 1235.3(b)(5)(iv) |

  The Board does not have the authority to review such determinations. For additional information regarding the Board's review authority, please see the Board of Immigration Appeals Practice Manual, which is available on the EOIR website at www.justice.gov/eoir.

- You must send the Notice of Appeal so that it is **received** by the Board within thirty (30) calendar days after the Immigration Judge's oral decision, or within thirty (30) calendar days after the date the Immigration Judge's written decision was mailed (if no oral decision was rendered).

- Simply mailing your Notice of Appeal in thirty (30) days or less is not enough. Your Notice of Appeal must **arrive** at the Board in thirty (30) days or less. If your Notice of Appeal arrives late, your appeal will be dismissed.

### B. Where to Appeal:

| | |
|---|---|
| *Mail or deliver in person to this address:* | Board of Immigration Appeals<br>Clerk's Office<br>5107 Leesburg Pike, Suite 2000<br>Falls Church, VA 22041 |

**Note: DHS, attorneys, and accredited representatives must electronically file their appeal in cases eligible for electronic filing through ECAS, available at https://www.justice.gov/eoir/ECAS.**

### C. How to Appeal:

- Read all of these instructions. **Note:** If you are the person in proceedings, you are the "Respondent" or Applicant." You are also the "Appellant" if you are filing an appeal of a decision by an Immigration Judge.

- Fill out all three pages of the Notice of Appeal completely, answering items # 1 - 13 **in English only**.

- List in item # 1 the name(s) and Alien Number(s) ("A" numbers) of **all** Respondents/Applicants who are appealing the decision of the Immigration Judge.

- Sign item # 11.

- List the mailing address of the Respondent(s)/Applicant(s) in item # 12.

- Translate all documents that you attach to the Notice of Appeal into English. All translations must include the translator's statement stating that the translator is competent and that the translation is true and accurate.

EOIR 1 of 7

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

- Write your name(s) and "A" Number(s) on all documents attached to the Notice of Appeal.

- Complete and, if applicable, sign the "Proof of Service" to show you did this (item # 13). Note: If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of the U.S. Immigration and Customs Enforcement (ICE) of the Department of Homeland Security (DHS).

- Your appeal may be rejected or dismissed if you fail to properly complete the "Proof of Service" (item # 13).

- Mail or give a copy of the completed Notice of Appeal and any attached documents to the opposing party, if applicable. Electronic filers are not required to serve the opposing party if the opposing party is participating in ECAS. EOIR's ECAS system will provide an electronic service notification to participating parties.

## D. Paying for the Appeal:

Attach the EOIR fee payment receipt or a check or money order to the Notice of Appeal for exactly one hundred and ten dollars (U.S. $110) made payable to "United States Department of Justice." If paying using the EOIR Payment Portal, you must provide proof of payment by printing and attaching the EOIR fee payment receipt to your appeal. All checks or money orders must be drawn on a bank located in the United States and must be payable in U.S. currency. If there are not sufficient funds in your account, or your electronic payment is declined, your appeal may be dismissed.

- EOIR Payment Portal may be accessed at the following web address: https://ePay.eoir.justice.gov. On the EOIR Payment Portal webpage, you will need to enter the A number associated with the Immigration Judge decision you are appealing, and select the appeal type - this information will be printed on your receipt once payment is complete. You will be redirected to the U.S. Treasury Pay.gov website to complete payment. Upon completion of your transaction, you will be directed back to the EOIR Payment Portal webpage to print your EOIR fee payment receipt. You must submit your EOIR fee payment receipt with your appeal form.

- Write the name(s) and "A" Number(s) of all Respondent(s)/Applicant(s) on the check or money order.

- Notice to Those Making Payment by Check. If you send us a check, the Board will convert it into an electronic funds transfer (EFT). This means we will copy your check and use the account information on it to electronically debit your account for the amount of the check. The debit from your account usually occurs within 24 hours of the deposit and your bank will show it on your regular account statement. You will not receive your original check back. We will destroy your original check, but will keep a copy of it. If the Board cannot process the EFT for technical reasons, you authorize us to process the copy in place of your original check. If you check is returned as unpayable, the appeal will be dismissed as improperly filed. If you cannot pay for the appeal, complete a Fee Waiver Request (Form EOIR-26A) and attach it to the Notice of Appeal. The Board will review your request and decide whether to allow the appeal without payment of the fee.

- Your appeal may be rejected or dismissed if you fail to submit a fee payment receipt, fee, or a properly completed Fee Waiver Request (Form EOIR-26A).

## E. Lawyer or Representative Allowed:

You may be represented by an attorney or representative who is authorized to appear before the EOIR. If you are represented by an attorney or authorized representative, he or she must file, with the Notice of Appeal, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

- **Information for Unrepresented Respondents:** the BIA Pro Bono Project ("Project") is a program available to individuals who do not have an attorney or representative to represent them on appeal before the Board. The Project is managed by EOIR's Office of Legal Access Programs and operated by a contract organization that screens cases for placement with an attorney or accredited representative at no cost to the individual. If you would like your case to be considered for placement through the Project, please indicate in item # 9 that you consent to have your case screened by the Project for potential placement with an attorney or representative; this includes sharing a summary of your case with potential attorneys and representatives via email. The summary will not contain any personally identifying information about you. There is no guarantee that your case will be accepted for placement or that an attorney or representative will accept your case for representation. For more information about the Project go to **https://www.justice.gov/eoir/bia-pro-bono-project**.

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

## F. Specify Reasons for the Appeal:

- Give specific details why you disagree with the Immigration Judge's decision.
- Most appeals are reviewed by a single Board Member. If you assert that your appeal warrants review by a three-Board Member panel, you may identify the specific factual or legal basis for your contention.

- Cases will be reviewed by a three-member panel only if the case presents one of these circumstances:
    - The need to settle inconsistencies among the rulings of different Immigration Judges;
    - The need to establish a precedent construing the meaning of laws, regulations, or procedures;
    - The need to review a decision by an Immigration Judge that is not in conformity with the law or with applicable precedents;
    - The need to resolve a case or controversy of major national import;
    - The need to review a clearly erroneous factual determination by an Immigration Judge; or
    - The need to reverse the decision of an Immigration Judge other than a reversal under 8 C.F.R.§ 1003.1(e)(5)(i.e., permitting a single Board Member to reverse a decision that has been affected by changes in statutes, regulations or caselaw.)

- Specify the finding(s) of fact, the conclusion(s) of law, or both, that you are challenging. If a question of law is presented, cite supporting legal authority. If the dispute is over the findings of fact, identify the specific facts you are challenging.

- Where the appeal concerns discretionary relief, state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion. Identify the specific factual and legal findings you are challenging.

- If you do not give specific reasons, with details, in item # 6, or in attachments to your Notice of Appeal, the Board may dismiss your appeal on that basis alone.

## G. Briefs:

- Indicate in item # 8 whether you intend to file an additional written brief or statement at a later date. The Board will send you a briefing schedule and, when appropriate, a transcript of the testimony.

- Even if you intend to file an additional brief or statement at a later date, you still must give detailed reasons for your appeal on the Notice of Appeal in item # 6 and attachments.

## H. Oral Argument:

- If you ask for oral argument in item # 7, the Board will notify you if your request is granted.

- Even if you ask for oral argument, you still must give detailed reasons for your appeal on the Notice of Appeal in item #6 and attachments.

- The Board ordinarily will not grant a request for oral argument unless you also file a brief.

- If you request oral argument, you should also state in item # 6 why you believe your case warrants review by a three-member panel.

## I. Change of Address:

- If you move after sending your Notice of Appeal to the Board, you must give your new address **to the Board** within five (5) working days after you move. Use an alien's Change of Address Form (Form EOIR-33/BIA).

- Attorneys or representatives must also let the Board know if they change addresses or phone numbers, using Form EOIR-27. An attorney's or representative's change of address notification is only effective for the case in which it is submitted.

## J. Further Information:

- For further guidance please see the Board of Immigration Appeals *Practice Manual,* which is available on the EOIR website at www.justice.gov/eoir.

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

EOIR 3 of 7

## K: Paperwork Reduction Act:

- Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is thirty (30) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

## L. Privacy Act Notice:

- The information on this form is authorized by 8 C.F.R. §§ 1003.3, 1003.38 in order to appeal a decision of an Immigration Judge to the Board of Immigration Appeals. The information you provide is required to appeal the decision and failure to provide the requested information may result in denial of your request. EOIR may share this information with others in accordance with approved routine uses described in EOIR systems of records notice (SORN) Department of Justice/EOIR-001, Records and Management Information System, 69 FR 26178 (May 11, 2004) and 82 FR 24147 (May 25, 2017).

- If paying by check, EOIR is authorized by 5 U.S.C. § 552a(e)(3) to solicit and collect the information from your check, and to share this information with others in accordance with the approved routine uses described in system of records notice (SORN) Treasury/FMS.017, Collections Record-Treasury/Financial Management Services, 70 FR 34522;34532-33 (June 14, 2005)

## Departure From the United States:

If you leave the United States after an Immigration Judge's decision in removal or dcpo11ation proceedings, but before you appeal the decision to the Board, you may have waived your right to appeal. If you leave the United States after filing an appeal with the Board, but before the Board decides your appeal, your appeal may be withdrawn and the immigration Judge's decision put into effect as if you had never filed an appeal.

## Summary Dismissal of Appeal:

The Board may summarily dismiss any appeal orponion of any appeal in which: ( 1) The appellant fails to specify the reasons for the appeal (see Part F); (2) The only reason specified by the appellant for his/her appeal involves a finding of fact or conclusion of law that was conceded by him/her at a prior proceeding; (3) The appeal is from an order that granted the appellant the relief that had been requested; (4) The appeal is filed for an improper purpose, such as unnecessarily delay, or lacks an arguable basis in fact or law, unless the Board determines that it is supported by a good faith argument for extension, modification, or reversal of existing law; (5) The appellant indicates on Form EOIR-26 that he/she will file a separate brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his/her failure to do so, within the time set for filing (see Part G); (6) The appeal docs not fall within the Board's jurisdiction or jurisdiction lies with the Immigration Judge rather than the Board; (7) The appeal is untimely or barred by an affirmative waiver of the right to appeal that is clear on the record; or (8) The appeal fails to meet essential statutory or regulatory requirements or is expressly excluded by statute or regulation.

## WARNING! You must:

- Sign the Notice of Appeal (item # 11).
- Include the fee payment receipt, fee, or Fee Waiver Request (Form EOIR-26A).
- Complete and sign the Proof of Service.
- Make sure your appeal is **received** at the Board on or before the filing due date.

EOIR 4 of 7

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002

**Notice of Appeal from a Decision of an Immigration Judge**

<div style="vertical-align: middle">Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.</div>

**1.**

List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

Rodriguez Vazquez, Ramon - A # ██████████

For Official Use Only

⚠ **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.**  I am  ☑ the Respondent/Applicant    ☐ DHS-ICE *(Mark only one box.)*

**3.**  I am  ☑ DETAINED    ☐ NOT DETAINED *(Mark only one box.)*

**4.**  My last hearing was at Northwest ICE Processing Center in Tacoma, WA _____ *(Location, City, State)*

**5.**  **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☐ I am filing an appeal from the Immigration Judge's decision *in* **merits** *proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated_____.

☑ I am filing an appeal from the Immigration Judge's decision *in* **bond** *proceedings* dated
3/12/2025_____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? ☐ Yes. ☐ No.)

☐ I am filing an appeal from the Immigration Judge's decision **denying a motion to reopen or a motion to reconsider** dated_____.

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

EOIR 5 of 7

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

**6.**

> **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**
>
> The Immigration Judge improperly found that I am subjected to mandatory detention under INA 255(b)(2). The Department of Homeland Security (DHS) alleged that I am removable because I entered the United States without inspection under INA 212(a)(6)(i). The IJ's interpretation holding that I am subject to mandatory detention violates the statutory scheme laid out in INA 236. Because a number of immigration judges in Tacoma have been making these erroneous interpretations of the law since the end of 2022, I believe that this appeal warrants the review and revision of a three-member panel.
>
> *(Attach additional sheets if necessary)*

> **!  WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

**7.** Do you desire oral argument before the Board of Immigration Appeals? [✓] Yes [ ] No

**8.** Do you intend to file a separate written brief or statement after filing this Notice of Appeal? [✓] Yes [ ] No

**9.** If you are unrepresented, do you give consent to the BIA Pro Bono Project to have your case screened by the Project for potential placement with a free attorney or accredited representative, which may include sharing a summary of your case with potential attorneys and accredited representatives? *(There is no guarantee that your case will be accepted for placement or that an attorney or accredited representative will accept your case for representation)* [ ] Yes [ ] No

> **!  WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.
>
> If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

**10.** | **Print Name:** | Ramon Rodriguez Vasquez |

**11.** | **Sign Here:** ▶ | X ___(signature)___ | 3/13/2025 |
| | Signature of Person Appealing *(or attorney or representative)* | Date |

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

**12.**

| Mailing Address of Respondent(s)/Applicant(s) |
|---|
| Ramon Rodriguez Vasquez |
| (Name) |
| ██████████ |
| (Street Address) |
| ██████████ |
| (Apartment or Room Number) |
| ██████████ |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

**11.**

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|
| Andrea Lino, Supervising Attorney |
| (Name) |
| 2209 N Pearl St |
| (Street Address) |
| 200 |
| (Suite or Room Number) |
| Tacoma, WA 98406 |
| (City, State, Zip Code) |
| 2069578650 |
| (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**13.**

## PROOF OF SERVICE (You Must Complete This)

I _____ mailed or delivered a copy of this Notice of Appeal
(Name)

on _____ to _____
(Date)          (Opposing Party)

at _____
(Number and Street, City, State, Zip Code)

[✓] No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

| SIGN → HERE | X _____ |
|---|---|
| | Signature |

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the **fee payment receipt,** fee, or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

## HAVE YOU?

- [ ] Read all of the General Instructions.
- [ ] Provided all of the requested information.
- [ ] Completed this form in English.
- [ ] Provided a certified English translation for all non-English attachments.
- [ ] Signed the form.

- [ ] Served a copy of this form and all attachments on the opposing party, **if applicable.**
- [ ] Completed and signed the Proof of Service
- [ ] Attached the required **fee payment receipt,** fee, or Fee Waiver Request.
- [ ] If represented by attorney or representative, attach a completed and signed EOIR-27 **for each** respondent or applicant.

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

EOIR 7 of 7

# EXHIBIT C

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**TACOMA IMMIGRATION COURT**
**TACOMA, WASHINGTON**

Matter of:

**Ramon Rodriguez Vazquez,**

Respondent

File Number: ▮▮▮▮▮▮▮▮
In custody proceedings

**DETAINED**

Application:        Bond Redetermination

On Behalf of the Respondent:
Carlos Contreras
6700 SW 105th Avenue, Suite 315
Beaverton, Oregon 97008

On Behalf of the Department:
Office of the Chief Counsel
1623 East J Street, Suite 2
Tacoma, Washington 98421

## AMENDED MEMORANDUM OF THE IMMIGRATION JUDGE

### I.    SUMMARY OF THE ISSUES

Respondent, Ramon Rodriguez-Vazquez, is a 45-year-old native and citizen of Mexico. On February 5, 2025, Respondent was apprehended by immigration officers during a Joint Task Force Operation headed by the U.S. Drug Enforcement Administration in Grandview, Washington. Exh. B-2 at 2. At that time, Respondent told the officers that he last entered the United States without admission or parole near Nogales, Arizona, on June 1, 2009. *Id.* Immigration officers determined that Respondent was inadmissible under Immigration and Nationality Act (INA) section 212(a)(6)(A)(i). *Id.*

The court conducted a bond hearing on March 12, 2025, and denied Respondent's request for a bond. Respondent has appealed the court's custody redetermination, and the court prepared this memorandum to facilitate review of Respondent's appeal. *See* Immigration Court Practice Manual 9.3(e)(7).

The critical issue here is whether this court has jurisdiction to redetermine the custody status an inadmissible alien who is an "applicant for admission." For the reasons explained below, the court finds that Respondent is an applicant for admission detained under INA section 235 and it does not have jurisdiction to redetermine Respondent's bond.

### II.    JURISDICTIONAL AND STATUTORY ANALYSIS

The immigration detention framework is multifaceted and reviewing courts have taken different approaches on the interplay between mandatory and discretionary detention. This court acknowledges that there is no precedent decision squarely on point for a noncitizen who entered the United States without inspection or parole and has not been through the expedited removal or credible fear process. But a plain reading of the statutes undergirding immigration detention, along with current caselaw from the Supreme Court of the United States and Attorney General, makes clear to this court that Congress did not give immigration judges jurisdiction to redetermine bond for inadmissible aliens who are "applicants for admission" under INA section 235, such as Respondent.

Respondent may argue that, because he was placed in formal removal proceedings under section 240 of the INA by the issuance of an NTA, this court must evaluate Respondent's bond determination under INA section 236(a). He may also argue that INA section 235 only applies to arriving aliens, and because Respondent is not an arriving alien, his bond determination must be evaluated under section 236(a). Detention of a noncitizen under section 236 of the INA during formal removal proceedings is discretionary unless the noncitizen is subject to mandatory detention. *See* INA § 236(a), (c)(1). If the Department of Homeland Security (DHS) exercises this discretion to arrest and detain a noncitizen, it may "continue to detain" the individual pending removal proceedings, or it "may release the [noncitizen]" on bond or conditional parole. INA § 236(a)(1), (2).[1]

There are, however, many noncitizens who do not fit within the discretionary framework that Congress devised in section 236(a). Relevant here are "other aliens" who are applicants for admission. *See* INA § 235(b)(2)(A). The statutory definition for an "applicant for admission" includes individuals seeking initial entry at a designated port of entry and noncitizens present in the United States who have not been admitted. INA § 235(a)(1); *see also Matter of Rosa Isela Velasquez-Cruz*, 26 I&N Dec. 458, 462 n. 5 (BIA 2014) ("We note that regardless of whether an alien who illegally enters the United States is caught at the border or inside the country, he or she will still be required to prove eligibility for admission."). Section 235 of the INA mandates detention for (1) applicants for admission who are subject to expedited removal; (2) "certain other aliens" who have not shown they have been continuously present in the United States for two years immediately prior to an inadmissibility determination; and (3) "other aliens" who are applicants for admission who are not subject to expedited removal and who are "not clearly and beyond a doubt entitled to be admitted" but are placed in formal removal proceedings.[2] INA § 235(b)(1)(A)(i)-(iii); § 235(b)(2)(A).

---

[1] While not part of this decision, it is clear to this court that section 236(a) applies only to individuals who do not meet the definition of applicant for admission. In other words, section 236(a) applies to those who have been admitted and have subsequently become removable.

[2] The court again notes that while detention is generally mandatory under section 235(b)(1) of the INA, DHS has authority to change a Respondent's custody by granting parole for "urgent humanitarian reasons or significant public benefit." INA § 212(d)(5); 8 C.F.R. § 235.3(b)(2)(iii), (4)(ii), (5)(i) (requiring that applicants for admission shall be returned to the custody from which they were paroled when parole is terminated).

EOIR - 3 of 8

For years, immigration courts assumed that mandatory detention under section 235 only applied to those in expedited removal proceedings, and that once formal removal proceedings commenced under section 240, detention jurisdiction shifted to section 236 based on the ruling in *Matter of X–K–*. The Board held that noncitizens placed in expedited removal proceedings then subsequently transferred to formal proceedings following a positive credible fear determination would be eligible for a custody redetermination hearing, unless excluded per the regulations. *See Matter of X–K–*, 23 I&N Dec. 731 (BIA 2005). But later courts did not agree with this interpretation. The Supreme Court ruled that section 235(b)(1) "unequivocally" required the detention of all noncitizens first placed in expedited removal proceedings and then later transferred to formal removal proceedings under section 240. *Jennings v. Rodriguez*, 138 S. Ct. 830, 844 (2018). The Court described the statutory language as "quite clear" and "mandate[s] detention of [noncitizens] throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Id.* at 845–56. The Attorney General then ruled that noncitizens subject to expedited removal who have a positive credible fear determination and are subsequently replaced in formal removal proceedings "remain ineligible for bond, whether they are arriving at the border or apprehended in the United States." *Matter of M-S-*, 27 I&N Dec. 509, 515 (AG 2019).

Relying on *Jennings*, *Matter of M–S–* rightly determined that sections 235 and 236 apply to separate classes of noncitizens. The Attorney General's decision expressly overruled *Matter of X–K–*, which essentially presumed that anyone in section 240 proceedings was being held under section 236 and therefore, eligible for a bond determination hearing. After *Matter of M–S–*, that presumption no longer applies—the court is now bound by all of section 235. In other words, immigration judges do not have jurisdiction to redetermine bond for individuals who are placed in removal proceedings after the expedited removal process.

There is no reported precedential Board case or otherwise that clarifies whether applicants for admission who are *not* initially placed in expedited removal are entitled to a custody redetermination hearing. Respondent asserts that he does not meet the requirements for mandatory detention under section 235, because he is not an "arriving alien" or a "certain other alien" and is not in expedited removal proceedings. Exh. B-3 at 2-3. In the court's view, section 235 applies to anyone who meets the definition of an applicant for admission. The court agrees that the authority for those noncitizens in expedited removal comes from section 235(b)(1), as *Matter of M-S-* directly addressed this subset of applicants for admission. But the statute does not end after establishing expedited removal proceedings. The remainder of section 235 applies to individuals who meet the definition of applicant for admission, but, for whatever reason, are not placed in expedited removal proceedings. Section 235(b)(2)(A) of the INA is quite clear that anyone who meets the definition of an applicant for admission and is not covered under another provision of section 235, "shall be detained for a proceeding under section 240."

EOIR - 4 of 8

Beyond the clear language of the statute, the court's support for this position comes from *Jennings* and the regulations. The *Jennings* Court is very careful throughout the decision not to conflate sections 235(b)(1) and (b)(2) and makes specific distinctions between the two clauses. *See Jennings,* 138 S. Ct. at 837. ("[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)."). The Supreme Court reiterates this distinction further in the opinion: "Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for 'further consideration of the application for asylum,' and § 1225(b)(2) aliens are in turn detained for '[removal] proceeding[s].'" *Id.* at 842. This court understands that to mean that section 235(b) of the INA must apply to two different groups of people—applicants for admission who are subject to expedited removal proceedings and applicants for admission who are not subject to expedited removal proceedings and are placed directly into section 240 proceedings.

The regulation for "Inadmissible aliens and expedited removal" lends further support to this court's understanding. *See* 8 C.F.R. § 235.3. It is split into distinct subsections describing three different groups: (1) individuals who are detained prior to inspection by an immigration officer, (2) individuals who are determined to be inadmissible and subject to expedited removal, and (3) "arriving aliens" placed in proceedings under section 240 of the INA. *Id.* § 235.3(a)–(c). If section 235 of the INA only applied to inadmissible noncitizens in expedited removal proceedings, the regulations would have no need to mention individuals placed in section 240 proceedings while explicitly stating that they "shall be detained in accordance with section 235(b)" of the INA. *See id.* § 235.3(c).

Respondent argues that, because he has been in the country for fifteen years since his last illegal entry, he is somehow immune from the reach of INA section 235(b)(2)(A). But the regulations specifically address the mandatory detention of those aliens who have entered the United States long ago without being admitted or paroled and are not subject to the expedited removal provisions of INA section 235(b)(1):

> An alien who was not inspected and admitted or paroled into the United States but who establishes that he or she has been continuously physically present in the United States for the 2-year period immediately prior to the date of determination of inadmissibility shall be detained in accordance with section 235(b)(2) of the Act for a proceeding under section 240 of the Act.

*Id.* § 235.3(b)(1)(ii). This regulation contemplates that a noncitizen who meets the definition of applicant for admission may be placed directly into section 240 proceedings and that the noncitizen "shall be detained in accordance with section 235(b)(2)." *Id.* The statute specifically applies to aliens who have been present in the United States for two years or longer, and who are therefore beyond the time limitations authorized by Congress for expedited removal under INA section 235(b)(1). The noncitizen is either subject to the shall-be-detained provision of 235(b)(1) or the

EOIR - 5 of 8

shall-be-detained provision of 235(b)(2) regardless of whether they are ultimately or immediately placed in section 240 proceedings.

Other regulations also specifically refute the claim that a noncitizen who is present in the United States without being admitted or paroled and is placed into section 240 removal proceedings is detained under section 236. An immigration officer will serve a Notice to Appear to a noncitizen if, "in accordance with the provisions of section 235(b)(2)(A) of the Act, the examining immigration office detains an alien for a proceeding before an immigration judge under section 240 of the Act[.]" 8 C.F.R. §1235.6(a)(1)(i)(2020). That section then describes other scenarios where an immigration officer serves a noncitizen with a Notice to Appear. *See id.* § 1235.6(a)(1)(ii)-(iv). As stated above, there would be no need for the regulations to include individuals who are in section 240 proceedings if the detention authority of section 235 only covered people in expedited removal proceedings. The regulation is clear and does not imply that serving a Notice to Appear and placing the noncitizen in section 240 proceedings changes the detention authority to any other portion of the INA.

Further, this statutory authority is not altered by the issuance of an I-200 warrant. Courts have never determined that "arriving aliens" are eligible for bond because DHS also issued an I-200.[3] The DHS has the authority to arrest individuals who are classified as "applicants for admission" with or without a warrant. *See* INA § 287(a)(2); 8 C.F.R. § 287.8(c)(2)(ii). If arrested without a warrant, the mere fact that DHS then elected to issue a warrant in Respondent's case does not bestow additional jurisdiction on the court in contravention of the express language of section 235 of the INA.

An I-200 also effectuates an arrest of an individual who has been lawfully admitted in the United States. Generally, if a noncitizen is in the United States with legal authority, the DHS has limited authority to arrest that individual without a warrant. *See* INA § 287(a). Conversely, section 236(a) of the INA describes the Department's authority to arrest an individual in lawful status *with* a warrant. Considering the language of the statute and guidance from the Supreme Court and Attorney General, this court finds that the issuance of a warrant may be a prerequisite for detention under section 236, but it does not convert detention under section 235 to detention under section 236.

---

[3] Similarly, there are other detention statues for which the issuance of a warrant does not convert the detention authority. *See* INA § 236A (requiring the detention of "terrorist aliens" and allowing for release "only if" the Attorney General decides that certain conditions are met); INA § 241(a)(1)-(2), (6) (providing the detention scheme for those who have been ordered removed); INA § 241(c)(2) (describing stay of removal procedures and release authority for removal of noncitizens arriving at a port of entry); (c)(3) (delineating detention pending removal for noncitizens arriving at a port of entry and giving exceptions for those eligible to apply for admission). *See also Matter of A–W–*, 25 I. & N. Dec. 45 (BIA 2009) (holding that noncitizens who have been admitted into the United States under the visa waiver program, *see* 8 U.S.C. § 1187(a), and who are placed in asylum-only proceedings after being found subject to removal, are ineligible for bond hearings). In each instance, DHS may issue an I-200 in connection with the arrest of the noncitizen, but these laws do not allow the existence of a warrant to convert the detention authority.

EOIR - 6 of 8

With this understanding, it is not the issuance of a warrant that determines detention authority. Instead, it is an individual's status as an applicant for admission that governs detention. In short, section 235 applies to applicants for admission and section 236 applies only to those who have been admitted.

Respondent may assert that while he may be an applicant or admission under INA section 235(a)(1), he is not "seeking admission" as that term is used in INA section 235(b)(2)(A). Thus, Respondent may urge, he is not subject to mandatory detention under INA section 235(b)(2)(A). This argument would strain the plain meaning of the words used in the statute. Clearly, an "applicant for admission" is "seeking admission." The application of *Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020), would be misplaced as that case dealt with a unique issue outside the context of detention. In *Torres*, the court was attempting to "construe the meaning of the phrase 'at the time of application for admission'" as that term is used in INA section 212(a)(7). *Id.* at 924. This is a different phrase in a different context than the term "seeking admission" in the mandatory detention provisions of INA section 235(b)(2) (A). Moreover, the Ninth Circuit has recognized that the holding in *Torres* is limited to the unique circumstances if that case. *See U.S. v. Gambino-Ruiz*, 91 F.4th 981, 988 (9th Cir. 2024) ("*Torres* involved a peculiar set of circumstances.").

Similarly, any citation to *Matter of Y–N–P–*, is also misplaced. 26 I&N Dec. 10, 13 (BIA 2012) (holding that "being an 'applicant for admission' under section 235(a)(1) is distinguishable from 'applying ... for admission to the United States' within the meaning of section 212(h)"). Again, the Board was considering the meaning of a different phrase in a different context that is not applicable here.[4]

Relevant here is the language of INA section 235 which leaves no doubt that "an applicant for admission" is inherently "seeking admission." Section 235(a)(3) of the INA requires immigration officers to inspect all aliens who are "applicants for admission *or otherwise seeking admission*." INA § 235(a)(3) (2025) (emphasis added). By using the term "or otherwise," Congress clearly intended to define "applicants for admission" as a subset of the larger class of aliens who are "seeking admission." *See Villarreal v. R.J. Reynolds Tobacco Company*, 839 F.3d 958, 964 (11th Cir. 2016) ("The phrase 'or otherwise' operates as a catchall: the specific items that precede it are meant to be subsumed by what comes after the 'or otherwise.'").

The court finds that Respondent is an applicant for admission as defined under section 235(a)(1) of the INA *and* he is "seeking admission" as that phrase is used in INA section 235(b)(2)(A). Respondent is present in the United States without being admitted or paroled after inspection by an immigration officer. *See* INA § 212(a)(6)(A)(i). An immigration officer determined that Respondent was not clearly and beyond a doubt entitled to be admitted, so Respondent

---

[4] To the extent that Respondent cites to an unreported Board of Immigration Appeals decision in his legal brief on appeal, that decision would not be binding on this court.

was served with a Notice to Appear and detained for proceedings under section 240 of the INA. Because Congress requires the detention of all applicants for admission, this court does not have jurisdiction to review Respondent's bond determination made by DHS.

<div align="center">**ORDER**</div>

Respondent's motion for a custody redetermination is denied. Respondent shall be held without bond.

_____3/27/2025_____
Date

John C. Odell
Immigration Judge

# EXHIBIT D



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia  22041*

Lino , Andrea Maria
Northwest Immigrant Rights Project
2209 N Pearl St
Suite 200
Tacoma, WA 98406

DHS/ICE Office of Chief Counsel - TAC
1623 East J Street, Ste. 2
Tacoma, WA 98421

Name:
RODRIGUEZ VAZQUEZ, RAMON

A███████████

Type of Proceeding: Removal

Date of this notice: 3/27/2025

Type of Appeal: Bond Appeal

Filed By: <u>Alien</u>

### NOTICE -- BRIEFING SCHEDULE

o   Enclosed is a copy of the decision of the Immigration Judge.  If you are receiving this notice electronically, the Immigration Judge's decision is viewable online in the electronic record of proceedings.
o   Appealing party is granted until  4/17/2025          to submit a brief to the Board of Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this date.
o   Opposing party is granted until  4/17/2025          to submit a brief to the Board of Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this date.

o   **BOND** - Transcripts are not prepared for appeals from an Immigration Judge's decision in bond proceedings.  If you wish to listen to the audio recording of the custody hearing or obtain copies of audio recordings, you should contact the Immigration Court for assistance.  You may also address the need for a transcript in your brief to the Board.

**WARNING:**  If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board of Immigration Appeals (Board or BIA) may summarily dismiss your appeal.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you are the respondent/applicant and you received this notice, you are not represented by an attorney or accredited representative.  An attorney or accredited representative must file a Notice of Entry of Appearance (Form EOIR-27) to represent you.  8 C.F.R. §§ 1003.3(a)(3) and 1003.38(g).  Until a Form EOIR-27 is received, you are responsible for submitting a brief, and any submissions by anyone other than you will be rejected.

<u>**FILING INSTRUCTIONS**</u> **-- In General.**

**IMPORTANT:** Briefs and other submissions should always be paginated.  Parties should limit their briefs to 30 pages unless directed by the Board.  For spacing, parties should use double-spaced text and single-spaced footnotes.  Parties are reminded to consult Chapter 3 (Filing with the Board) and Chapter 4.6 (Appeal Briefs) of the BIA Practice Manual, found within EOIR's Policy Manual, which is available on EOIR's website at www.justice.gov/eoir.

**Motions to accept briefs that exceed the page limitation established by the Board are disfavored, and will not be granted absent a showing of extraordinary and compelling circumstances.  If a party files a motion to increase the page limit, the motion and the brief need to be filed together.**

**The Board has included two copies of this notice.  Please attach/submit one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for your records.  Thank you for your cooperation.**

The parties may address any allegations of transcript error or deficiency in the appeal brief.  *See* Chapter 4.2(f)(3) (Defects in the transcript) of the BIA's Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir.  Please note defects do not excuse the parties from existing briefing deadlines.  Those deadlines remain in effect until the parties are notified otherwise.  *See* Chapter 4.7(c) (Extensions) of the BIA's Practice Manual.

A fee is not required for the filing of a brief.  Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. As a reminder, electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address listed in the **FILING ADDRESS**: section below is encouraged to ensure timely filing.

It is NOT sufficient simply to mail the brief and assume your brief will arrive on time.  We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

If you have any questions about how to file something at the Board, please review the BIA Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.  If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel or the Director for HHS/ORR at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**FILING INSTRUCTIONS -- Extension Request.**

Extension requests must be RECEIVED by the Board by the brief's original due date; however, requests filed the same day as a brief is due are particularly disfavored and granted only in the most compelling of circumstances. Extension requests received after the due date will not be granted.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time are not favored.  There is no automatic entitlement to an extension of the briefing schedule by either party. *See* Chapter 4.7(c) (Extensions) of the BIA's Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir.
It is also the Board's policy not to grant second briefing extension requests. Second requests are granted only in extraordinary circumstances.

All extension requests must be in writing.  Telephonic, e-mail, or fax request will not be accepted.

**FILING INSTRUCTIONS -- REMINDER**

Electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address below is encouraged to ensure timely filing.

<u>**FILING ADDRESS**</u>:

       Board of Immigration Appeals
       Clerk's Office
       5107 Leesburg Pike, Suite 2000
       Falls Church, VA  22041

       Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

