District Judge Tiffany M. Cartwright

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Ramon RODRIGUEZ VAZQUEZ,

    *Plaintiff*,

    v.

Drew BOSTOCK, *et al*.,

    *Defendants*.

CASE NO. 3:25-cv-05240

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ........................................................................................................... 2

    I.    Statutory and Regulatory Background ................................................................ 2

        A.    Detention under 8 U.S.C. § 1225 ............................................... 2

        B.    Detention under 8 U.S.C. § 1226(a) ............................................ 3

        C.    Detention under § 1226(c) ......................................................... 4

        D.    Review at the Board of Immigration Appeals (BIA) ...................... 5

    II.    Factual and Procedural History .......................................................... 5

STANDARD OF REVIEW ........................................................................................ 6

ARGUMENT ............................................................................................................... 8

    I.    The Bond Denial Class is Impermissible Because it Includes, or Potentially Includes, Individuals Who Have Not Suffered, or Will Not Suffer, the Same Injury ................................................................................................................. 8

    II.    The Bond Appeal Class Cannot be Certified Because It Fails to Meet the Requirements of Rule 23(a)(2), (3), and (4). ........................................... 10

    III.    Plaintiff's Proposed Classes Do Not Satisfy Rule 23(b)(2)'s Requirements ............. 17

CONCLUSION ......................................................................................................... 18

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

i

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1

**TABLE OF AUTHORITIES**

2

3
**Cases**                                                                 **Pages(s)**

4
*A.B. v. Hawaii State Dep't of Educ.*,
5
   30 F.4th 828 (9th Cir. 2022) ................................................................... 15

6
*AmChem Prods. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................... 7
7
*Avilez v. Garland*,
   69 F.4th 525 (9th Cir. 2023) ................................................................. 4
8
*Biden v. Texas*,
9
   597 U.S. 785 (2022) ............................................................................... 3

10
*Brower v. Evans*,
   257 F.3d 1058 (9th Cir. 2001) ........................................................ 11, 12
11
*Califano v. Yamasaki*,
12
   442 U.S. 682 (1979) ............................................................................ 1, 6

13
*Casa Libre/Freedom House v. Mayorkas*,
   No. 2:22-cv-01510-ODW (JPRx), 2023 WL 3649589 (C.D. Cal. May 25, 2023) ...................... 12
14
*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
   98 F.R.D. 254 (D. Del. 1983) ............................................................... 17
15
*Crawford v. Honig*,
16
   37 F.3d 485 (9th Cir. 1994) ................................................................. 16

17
*Demore v. Kim*,
   538 U.S. 510 (2003) ............................................................................... 4
18
*Garland v. Aleman Gonzalez*,
19
   596 U.S. 543 (2022) ............................................................................... 6

20
*Gen. Tel. Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ............................................................................... 7
21
*German Santos v. Warden Pike Cty. Corr. Facility*,
22
   965 F.3d 203 (3d Cir. 2020) ................................................................. 4

23

24

*Grandalski v. Quest Diagnostics Inc.*,
   767 F.3d 175 (9th Cir. 2014) ........................................................................... 16

*Hayes v. Wal-Mart Stores, Inc.*,
   725 F.3d 349 (3d Cir. 2013) ............................................................................ 16

*In re Guerra*,
   24 I. & N. Dec. 37 (BIA 2006) ......................................................................... 4

*Jennings v. Rodriguez*,
   583 U.S. 281 (2018) .................................................................................... 2, 3

*Kim v. Allison*,
   87 F.4th 994 (9th Cir. 2023) ........................................................................... 16

*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
   571 F.3d 672 (7th Cir. 2009) ............................................................................ 8

*Martinez v. Clark*,
   124 F.4th 775 (9th Cir. 2024) ........................................................................... 9

*Matter of Castillo-Padilla*,
   25 I&N Dec. 257 (BIA 2010) ........................................................................... 3

*Matter of V-X-*,
   26 I&N Dec. 147 (BIA 2013) ........................................................................... 9

*McCarthy v. Kleindienst*,
   741 F.2d 1406 (D.C. Cir. 1984) ..................................................................... 6, 7

*Navarro v. Exxon Mobil Corp.*,
   No. CV 17-2477 SF (SKx) 2022 WL 22248790 (C.D. Cal. July 5, 2022) .................... 16

*Ortega-Cervantes v. Gonzales*,
   501 F.3d 1111 (9th Cir. 2007) ........................................................................... 3

*Pisciotta v. Ashcroft*,
   311 F. Supp. 2d 445 (D.N.J. 2004) .................................................................... 13

*Pritchard v. Blue Cross Blue Shield of Illinois*,
   705 F. Supp. 3d 1273 (W.D. Wash. 2023) .......................................................... 15

*Rental Dev. Corp. of Am. v. Lavery*,
   304 F.2d 839 (9th Cir. 1962) ........................................................................... 18

*Ross v. Lockheed Martin Corp.*,
   267 F. Supp. 3d 174 (D.D.C. 2017) ................................................................ 8, 15

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

iii

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

*Sibley v. Diversified Collection Servs., Inc.*,
   No. 396-cv-0816, 1998 WL 355492 (N.D. Tex. June 30, 1998)............................................ 17, 18

*Singh v. Ashcroft*,
   112 F. App'x 570 (9th Cir. 2004) ...................................................................................... 10

*Singh v. Garland*,
   46 F.4th 1117 (9th Cir. 2022) ............................................................................................. 9

*Telecomm. Research & Action Ctr. v. FCC*,
   750 F.2d 70 (D.C. Cir. 1984)............................................................................................. 11

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ................................................................................................... passim

**Statutes**

8 U.S.C. § 1225(b)(2)(A) ........................................................................................................ 3

8 U.S.C. § 1226(a) ............................................................................................................... 3, 4

8 U.S.C. § 1226(c) ....................................................................................................... 1, 4, 8, 9

8 U.S.C. § 1159(b) .................................................................................................................. 9

8 U.S.C. § 1225 .................................................................................................................. 2, 6

8 U.S.C. § 1225(a)(1) ............................................................................................................. 2

**Rules**

Fed. R. Civ. P. 23(a) ......................................................................................................... 7, 17

Fed. R. Civ. P. 23(b)(2)................................................................................................ 2, 7, 16, 17

Fed. R. Civ. P. 23 .................................................................................................................. 1

**Regulations**

8 C.F.R. § 236.1(c)(8) ............................................................................................................ 3

8 C.F.R. § 1003.1(d)(1)........................................................................................................... 5

8 C.F.R. § 1003.1(e)(5) ........................................................................................................... 14

8 C.F.R. § 1003.1(e)(6) ........................................................................................................... 14

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE No. 3:25-CV-05240-TMC]

iv

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1   8 C.F.R. § 1003.1(e)(8)(i) ........................................................................................ 13

2   8 C.F.R. § 1236.1(d)(1) ............................................................................................ 4

3   8 C.F.R. § 236.1 ....................................................................................................... 5

4   8 C.F.R. § 236.1(d)(1) ............................................................................................. 4

5   8 C.F.R. § 1003.1(e)(8) ........................................................................................... 13

6   **Other Authorities**

7   Fed. Prac. & Proc. Civ. § 1775 ................................................................................ 17

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' OPPOSITION TO NAMED
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

v

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1   Pursuant to LCR 7(d)(4) and 7(e)(3), Defendants submit this opposition to Plaintiff's Motion

2   for Class Certification (ECF No. 2).

3                                    **INTRODUCTION**

4       The class action "is an exception to the usual rule that litigation is conducted by and on behalf

5   of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011)

6   (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To successfully certify a class, or here,

7   classes, Plaintiff Ramon Rodriguez Vazquez must meet the requirements of Federal Rule of Civil

8   Procedure 23—specifically, Rule 23(a) and Rule 23(b)(2). Plaintiff is unable to clear either of these

9   hurdles and his Motion for Class Certification necessarily fails. As such, the Court should decline to

10  certify Plaintiff's two proposed classes.

11      Plaintiff seeks to certify two impermissibly broad classes: (1) a proposed Bond Denial class,

12  which is comprised of "all noncitizens detained at Northwest ICE Processing Center" who have or

13  may enter the Country without inspection and without being apprehended upon arrival, and who are

14  not or will not be detained under 8 U.S.C. § 1226(c), § 1226(b)(1), or § 1231, and (2) a proposed Bond

15  Appeal class, which sweeps up "all detained [aliens] who have a pending appeal, or will file an appeal,

16  of an immigration judge's bond hearing ruling to the Board of Immigration Appeals." *See* Mot. for

17  Class Certification at 2, ECF No. 2 (Mot.). Both these class definitions are fatally overbroad because

18  they include individuals who have not, or will not, be injured by Defendants' allegedly unlawful

19  actions. For the reasons discussed below, numerous requirements set forth in Rule 23(a) cannot be met

20  under Plaintiff's definition of the proposed Bond Denial and Bond Appeal classes.

21

22

23

24  DEFENDANTS' OPPOSITION TO          1          U.S. DEPARTMENT OF JUSTICE
    PLAINTIFF'S MOTION FOR CLASS                  CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
    CERTIFICATION                                 P.O. BOX 878, BEN FRANKLIN STATION
    [CASE NO. 3:25-CV-05240-TMC]                  WASHINGTON, D.C. 20044
                                                  (202) 742-7118

1    And even if the proposed classes somehow survive under Rule 23(a), they fail to meet the

2  requirements of Rule 23(b)(2) because any declaratory relief granted here would not constitute

3  "corresponding declaratory relief" as required by Rule 23(b)(2). *See* Fed. R. Civ. P. 23(b)(2).

4    For the reasons outlined above and set forth below, Plaintiff's Motion for Class Certification

5  should be denied in its entirety.

6                                    **BACKGROUND**

7  **I.    Statutory and Regulatory Background**

8    Congress has created a multi-layered statutory scheme for the civil detention of aliens pending

9  removal proceedings and removal. *See, e.g.*, 8 U.S.C. §§ 1225, 1226, 1231. Whether an alien falls

10 within this statutory scheme is determined by the time and circumstances of entry, as well as the stage

11 of the removal process.

12  **A.    Detention under 8 U.S.C. § 1225**

13    Section 1225 applies to "applicants for admission," who are defined as "alien[s] present in the

14 United States who [have] not been admitted" or "who arrive[] in the United States." 8 U.S.C.

15 § 1225(a)(1). Applicants for admission "fall into one of two categories, those covered by § 1225(b)(1)

16 and those covered by § 1225(b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

17    Section 1225(b)(1) applies to arriving aliens and "certain other" aliens "initially determined to

18 be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.*; 8 U.S.C.

19 § 1225(b)(1)(A)(i), (iii). These aliens are generally subject to expedited removal proceedings. *See* 8

20 U.S.C. § 1225(b)(1)(A)(i). But if the alien "indicates an intention to apply for asylum . . . or a fear of

21 persecution," immigration officers will refer the alien for a credible fear interview. *Id.*

22 § 1225(b)(1)(A)(ii). After that interview, an alien "with a credible fear of persecution" is "detained for

23

24

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1   further consideration of the application for asylum." *Id*. § 1225(b)(1)(B)(ii). If the alien does not

2   express a fear, or is "found not to have such a fear," he is detained until removed. *Id*.

3   § 1225(b)(1)(A)(i), (B)(iii).

4        Section 1225(b)(2) is "broader" and "serves as a catchall provision." *Jennings*, 583 U.S. at

5   287. It "applies to all applicants for admission not covered by §1225(b)(1)." *Id*. Under § 1225(b)(2),

6   an alien "who is an applicant for admission" shall be detained for a removal proceeding "if the

7   examining immigration officer determines that [the] alien seeking admission is not clearly and beyond

8   a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Still, the Department of Homeland Security

9   (DHS) has the sole discretionary authority to temporarily release on parole "any alien applying for

10  admission to the United States" on a "case-by-case basis for urgent humanitarian reasons or significant

11  public benefit." *Id*. § 1182(d)(5)(A); *see Biden v. Texas*, 597 U.S. 785, 806 (2022).

12       B.    **Detention under 8 U.S.C. § 1226(a)**

13       Section 1226 provides the general detention authority for aliens in removal proceedings. An

14  alien "may be arrested and detained pending a decision on whether the alien is to be removed from the

15  United States." 8 U.S.C. § 1226(a). Under § 1226(a), the government may detain an alien during his

16  removal proceedings, release him on bond, or release him on conditional parole.[1] By regulation,

17  immigration officers can release aliens if the alien demonstrates that he "would not pose a danger to

18  property or persons" and "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). An

19  alien can also request a custody redetermination (often called a bond hearing) by an IJ at any time

20

21  ─────────────────────────

    [1] Being "conditionally paroled under the authority of § 1226(a)" is distinct from being "paroled into the United States

22  under the authority of § 1182(d)(5)(A)." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116 (9th Cir. 2007) (holding that
    because release on "conditional parole" under § 1226(a) is not a parole, the alien was not eligible for adjustment of status

23  under § 1255(a)); *Matter of Castillo-Padilla*, 25 I&N Dec. 257, 259-63 (BIA 2010) (same), *aff'd*, 417 F. App'x 888 (11th
    Cir. 2012).

24  DEFENDANTS' OPPOSITION TO                                    U.S. DEPARTMENT OF JUSTICE
    PLAINTIFF'S MOTION FOR CLASS            3        CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
    CERTIFICATION                                            P.O. BOX 878, BEN FRANKLIN STATION
    [CASE NO. 3:25-CV-05240-TMC]                                  WASHINGTON, D.C. 20044
                                                                    (202) 742-7118

1    before a final order of removal is issued. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1),

2    1003.19.

3    At a custody redetermination, the IJ may continue detention or release the alien on bond or

4    conditional parole. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Immigration judges have broad

5    discretion in deciding whether to release an alien on bond. *In re Guerra*, 24 I. & N. Dec. 37, 39–40

6    (BIA 2006). The IJ should consider the following factors during a custody redetermination: (1)

7    whether the alien has a fixed address in the United States; (2) the alien's length of residence in the

8    United States; (3) the alien's family ties in the United States; (4) the alien's employment history; (5)

9    the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness

10   of criminal activity, time since such activity, and the seriousness of the offense; (7) the alien's history

11   of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape

12   authorities; and (9) the alien's manner of entry to the United States. *Id.* at 40. But regardless of these

13   factors, an alien "who presents a danger to persons or property should not be released during the

14   pendency of removal proceedings." *Id.* at 38.

15   C.    **Detention under § 1226(c)**

16   Under 8 U.S.C. § 1226(c), immigration officers "must detain certain criminal aliens pending

17   their removal proceedings." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 206 (3d

18   Cir. 2020). Aliens are "not statutorily entitled to a bond hearing" under § 1226(c). *Avilez v. Garland*,

19   69 F.4th 525, 527 (9th Cir. 2023) (en banc). Congress enacted this mandate because it was "justifiably

20   concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to

21   appear for their removal hearings in large numbers." *Demore v. Kim*, 538 U.S. 510, 513 (2003).

22   Immigration judges do not have authority to release aliens detained under § 1226(c). *See* 8 C.F.R.

23

24   DEFENDANTS' OPPOSITION TO
     PLAINTIFF'S MOTION FOR CLASS              4
     CERTIFICATION
     [CASE NO. 3:25-CV-05240-TMC]

§ 1003.19(h)(2)(i)(D) ("[A]n immigration judge may not redetermine conditions of custody imposed by [DHS] with respect to . . . [a]liens in removal proceedings subject to section 236(c)(1) of the Act….").

      D.    **Review at the Board of Immigration Appeals (BIA)**

The BIA is an appellate body within the Executive Office for Immigration Review (EOIR) "charged with the review of those administrative adjudications under the [INA] that the Attorney General may by regulation assign to it." 8 C.F.R. § 1003.1(d)(1). By regulation, it has authority to review IJ custody determinations. 8 C.F.R. §§ 236.1; 1236.1. The BIA not only resolves particular disputes before it, but also "through precedent decisions, shall provide clear and uniform guidance to DHS, the immigration judges, and the general public on the proper interpretation and administration of the [INA] and its implementing regulations." *Id.* § 1003.1(d)(1).

**II.**      **Factual and Procedural History**

Plaintiff is an alien who allegedly "has been residing in the United States for years and has not sought admission." ECF No. 3 (Preliminary Injunction Motion) at 9. On February 5, 2025, immigration officers arrested him during a joint operation by the Drug Enforcement Agency. Declaration of Jessica Harrold (Harrold Decl.), Ex. C at 1, ECF No. 22; *see also* ECF No. 1 (Complaint) at ¶ 77. Plaintiff told officers that he last entered the United States without admission or parole near Nogales, Arizona in June 2009. Harrold Decl., Ex. C at 1. Immigration officers served Plaintiff a Notice to Appear (NTA) for removal proceedings based on his presence in the United States without being admitted or paroled. ECF No. 4-6 (Notice to Appear) at 2.

On March 12, 2025, an IJ conducted a custody redetermination hearing. Harrold Decl., Ex. C at 1; ECF No. 1 at ¶ 80. The IJ concluded there was no jurisdiction to set bond because Plaintiff is an

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1  "applicant for admission" under 8 U.S.C. § 1225. Harrold Decl., Ex. C at 1; see also ECF No. 1 at ¶

2  80. The IJ acknowledged that there is no published "decision squarely on point," but assessed that

3  detention under § 1225 "applies to anyone who meets the definition of an applicant for admission."

4  Harrold Decl., Ex. C at 2, 3. Plaintiff appealed to the BIA on March 13, 2025. Harrold Decl., Ex. B.

5  Both parties have until April 17, 2025 to submit briefs. Harrold Decl., Ex. D.

6          One week after filing his appeal to the BIA, Plaintiff filed this lawsuit. ECF No. 1 (complaint).

7  The complaint alleges unlawful denial of bond (Count One) and entitlement to bond hearings (Count

8  Two). *Id.* at ¶¶ 99–106. It also alleges delayed adjudication of bond appeals in violation of the Fifth

9  Amendment (Count Three) and Administrative Procedure Act (Count Four). *Id.* ¶¶ 107–115. Plaintiff

10  seeks relief for himself and on behalf of a putative class. *Id.* at 21–22. Concurrent with filing the

11  complaint, Plaintiff also moved for a preliminary injunction only as to himself and class certification.

12  *See* ECF Nos. 2 (Class Certification) and 3 (Preliminary Injunction); *see also Garland v. Aleman*

13  *Gonzalez*, 596 U.S. 543, 546 (2022) (holding 8 U.S.C. § 1252(f) deprived district courts of jurisdiction

14  to entertain class-wide injunctive relief to immigration detainees seeking bond hearings under

15  § 1231(a)(6)).

16                              **STANDARD OF REVIEW**

17          The class action "is an exception to the usual rule that litigation is conducted by and on behalf

18  of the individual named parties only." *Wal-Mart Stores*, 564 U.S. at 348 (quoting *Califano*, 442 U.S.

19  at 700–01). To fall within this narrow exception, Plaintiffs must "affirmatively demonstrate" their

20  compliance with each element of Rule 23—"that is, [they] must be prepared to prove that there are in

21  fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores*, 564 U.S.

22  at 350; *see also McCarthy v. Kleindienst*, 741 F.2d 1406, 1414 n.9 (D.C. Cir. 1984) ("It is the party

23

24  DEFENDANTS' OPPOSITION TO
   PLAINTIFF'S MOTION FOR CLASS                    6
   CERTIFICATION
   [CASE NO. 3:25-CV-05240-TMC]

1    seeking class certification that bears the burden of establishing the class action requirements."). This

2    is not just a "mere pleading standard." *Id.* "[A]ctual, not presumed, conformance" with Rule 23 is

3    "indispensable," *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982), and certification is

4    proper only if the Court is satisfied "after a rigorous analysis" that Plaintiffs have shown that each

5    requirement of the Rules has been met. *Wal-Mart Stores*, 564 U.S. at 350–51.

6        Plaintiff must demonstrate each element of Rule 23(a) is met: (1) the class is so numerous that

7    joinder is impractical ("numerosity"); (2) there are questions of law or fact common to the class

8    ("commonality"); (3) the claims or defenses of the Named Plaintiff is typical of claims or defenses of

9    the class ("typicality"); and (4) the Named Plaintiffs and counsel will fairly and adequately protect the

10   interests of the class ("adequacy of representation"). Fed. R. Civ. P. 23(a).

11       To satisfy the commonality element, identifying one or more common questions is not enough.

12   "It is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide

13   proceeding to generate common *answers* apt to drive the resolution of the litigation" that makes a case

14   appropriate for class treatment. *Wal-Mart Stores*, 564 U.S. at 350 (emphasis in original).

15       In addition to meeting the requirements set forth in Rule 23(a), the proposed class must also

16   qualify under Rule 23(b)(1), (2), or (3). *AmChem Prods. v. Windsor*, 521 U.S. 591, 614 (1997).

17   Plaintiffs seek certification under Federal Rule of Civil Procedure 23(b)(2), which permits certification

18   where "the party opposing the class has acted or refused to act on grounds that apply generally to the

19   class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the

20   class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the individual nature of the

21   injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined

22

23

24

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE No. 3:25-CV-05240-TMC]

7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1   or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores*, 564

2   U.S. at 360.

3   **ARGUMENT**

4   **I.   The Bond Denial Class is Impermissible Because it Includes, or Potentially Includes,
         Individuals Who Have Not Suffered, or Will Not Suffer, the Same Injury.**

5

6   Plaintiff's proposed Bond Denial Class lacks typicality and commonality because it is

    overbroad. A class definition may be fatally overbroad if it "sweeps within it persons who could not
7
    have been injured by the defendant's conduct." *Ross v. Lockheed Martin Corp.*, 267 F. Supp. 3d 174,
8
    191 (D.D.C. 2017) (quoting *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009)).
9
    Having an inadequately defined or overbroad class often implicates multiple Rule 23 requirements,
10
    including typicality, commonality, and the standards for certifying an injunctive-relief class under
11
    Rule 23(b)(2).
12
13   Here, Plaintiff seeks certification of two classes, the first of which is:

14   Bond Denial Class: All noncitizens detained at the Northwest ICE Processing Center
     who (1) have entered or will enter the United States without inspection, (2) are not
     apprehended upon arrival, and (3) are not or will not be subject to detention under 8
15   U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or
     requests a bond hearing.
16
    ECF No. 2, Class Certification Motion (Mot.) at 2. The proposed "Bond Denial Class" would include
17
    individuals who have not been subjected to the so-called "bond denial policy," who have already been
18
    afforded § 1226(a) custody redetermination in the alternative, and who are detained under
19
    § 1225(b)(2).
20
21   First, the Bond Denial Class is overbroad because it sweeps in individuals who have not

    suffered the same injury that Plaintiff has pleaded, i.e., an allegation of being detained by ICE under
22
    § 1226(a), but determined by an IJ to be ineligible for a custody redetermination hearing as an applicant
23

24
    U.S. DEPARTMENT OF JUSTICE
    CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
    P.O. BOX 878, BEN FRANKLIN STATION
    WASHINGTON, D.C. 20044
    (202) 742-7118

for admission, citing § 1225(b)(2). Plaintiff's proposed class is defined by carving out those detained under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. Mot. at 2. The proposed class, however, includes aliens who are *not* applicants for admission, and therefore will not experience the same injury that Plaintiff alleges. For example, an alien may enter without inspection, not be apprehended at the time and later adjust his status to that of a lawful permanent resident (LPR). *See* 8 U.S.C. §§ 1159(b) (adjustment of status of an alien granted asylum to that of an LPR)[2]; 1255(i) (adjustment of status of certain aliens who entered without inspection to that of an LPR). When such an alien is placed into removal proceedings, e.g., because he has been convicted of a crime of domestic violence, *see* 8 U.S.C. § 1227(a)(2)(E)(i), and ICE detains him at the Northwest ICE Processing Center, he will be a member of the "Bond Denial Class," even though he is an applicant for admission and there is no reason to think the IJ would not conduct a custody redetermination hearing.

Second, the Bond Denial Class lacks commonality because it includes individuals who have received bond decisions that already include alternative findings under § 1226. Commonality requires not only common questions, but the ability of the class proceeding to "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores*, 564 U.S. at 350. It is common practice for an immigration judge to provide more than one basis to support their decisions. *See, e.g., Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024) (upholding the denial of habeas relief where the BIA properly determined that Martinez was a danger to the community who should be held without bond and observing that "[t]he BIA did not reach the immigration judge's alternative conclusion that Martinez posed a flight risk"); *Singh v. Ashcroft*, 112 F. App'x 570, 572 (9th Cir. 2004) (noting the

---

[2] Aliens who have entered the United States without inspection or apprehension may later seek asylum. *See, e.g., Singh v. Garland*, 46 F.4th 1117, 1120 (9th Cir. 2022). While the grant of asylum is not an admission, the later adjustment of status qualifies as an admission. *Matter of V-X-*, 26 I&N Dec. 147, 151-52 (BIA 2013).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

9

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

IJ's alternative finding regarding safe relocation was supported by evidence). Plaintiff's proposed class would include individuals who have received bond decisions that provide findings under § 1226(a). Plaintiff has provided the court with additional decisions (but not proposed class representatives), a number of which have received bond decisions with alternative findings with § 1226(a) factors considered. *See* ECF Nos. 5-1, 5-2, 5-3, 5-4, 5-5, 5-9, 5-10, 5-11, 5-12. These proposed class members are subject to *both* an § 1225(b)(2) holding and an alternative § 1226(a) review, and therefore a judgment affirming their right to a bond hearing under § 1226(a) would afford them no further answers or measurable relief from detention. Indeed, by receiving an alternative finding related to the § 1226(a) factors, these putative class members would have received the decision that the rest of the class claims it did not receive.

For these reasons, the Court would need to engage in an individualized inquiry to determine if a member of the class actually suffered the same injury that Plaintiff has pleaded and whether they have already received § 1226(a) review in their original bond decision. This individualized review destroys the "common answers" required to certify a class. *Wal-Mart Stores*, 564 U.S. at 350. Therefore, the Court should deny the motion to certify the Bond Denial Class.

## II. The Bond Appeal Class Cannot be Certified Because It Fails to Meet the Requirements of Rule 23(a)(2), (3), and (4).

Plaintiff's Bond Appeal Class is breathtakingly broad, and just as with the Bond Denial Class, lacks commonality and typicality required for class certification, as well as an adequate class representative. Plaintiffs seek to certify a "Bond Appeal Class: All detained noncitizens who have a pending appeal, or will file an appeal, of an immigration judge's bond hearing ruling to the Board of Immigration Appeals." Mot. at 2. This proposed class includes all *possible* appeals of a bond decision, without regard to the basis for the decision, or time which the appeal has been pending. Certification

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

10

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1    of this panoply of differing appeal postures, adjudicatory timelines, and discrete circumstances should

2    not be permitted considering the spirit and letter of Rule 23(a).

3        To satisfy commonality under Rule 23(a), the class must "generate common answers apt to

4    drive the resolution of the litigation" that makes a case appropriate for class treatment. *Wal-Mart*

5    *Stores*, 564 U.S. at 350. Commonality also "requires the plaintiff to demonstrate that the class

6    members have suffered the same injury. *Id.* at 349–50 (quotations omitted).

7        The problem here is that Plaintiff's Bond Appeal Class is far too vast to "generate common

8    answers apt to" resolve their allegations of the BIA's alleged "systematic failure to issue timely

9    decisions." *See id.*; Mot. at 14. Put differently, the "question" here is whether the BIA systematically

10   fails to timely adjudicate bond appeals. The class would seek to generate a common "answer" ringing

11   in the affirmative. *See, e.g.,* Mot. at 14. But no such "common answer" can be distilled from Plaintiff's

12   immense class of individuals whose circumstances and procedural statuses wildly differ, and where

13   determination of whether a bond appeal is timely adjudicated is best analyzed on a case-by-case basis.

14       To the extent that Plaintiff argues the Bond Appeal class "presents the same question of

15   whether . . . the APA entitles them to timely adjudication of their bond hearing appeals," such inquiry

16   is properly analyzed on a case-by-case basis under the six-factor test set forth in *Telecomm. Research*

17   *& Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (*TRAC*).[3] The Ninth Circuit has adopted the

18   *TRAC* Factor test to determine whether agency action has been unreasonably delayed. *See, e.g.,*

19

20   [3] These factors are: (1) the time agencies take to make decisions must be governed by a rule of reason[;] (2) where Congress
     has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute,
21   that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of
     economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the
     effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take
22   into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not find any impropriety
     lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *Brower v. Evans*, 257 F.3d
23   1058, 1068-69 (9th Cir. 2001) (quoting *TRAC*, 750 F.2d at 80).

24   DEFENDANTS' OPPOSITION TO                                    U.S. DEPARTMENT OF JUSTICE
     PLAINTIFF'S MOTION FOR CLASS            11            CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
     CERTIFICATION                                              P.O. BOX 878, BEN FRANKLIN STATION
     [CASE NO. 3:25-CV-05240-TMC]                                   WASHINGTON, D.C. 20044
                                                                      (202) 742-7118

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001). Since the proposed class sweeps the waterfront of all individuals who have or may file an appeal, along with their individual, unique circumstances, the *TRAC* analysis cannot be employed on a classwide basis because "(1) several of the individual TRAC factors require individualized inquiries, and (2) the task of balancing the TRAC factors requires an individualized inquiry for each class member." *See Casa Libre/Freedom House v. Mayorkas*, No. 2:22-cv-01510-ODW (JPRx), 2023 WL 3649589, at *13 (C.D. Cal. May 25, 2023).

Indeed, the length of alleged delay that any individual class member may experience varies across the board—the only thing that the proposed class members have in common is that their appeals are not adjudicated immediately; Plaintiff certainly does not, and cannot, seek immediate adjudication of an appeal. *See* ECF No. 1, Plaintiff's Complaint (Compl.) at ¶ 113, Prayer for Relief B. 3. For example, some potential class members' appeals will be adjudicated or rendered moot before any meaningful amount of time has elapsed after the filing of their appeal. Plaintiff identifies several individuals who filed appeals with the BIA but, shortly thereafter, withdrew their appeals because they were ordered removed or released from custody. These individuals include:

- J.J.C.M., who filed an appeal on August 29, 2023, and withdrew it on or around October 4, 2023. <u>Time elapsed: 36 days.</u>

- J.C.S., who filed an appeal sometime after bond was denied on January 24, 2023, and withdrew it sometime around February 22, 2024, when he was ordered removed. <u>Time elapsed: at most, 29 days.</u>

- L.I.R., who filed an appeal sometime after bond was denied on October 5, 2023, and withdrew it on November 8, 2023, after he was ordered removed on October 19, 2023.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

12

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

> Time elapsed: at most, 34 days (but his appeal was moot two weeks after the IJ denied bond).

- S.A.L., who filed an appeal on April 12, 2023, and withdrew it on May 15, 2023, after release from custody. Time elapsed: at most, 33 days.

Declaration of Christopher Stanislowski ("Stanislowski Decl.") ¶ 5, ECF No. 5. Many of the individuals that Plaintiff identifies to allege a failure in timely adjudication of a bond appeal only had appeals pending for around one month before their cases mooted out. *See id.* At the same time, Plaintiff identifies one individual who, though released from detention, has had an appeal pending for over a year and a half. And given the BIA's directive to prioritize appeals involving detained individuals, it makes sense that this non-detained individual's appeal took longer to adjudicate than others who remained in immigration detention while the BIA adjudicated their appeal. *See* 8 C.F.R. § 1003.1(e)(8) (". . . the Board member or panel to which the case is assigned shall issue a decision on the merits as soon as practicable, *with a priority for cases or custody appeals involving detained noncitizens*." (emphasis added)). Plaintiff further alleges that the "average processing time for a bond appeal was 204 days." Compl. ¶ 57. But Plaintiff has failed to plead that this alleged 204-day average processing time is based solely on appeals brought by detained aliens (rather than a mix of appeals brought by detained and non-detained individuals) *See id.*; *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 455 (D.N.J. 2004) (finding that the "regulations governing the timeliness of BIA decision-making provide for the speedier resolution of custody rulings"). Moreover, BIA regulations pertaining to the timeliness of adjudications distinguish between the simpler cases assigned to a single Board member and the more complex cases assigned to a three-member panel. *See* 8 C.F.R. § 1003.1(e)(8)(i); *compare* 8 C.F.R.

§ 1003.1(e)(5) (assigning certain appeals to a single Board member)[4] *with* § 1003.1(e)(6) (assigning

other appeals to a three-member panel).[5] There simply cannot be a common question related to appeal

adjudication time between individuals who filed and withdrew an appeal within the span of a month,

detained individuals with appeals pending for several months or more, and even still, between

individuals who are detained or not detained (but may have filed an appeal while detained)—all

without any consideration of the complexity or novelty of the underlying question(s) being appealed.

Put differently, there can be no common answers as to an appropriate adjudication timeline generated

by (1) proposed class members that have appeals pending for a short amount of time and (2) proposed

class members with appeals pending for longer.

Commonality also cannot be met because the proposed class members do not suffer from the

same injury. *See Wal-Mart Stores*, 564 U.S. at 349–50. Plaintiff asserts that the injury arising from

alleged adjudication delay comes in the form of "potentially erroneous detention due to the BIA's

systematic "failure to issue timely decisions." *See* Mot. at 14. But the time elapsed following the filing

of an appeal differs substantially from individual to individual. This means that the "injury" arising

---

[4] When an appeal is assigned to a single Board member, he or she "shall issue a brief order affirming, modifying, or remanding the decision under review . . . A single Board member may reverse the decision under review if such reversal is plainly consistent with and required by intervening Board or judicial precedent, by an intervening Act of Congress, or by an intervening final regulation." 8 C.F.R. § 1003.1(e)(5).

[5] "Cases may only be assigned for review by a three-member panel if the case presents one of these circumstances:
    (i) The need to settle inconsistencies among the rulings of different immigration judges;
    (ii) The need to establish a precedent construing the meaning of laws, regulations, or procedures;
    (iii) The need to review a decision by an immigration judge or DHS that is not in conformity with the law or with applicable precedents;
    (iv) The need to resolve a case or controversy of major national import;
    (v) The need to review a clearly erroneous factual determination by an immigration judge;
    (vi) The need to reverse the decision of an immigration judge or DHS, other than a reversal under § 1003.1(e)(5); or
    (vii) The need to resolve a complex, novel, unusual, or recurring issue of law or fact.
8 C.F.R. § 1003.1(e)(6).

---

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

14

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

from detention will change from person to person. An individual who is detained for 29 days cannot be said to suffer the same injury as an individual detained for seven months. Similarly, an individual who is released from detention while DHS appeals an IJ's order to grant bond cannot be said to suffer the same injury as an individual who remains in custody while appealing an IJ's order to deny bond. Plaintiff admits as much when he alleges that a delay only becomes unreasonably prolonged after 60 days. *See* Compl. ¶ 113, Prayer for Relief B. 3. Therefore, the Bond Appeal class is fatally overbroad because it "sweeps within it persons who could not have been injured by the defendant's conduct." *See Ross*, 267 F. Supp. 3d at 191. The Court should deny class certification.

Typicality cannot be met as to the Bond Appeal class because Plaintiff's claims are not typical of those of his proposed class. "The test of typicality is whether other members have the same or similar injury" as the class representative. *See C. P. by & through Pritchard v. Blue Cross Blue Shield of Illinois*, 705 F. Supp. 3d 1273, 1280 (W.D. Wash. 2023) (quoting *A.B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022)). Plaintiff alleges that the Bond Appeal class is subject to prolonged delays in adjudication of their appeals. Mot. at 14. Plaintiff would define a "prolonged delay" as a delay of more than 60 days. *See* Compl. at ¶ 113, Prayer for Relief B. 3.

Critically, however, Plaintiff does not share the same or similar injury as the proposed class members he seeks to represent. Indeed, as of the time of this filing, Plaintiff's bond denial appeal will have been pending for about one month. That's it. This falls short of Plaintiff's assertion that the BIA ought to render an appeal decision within 60 days. *See* Compl. ¶ 113, Prayer for Relief B. 3. Plaintiff has not been injured by any delay in the adjudication of his appeal. As such, Plaintiff's claims are not typical of the claims of the proposed Bond Appeal class.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

15

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

Plaintiff has also failed to show that he would "fairly and adequately protect the interests of the class." *Kim v. Allison*, 87 F.4th 994, 1000 (9th Cir. 2023) (quoting Fed. R. Civ. P. 23(a)(4)). The nature of class certification under Fed. R. Civ. P. 23(b)(2) amplifies the need to confirm the commitment of the class representatives, because members of a Rule 23(b)(2) class are not afforded the right to opt out of the class and are bound by any judgment. *See Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994), *as amended on denial of reh'g* (Jan. 6, 1995) ("In a Rule 23(b)(2) class action for equitable relief, the due process rights of absent class members generally are satisfied by adequate representation alone.").

Plaintiff is unable to fairly and adequately protect the proposed class's interests because, like the discussion in the commonality and typicality requirements, the proposed Bond Appeal class encompasses a broad range of individuals who have differing reasons for detention, and most importantly, whose appeals have been pending with the BIA for different lengths of time. For example, Plaintiff cannot fairly and adequately protect the interests of those individuals whose BIA appeals have been pending for longer than 60 days because his own appeal has been pending for less than that. *See Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 185-86 (9th Cir. 2014) (affirming denial of class certification where class member did not fall within the class definition); *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 360 (3d Cir. 2013) ("[W]here the lead plaintiff does not fit the class definition, the class may not be certified."). For that same reason, Plaintiff does not share the same injury as the proposed Bond Appeal class, and thus, cannot fairly and adequately protect the interests of those with appeals pending for longer than 60 days. *See Navarro v. Exxon Mobil Corp.*, No. CV 17-2477 SF (SKx) 2022 WL 22248790, at *20-21 (C.D. Cal. July 5, 2022) (finding lead plaintiff could not represent class when he did not suffer actionable harm).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

16

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1    Plaintiff is unable to meet the commonality, typicality, and adequacy requirements necessary

2    for class certification under Rule 23(a). The Court should, therefore, decline to certify the proposed

3    Bond Appeal class.

4    **III.    Plaintiff's Proposed Classes Do Not Satisfy Rule 23(b)(2)'s Requirements.**

5    Plaintiff's request for declaratory relief cannot satisfy Rule 23(b)(2) because the text of Rule

6    23 allows class certification only where a court can grant "*corresponding* declaratory relief." *See* Fed.

7    R. Civ. P. 23(b)(2) (emphasis added). Because Plaintiff does not request injunctive relief, he is unable

8    to seek "corresponding" declaratory relief under Rule 23(b). The Advisory Committee defines

9    "corresponding declaratory relief" as any remedy that "as a practical matter . . . affords injunctive

10   relief or serves as a basis for later injunctive relief." Fed. R. Civ. P. 23(b)(2) Advisory Committee

11   Note to 1996 Amendment; *see also* 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.). This definition

12   makes clear that the purpose of the Rule 23(b)(2) class was to enjoin certain action or inaction on a

13   classwide basis and that any anticipated declaratory relief issued under this provision should be

14   equivalent to an injunction to satisfy the requirements of class certification. *See id.*; *see also Coca-*

15   *Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.,* 98 F.R.D. 254, 271 (D. Del. 1983) (refusing

16   to certify a Rule 23(b)(2) class where "[d]etermination of the [] issues would not result in

17   corresponding declaratory relief that would have the effect of enjoining the defendant from acting in

18   the future"); *Sibley v. Diversified Collection Servs., Inc.*, No. 396-cv-0816, 1998 WL 355492, *4 (N.D.

19   Tex. June 30, 1998) (under Rule 23(b)(2), "the declaratory judgment should be the equivalent of an

20   injunction" (internal citations omitted)). So under Rule 23(b)(2), Plaintiff's request for declaratory

21   relief is really a request for relief that would have the effect of enjoining Defendants; it would operate

22

23

24   DEFENDANTS' OPPOSITION TO             17        U.S. DEPARTMENT OF JUSTICE
     PLAINTIFF'S MOTION FOR CLASS                    CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
     CERTIFICATION                                   P.O. BOX 878, BEN FRANKLIN STATION
     [CASE NO. 3:25-CV-05240-TMC]                    WASHINGTON, D.C. 20044
                                                     (202) 742-7118

1     as an injunction. *See id.* But again, Plaintiff has not requested injunctive relief as to the proposed

2     classes.

3            Critically, a court cannot grant relief that was not specifically requested if doing so will

4     prejudice the opposing party. *See Rental Dev. Corp. of Am. v. Lavery*, 304 F.2d 839, 842 (9th Cir.

5     1962) ("If, however, it is made to appear that the failure to ask for particular relief substantially

6     prejudiced the opposing party, Rule 54(c) does not sanction the granting of relief not prayed for in the

7     pleadings."). Granting the equivalent of an unrequested injunction against Defendants would certainly

8     prejudice them. Thus, even if the Court were to find declaratory relief appropriate here, granting such

9     relief would not satisfy Rule 23(b)(2). Plaintiff cannot meet the requirements for certification under

10     Rule 23(b)(2) and the Court should decline to certify Plaintiff's proposed classes.

11                                      **CONCLUSION**

12            For the foregoing reasons, the Court should deny Plaintiff's Motion for Class Certification.

13     DATED this 14th day of April, 2025.

14                                      Respectfully submitted,

15                                      YAAKOV M. ROTH
                                         Acting Assistant Attorney General

16  

17                                      SAMUEL P. GO
                                     Assistant Director

18                                      VICTOR M. MERCADO-SANTANA
                                     Senior Litigation Counsel

19  

20                                      MICHAEL D. ROSS
                                     Trial Attorney

21                                      */s/ Ian S. Lam*
                                     IAN S. LAM (D.C. Bar No. 90017495)

22                                      Trial Attorney
                                     U.S. Department of Justice

23  

24     DEFENDANTS' OPPOSITION TO                    U.S. DEPARTMENT OF JUSTICE
        PLAINTIFF'S MOTION FOR CLASS      18     CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
        CERTIFICATION                          P.O. BOX 878, BEN FRANKLIN STATION
        [CASE No. 3:25-CV-05240-TMC]                  WASHINGTON, D.C. 20044
                                                 (202) 742-7118

Civil Division, Office of Immigration Litigation
Washington, DC 20005
Phone: 202-307-6329
Email: Ian.S.Lam@usdoj.gov

*Attorneys for Defendants*

**I certify that this memorandum contains 5,857 words,
in compliance with the Local Civil Rules.**

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION
[CASE NO. 3:25-CV-05240-TMC]

19

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118