# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Ramon RODRIGUEZ VAZQUEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Drew BOSTOCK, et al.,<br><br>　　　　　Defendants. | Case No. 3:25-cv-05240-TMC<br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO**<br><br>Noting Date: May 14, 2025 |

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

# INTRODUCTION

On May 8, 2025, class member Alfredo Juarez Zeferino received a bond hearing before Assistant Chief Immigration (ACIJ) Judge Theresa Scala, who is charged with overseeing the Tacoma Immigration Court. Despite this Court's preliminary injunction order—which counsel for Mr. Zeferino presented to the ACIJ—and despite the class certification order in this case, ACIJ Scala denied bond *solely on the basis* that Mr. Zeferino is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because the Department of Homeland Security (DHS) alleges he entered the United States in 2008 without inspection. Alternatively, the ACIJ concluded that but for the mandatory detention provision of § 1225(b)(2), Mr. Zeferino should be released on a $5,000 bond.

As a result, Mr. Zeferino remains detained solely based on a policy that this Court has already declared likely illegal. *See* Dkt. 29; *see also Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d. --- No. 3:25-CV-05240-TMC, 2025 WL 1193850 (W.D. Wash. Apr. 24, 2025).[1] The harm here is unmistakable: each day Mr. Zeferino continues to remain in detention is one that he could be free, but for the Tacoma Immigration Court's policy of denying bond to people like him based on a plain misinterpretation of the Immigration and Nationality Act (INA). And for that same reason—and given how long appeals to the Board of Immigration Appeals (BIA) take—excusing the prudential exhaustion requirement is appropriate.[2] The Court should accordingly order Defendants to honor the terms of bond provided in the alternative in the May 8, 2025, decision and order Mr. Zeferino's release upon payment of the $5,000 bond to DHS.

---

[1]   Plaintiffs cite to the docket version of this ruling below.
[2]   Class counsel appreciate that repeated time-sensitive motions may burden the Court's resources. Plaintiffs intend to move for summary judgment to seek classwide relief as to the Bond Denial Class when Defendants file their answer.

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO. - 1
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

# STATEMENT OF FACTS

**I.   The ACIJ Denied Bond to Mr. Zeferino—a Longtime Washington Resident—Based Solely on a Policy This Court Has Declared Likely Illegal.**

Mr. Zeferino is a twenty-five-year-old longtime Washington State resident and civic leader. *See generally* Maltese Decl. Ex. A; Zeferino Decl. ¶¶ 1, 3, 5, 12.[3] He has lived around the Skagit Valley and Whatcom County area since 2012. Zeferino Decl. ¶ 3. He grew up in a farmworker family and attended Burlington High School. *Id.* He has seven siblings and is an important source of support to his five youngest siblings, all of whom are U.S. citizens. *Id.* ¶¶ 4–5; Ex. A at 4–10, 20, 31, 36, 42. Mr. Zeferino is a valued member of his community. He is a well-known farmworkers' rights activist, *see, e.g.*, Ex. A at 19, 24, 27, having founded an independent farmworker union called Familias Unidas por la Justicia (Families United For Justice) when he was a teenager, Ex. A at 11, 14; Zeferino Decl. ¶ 12. He is also a local indigenous leader, acting as a voice for the Mixteco and Triqui communities of the Skagit Valley and Whatcom County areas, both as an interpreter and in political advocacy and outreach at the local level and the state level. *See, e.g.*, Ex. A at 11, 12, 14, 15, 16, 17, 18, 19, 20, 22, 24, 27, 29, 31, 33, 36–37, 39.

Mr. Zeferino was arrested by immigration officers on March 25, 2025, and sent to the Northwest ICE Processing Center (NWIPC), where he is currently detained. Ex. E at DHS-2, 4. He is a member of the Bond Denial Class, as the Government alleges (1) that he is present in the United States without admission, *id.* at DHS-1; and (2) that he was not apprehended upon his alleged arrival into the country, *id.* at DHS-9; additionally, (3) he was not subject to detention

---

[3] All subsequent references to exhibits in this motion are to those accompanying the concurrently-filed declaration of Sydney Maltese.

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO. - 2
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

under either 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time he requested a bond hearing.[4] *See* Dkt. 32 at 43 (defining Bond Denial class).

On May 6, following this Court's grant of preliminary injunctive relief for Named Plaintiff Ramon Rodriguez Vazquez in this case, *see* Dkt. 29, Mr. Zeferino requested a bond hearing, *see* Ex. A. In support of his request, he presented ACIJ Scala with a copy of this Court's preliminary injunctive ruling, Ex. B, finding that the Tacoma Immigration Court's policy of holding that class members such as Mr. Zeferino were subject to mandatory detention as "arriving" noncitizens was likely incorrect (or "at least shown serious questions" as to its soundness), and that they are instead likely detained under § 1226(a), which permits them to be released on bond, *see* Dkt. 29 at 22–32. He also presented letters of support from more than 20 friends, family, and community leaders, including various elected officials, attesting to his moral character and invaluable community contributions. *See, e.g.*, Ex. A at 11 (U.S. Senator Maria Cantwell), 12–13 (U.S. representatives Rick Larsen, Pramila Jayapal, and Emily Randall), 14 (Washington State Senator Rebecca J. Saldaña), 15 (Washington State Senator Sharon Shewmake), 16 (Washington State Representative Julio Cortes), 17 (Mount Vernon City Council Member Richard Brocksmith), 18 (Mount Vernon City Council member Andrew Vander Stoep),

---

[4] As Mr. Zeferino has no criminal history, Ex. A at 1; Ex. E at DHS-2, he is not subject to detention under § 1226(c), which governs "[d]etention of criminal [noncitizens]," 8 U.S.C. § 1226(c). Because he was not (and could not be) placed in expedited removal proceedings, he is not subject to detention under § 1225(b)(1). *See* Dkt. 29 at 7 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018), as explaining that "[i]ndividuals that fall into Section 1225(b)(1) are 'normally ordered removed without further hearing or review pursuant to an expedited removal process' unless claiming asylum or fear of persecution"). Finally, since his previous removal proceedings were reopened, Ex. C at 1–2, there is no final order of removal against Mr. Zeferino, *see Nken v. Holder*, 556 U.S. 418, 429 n. 1 (2009) (grant of reopening "vacates the final order of removal and, therefore, there is no longer a final order of removal" (citation omitted)). He therefore cannot be subject to detention under § 1231, which governs detention of noncitizens "ordered removed." 8 U.S.C. § 1231.

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO. - 3
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

19 (executive director of community organization Rosalinda Guillen), 20 (community leader and Whatcom County Charter Review Commission chair), 24 (director of Institute for Washington's Future), 27 (member of statewide environmental justice coalition), 28–30 (members of Skagit Immigration Support Task Force). In her letter, Rosalinda Guillen, Executive Director of Community to Community Development Projects, commended him for his "leadership" in the "Statewide social justice and labor movement," and described him as "a leading voice and advocate for indigenous Mixteco farmworkers in Washington State." *Id.* at 19.

On May 8th, after receiving and considering this Court's decision, *see* Ex. B, ACIJ Scala denied Mr. Zeferino release on bond pursuant to the Tacoma Immigration Court's policy that individuals charged with having entered the United States without inspection are noncitizens subject to mandatory detention under 8 U.S.C. § 1225(b)(2), despite not being apprehended upon their alleged entry and irrespective of how long they have lived in the United States. *See* Ex. F (bond decision noting the court has "[n]o [j]urisdiction" over Mr. Zeferino's bond request as he is allegedly subject to "[m]andatory [d]etention"); Zeferino Dec. ¶¶ 10–11. ACIJ Scala also alternatively found that if he was not subject to mandatory detention, Mr. Zeferino could be released on a $5,000 bond. Ex. F.[5] Mr. Zeferino has filed a notice of appeal challenging the ACIJ's jurisdictional finding. Zeferino Decl. ¶ 13.

---

[5] The ACIJ's order also marks with an "X" the box for "Alternative Ruling," and notes "Flight Risk." Ex. F. This reflects the basis of the ACIJ's bond amount determination—i.e., why in her view Mr. Zeferino should not be released on a grant of conditional parole, as permitted by § 1226(a), and should instead be required to pay a bond (if the alternative finding were to apply).

MOT. FOR TEMP. RESTR. ORDER ON
BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO. - 4
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

## II.    The ACIJ's Ruling Is Part of a Court Policy, as This Court Previously Recognized.

The existence of the Tacoma Immigration Court's bond denial policy is not in dispute. Dkt. 29 at 5, 7–8.[6]

The immigration detention authority provisions in this case are § 1226 and § 1225(b). *See* Dkt. 29 at 5–7. Subsection 1226(a) provides the "default" detention authority for individuals in removal proceedings, allowing for the release of noncitizens "on . . . bond or conditional parole." Dkt. 29 at 5 (internal quotation marks omitted) (quoting *Jennings*, 583 U.S. at 288). Subsection 1226(c) specifies a subset of noncitizens in removal proceedings for whom detention is mandatory given that they "have committed certain 'enumerated . . . criminal offenses [or] terrorist activities,'" including for noncitizens charged as being present in the country without being admitted or paroled who have been "arrested for, charged with, or convicted of certain crimes." Dkt. 29 at 5–6 (alterations in original) (quoting *Jennings*, 583 U.S. at 288).

Subsection 1225(b) for its part "supplement[s] § 1226's detention scheme." Dkt. 29 at 6 (alteration in original) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). It focuses on the detention governing noncitizens "seeking entry into the United States," which the statute refers to as "applicants for admission." Dkt. 29 at 6 (quoting *Jennings*, 583 U.S. at 297). Paragraph 1225(b)(1) applies to individuals placed in an expedited removal process (unless they assert a fear of return to their home countries). Dkt. 29 at 7. Paragraph 1225(b)(2), which mandates detention during the pendency of removal proceedings, applies to a noncitizen whom "the examining immigration officer determines . . . seek[s] admission [but] is not clearly and beyond a doubt entitled to be admitted." Dkt. 29 at 7 (quoting *Rodriguez Diaz*, 53 F.4th at 1197).

---

[6]    In light of the earlier preliminary injunctive ruling in this case, Mr. Zeferino provides only a brief summary of the relevant statutory and factual background.

MOT. FOR TEMP. RESTR. ORDER ON
BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO. - 5
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

Immigration authorities have long recognized that § 1226(a) furnishes the detention authority for "individuals who entered the United States unlawfully, but who were later apprehended within the borders of the United States long after their entry." Dkt. 29 at 30 (quoting Dkt. 3 at 15). But in late 2022, the Tacoma Immigration Court began holding that such individuals were instead subject to mandatory detention under § 1225(b)(2) as "inadmissible [noncitizens] who are 'applicants for admission.'" Dkt. 29 at 7–8 (alteration in original) (quoting Dkt. 22 at 16). Accordingly, the Tacoma Immigration Court has concluded that it lacks jurisdiction to review the Department of Homeland Security's detention of Bond Denial Class members. Dkt. 29 at 8. This change in policy has resulted in the denial of bond to hundreds of noncitizens with well-established and deep ties to the United States, such as Mr. Zeferino. Dkt. 29 at 8. That Mr. Zeferino was denied release on bond pursuant to the Tacoma Immigration Court policy giving rise to this suit is clear, as the order alternatively finds that but for being subject to mandatory detention, he should be released upon posting a $5,000 bond. *See* Ex. F.[7]

## ARGUMENT

On a motion for a TRO, the movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and TRO standards are "substantially identical"). A TRO may issue where "serious questions going to the

---

[7] Defendants have not contested the existence of this policy. *See* Dkt. 21 (opposition to Named Plaintiff Rodriguez's motion for preliminary injunctive relief); Dkt. 23 (opposition to class certification). This Court has recognized this policy exists, *see* Dkt. 29 at 7–8; and both the experiences of the Named Plaintiff, Dkt. 29 at 10–11, and Mr. Zeferino, *supra* p. 4, confirm it.

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO. - 6
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

merits [are] raised and the balance of hardships tips sharply in [plaintiff's] favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (second alteration in original) (citation omitted).[8]

I. **Mr. Zeferino Satisfies All the Factors Required For a TRO.**

   A. **Mr. Zeferino is likely to succeed on the merits of his argument that he is detained under § 1226(a), not § 1225(b)(2).**

As the Court previously explained in its preliminary injunction (PI) decision, Mr. Zeferino is likely to succeed on his claim that he is detained under 8 U.S.C. § 1226(a) and not § 1225(b)(2).

First, "[a] plain reading of" the language of § 1226(a) demonstrates that "the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who, like [Mr. Zeferino], is [alleged to be] present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)." Dkt. 29 at 24. This is because § 1226(a) applies to anyone who is detained "pending a decision on whether the [noncitizen] is to be removed from the United States," 8 U.S.C. § 1226(a), and carves out only certain noncitizens, including those who have entered without inspection, where they have been arrested for, charged with, or convicted of certain crimes. *See, e.g., id.* § 1226(c)(1)(E). Carving out only a subset of people who entered without inspection in subparagraph (c)(1)(E) strongly supports the class's interpretation of the statute. As the Court observed in its decision, "when Congress creates 'specific exceptions' to a statute's applicability, it 'proves' that absent those exceptions, the statute generally applies." Dkt. 29 at 24 (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)).

---

[8] As the Court is well aware, the issues presented here are virtually identical to those presented in the previous motion for a preliminary injunction on behalf of Named Plaintiff Ramon Rodriguez Vazquez. Accordingly, Mr. Zeferino only briefly summarizes those arguments below.

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO. - 7
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

Second, several canons of interpretation support concluding Mr. Zeferino is detained under § 1226(a). To begin, the Tacoma Immigration Court's interpretation "would render significant portions of Section 1226(c) meaningless." Dkt. 29 at 26. As the Court explained, this is so because if "Section 1225 . . . and its mandatory detention provisions apply to all noncitizens who have not been admitted, then it would render superfluous provisions of Section 1226 that apply to certain categories of inadmissible noncitizens." *Id.* (internal citation and quotation marks omitted). That would violate the well-established rule that courts "must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Shulman v. Kaplan*, 58 F.4th 404, 410–11 (9th Cir. 2023) (citation omitted). In agreeing with Plaintiffs on this point, the Court also noted that the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) affords support on this point. Dkt. 29 at 27. There, the Supreme Court observed that § 1225(b)(2)'s mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether a[] [noncitizen] seeking to enter the country is admissible." 583 U.S. at 287. By contrast § 1226(a) and (c) "authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Id.* at 289.

The Court also noted that the Laken Riley Act's (LRA)' recent amendments to § 1226 should be "presume[d] . . . to have real and substantial effect." Dkt. 29 at 28 (quoting *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). As the Court explained, these amendments explicitly provide that § 1226(a) covers individuals like Mr. Zeferino who enter without inspection. The "'specific exceptions' [in the LRA] for inadmissible noncitizens who are arrested, charged with, or

MOT. FOR TEMP. RESTR. ORDER ON
BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO. - 8
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

convicted of the enumerated crimes logically leaves those inadmissible noncitizens not criminally implicated under Section 1226(a)'s default rule for discretionary detention." *Id.*

The last canon the Court turned to in its PI decision was the presumption that "'[w]hen Congress adopts a new law against the backdrop of a longstanding administrative construction,' courts 'generally presume the new provision should be understood to work in harmony with what has come before.'" *Id.* at 28–29 (alteration in original) (quoting *Monsalvo Velazquez v. Bondi*, 145 S. Ct. 1232, 1242 (2025)). As the Court observed, this canon also supports Mr. Zeferino, because "Congress adopted the new amendments to Section 1226(c) against the backdrop of decades of post-[Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)] agency practice applying discretionary detention under Section 1226(a) to inadmissible noncitizens such as [the Named Plaintiff]." *Id.* at 29.

Third, the Court explained that the legislative history supports understanding the statute to afford Mr. Zeferino a bond hearing. "Because noncitizens like [the Named Plaintiff] were entitled to discretionary detention under Section 1226(a)'s predecessor statute and Congress declared its scope unchanged by IIRIRA, this background supports Rodriguez's position that he too is subject to discretionary detention." *Id.* at 30.

Fourth, and finally, the Court noted that longstanding agency practice has afforded bond hearings to people like Mr. Zeferino and class members. Dkt. 29 at 30–31. Indeed, agency regulations in 1997 explicitly explained that people like them were covered by § 1226(a). *See* Inspection and Expedited Removal of Aliens, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997). The Court explained that "this guidance and the agency's subsequent years of unchanged practice is persuasive" in further understanding § 1226(a) to apply to class members. Dkt. 29 at 31. The Court also noted support for this conclusion in the BIA's unpublished decisions reversing

MOT. FOR TEMP. RESTR. ORDER ON
BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO. - 9
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

Tacoma IJs. *Id.*; *see also Matter of R-A-V-P-*, 27 I. & N. Dec. 803–804 (BIA 2020) (referencing § 1226(a) as detention authority for a noncitizen who unlawfully entered the United States the prior year and who was detained soon thereafter).

### B. Mr. Zeferino will suffer irreparable harm absent an injunction.

Irreparable harm is plainly established here and warrants this Court's swift and immediate action to order Mr. Zeferino's release on the alternative terms of the bond that the ACIJ set. But for the policy that Mr. Zeferino is subject to mandatory detention under § 1225(b)(2), Mr. Zeferino would have paid his bond and would be free, living again with his family and community. Zeferino Decl. ¶ 14; *see also id.* ¶¶ 15–19 (attesting to the prison-like, miserable conditions of "civil" detention at the NWIPC). The harm here is not merely the *potential* to be released following a custody hearing; rather, he is now "needlessly detained" *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013), and he "suffers . . . irreparable harm every day that he remains in custody" because the only reason he is incarcerated is the Tacoma Immigration Court's policy. Dkt. 29 at 33 (quoting *Cortez v. Sessions*, 318 F. Supp. 3d 1134, 1139 (N.D. Cal. 2018)).

Mr. Zeferino is also unable to be with or support his family. Zeferino Decl. ¶¶ 4–5, 20. Such "separation from family members" is an important irreparable harm factor. *Leiva-Perez v. Holder*, 640 F.3d 962, 969–70 (9th Cir. 2011) (per curiam) (citation omitted); *see also, e.g.*, *Washington v. Trump*, 847 F.3d 1151, 1169 (9th Cir. 2017) (per curiam) ("separated families" are a "substantial injur[y] and even irreparable harm[]"); *Gonzalez Rosario v USCIS*, 365 F. Supp. 3d 1156, 1162 (W.D. Wash. 2018) (recognizing a "negative impact on human welfare" when noncitizens "are unable to financially support themselves or their loved ones"); *see also* Dkt. 29 at 18–19 (recognizing similar form of harm are irreparable in context of exhaustion analysis).

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO. - 10
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

Additionally, NWIPC's conditions are horrendous—Mr. Zeferino describes repeatedly being served undercooked meals (including meat), overcrowding and understaffing and lack of medical care, and extreme limitations on his ability to be outside. Zeferino Decl. ¶¶ 15–19. This has understandably placed a great emotional and mental toll on Mr. Zeferino. *Id.* ¶¶ 19–20. Such "emotional stress, depression and reduced sense of well-being" further support a finding of irreparable harm. *Chalk v. U.S. Dist. Ct.*, 840 F.2d 701, 709 (9th Cir. 1988); *see also Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181–82 (W.D. Wash. 2020) ("[S]tress, devastation, fear, and depression" arising from unlawful immigration policy are the type of "harms [that] will not be remedied by an award of damages."), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022).

### C. The balance of hardships and public interest weigh heavily in Mr. Zeferino's favor.

Finally, as this Court previously recognized, the last two preliminary injunction factors favor Mr. Zeferino. On the one hand, "[t]he harm to the government here is minimal." Dkt. 29 at 34. After all, "the undisputed record [shows] that the practice [Mr. Zeferino] seeks to enjoin is an outlier to the government's longstanding interpretation and enforcement of its immigration laws." *Id.* Defendants "cannot suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez*, 715 F.3d at 1145. Similarly, "it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (second alteration in original) (citation omitted). Of course, by contrast, the harms that Mr. Zeferino faces are far more significant, and include separation from his family, community, employment, and much more. Zeferino Decl. ¶¶ 4–5, 15–20. These facts tilt these final two factors strongly in Mr. Zeferino's favor. Dkt. 29 at 34–35; *see also Hernandez v.*

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO. - 11
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

*Session*, 872 F.3d 976, 996 (9th Cir. 2017) ("[T]he balance of hardships tips decidedly in plaintiffs' favor" when "[f]aced with such a conflict between financial concerns and preventable human suffering." (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983))).

## II.    Prudential Exhaustion Is Not Required.

As in its PI order, the Court should not require exhaustion here. *See* Dkt. 29 at 13–21. Exhaustion is appropriate where "administrative remedies are inadequate or not efficacious, . . . [or] irreparable injury will result . . . ." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). In addition, a court may waive an exhaustion requirement when "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action." *McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992), *superseded by statute on other grounds as stated in Booth v. Churner*, 532 U.S. 731, 739–41 (2001). "Such prejudice may result . . . from an unreasonable or indefinite timeframe for administrative action." *Id.* at 147 (citing cases). In its preliminary injunction decision, the Court also explained that waiving exhaustion is generally not appropriate when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Dkt. 29 at 13 (quoting *Hernandez*, 872 F.3d at 988).

The factors from *Hernandez* and the Ninth Circuit's decision in *Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007) "do not weigh in favor of requiring prudential exhaustion." Dkt. 29 at 14. First, there is no need for agency expertise. After all, "[t]he task of resolving . . . question[s] of statutory interpretation belongs to the independent judgment of the courts." *Id.* (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385 (2024)). Second, addressing Mr. Zeferino's motion on the merits will not encourage other persons to bypass the administrative appeal

MOT. FOR TEMP. RESTR. ORDER ON
BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO. - 12
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

scheme in making other claims. In contrast, claims made in this case challenge a clear policy that has led to a certified class action, where (1) Defendants have declined to apply the holding from this Court's order to other class members, and (2) 8 U.S.C. § 1252(f)(1) requires individual injunctions in the context of challenges to a detention statute. *See Garland v. Aleman Gonzalez*, 596 U.S. 543, 552–54 (2022). As the Court previously acknowledged, this case "will provide concrete guidance for future administrative proceedings" because it will resolve the issue on a classwide basis at final judgment. Dkt. 29 at 15; *see also Rivera v. Holder*, 307 F.R.D. 539, 551 (W.D. Wash. 2015) (similar); *Hernandez*, 872 F.3d at 989 (similar). Finally, the third factor that guides courts in weighing whether exhaustion is warranted also does not weigh in Defendants' favor, but is at most "neutral"—as this Court previously observed. Dkt. 29 at 16. While the BIA might eventually overturn the ACIJ's decision, the BIA has refused to issue a published decision that clarifies the law and eliminates the ongoing, unlawful denial of bond in cases like Mr. Zeferino's. Dkt. 29 at 16; *see also* Dkt 4-4 at 2. Indeed, not only are the Tacoma IJs ignoring the BIA, but it appears they intend to disregard this Court's reasoning too until classwide relief is issued. *See* Ex. F. In this context—where the BIA's failure to correct the harm that class members suffer continues—this factor does not support requiring exhaustion.

In addition, the exceptions regarding irreparable injury and agency delay apply and warrant waiving any prudential exhaustion requirement. Defendants have not "dispute[d] [the class's] evidence of the protracted nature of BIA appeals." Dkt. 29 at 17. Indeed, "EOIR data show[s] an average processing time of 204 days for bond appeals in 2024." *Id.*

That lengthy process inflicts significant harms on Mr. Zeferino and supports excusing the administrative exhaustion requirement. In fact, the circumstances here are even more compelling than in the Court's preliminary injunction decision, where the Court recognized that "the

MOT. FOR TEMP. RESTR. ORDER ON
BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO. - 13
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

uncontested evidence . . . shows it is very likely [the Named Plaintiff] will be granted conditional release." Dkt. 29 at 18. Here, the ACIJ held that Mr. Zeferino would be released but for her conclusion that mandatory detention under § 1225(b)(2) applies. Ex. F. Accordingly, "the only thing preventing [Mr. Zeferino] from conditional release pending the outcome of the removal proceedings is the . . . statutory violation." Dkt. 29 at 18. As the Court previously stated, such continued detention constitutes irreparable harm. *Id.* at 17–18 (rejecting Defendants' argument that "detention alone" cannot result in irreparable harm); *see also id.* at 18–19 (citing cases recognizing irreparable harm in situations akin to this one); *id.* at 20 (rejecting Defendants' argument that the unlawful detention must last many months to justify waiving the exhaustion requirement).

Moreover, Mr. Zeferino also faces other harms, including separation from his family and an inability to help provide for them. Zeferino Decl. ¶¶ 4–5, 20. This Court previously explained that while such harms are "the same type of harm any person who is detained may suffer, they are [nonetheless] irreparable in nature." Dkt. 29 at 18 (alteration in original) (quoting *Marroquin Ambriz v. Barr*, 420 F. Supp. 953, 962 (N.D. Cal. 2019)). Thus, these harms similarly support a finding of irreparable harm and waiving the exhaustion requirement.

## CONCLUSION

For the foregoing reasons, Mr. Zeferino respectfully requests the Court grant his motion for a temporary restraining order and order his release on the alternative terms of bond set forth in the ACIJ's bond order.

MOT. FOR TEMP. RESTR. ORDER ON
BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO. - 14
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

Respectfully submitted this 14th day of May, 2025.

s/ Matt Adams
Matt Adams, WSBA No. 28287
matt@nwirp.org

s/ Leila Kang
Leila Kang, WSBA No. 48048
leila@nwirp.org

s/ Glenda M. Aldana Madrid
Glenda M. Aldana Madrid, WSBA No. 46987
glenda@nwirp.org

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974
aaron@nwirp.org

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 957-8611

*Counsel for Mr. Zeferino and the Certified Classes*

## WORD COUNT CERTIFICATION

I certify that this memorandum contains 4,598 words, in compliance with the Local Civil Rules.

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 816-3872
aaron@nwirp.org

MOT. FOR TEMP. RESTR. ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO. - 15
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611