# EXHIBIT E

**Erin J. Clifford**  **DETAINED**
Chief Counsel
**James S. Yi**
Deputy Chief Counsel
**Morena R. Campbell**
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
1623 East J Street, Suite 2
Tacoma, WA 98421

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
TACOMA, WASHINGTON

May 7, 2025

| In the Matter of: | File No. A███ |
| --- | --- |
| JUAREZ-CEFERINO, ALFREDO | |
| Respondent, | |
| In Removal Proceedings | |

Immigration Judge: Scala, Theresa
Next Hearing: 5/8/2025

**DHS NOTICE OF EVIDENCE**

## DHS NOTICE OF EVIDENCE

The United States Department of Homeland Security (DHS), Immigration and Customs Enforcement respectfully offers the following attached documents for consideration in the above-stated case. The documents are offered for the information contained therein.

| A. | Record of Deportable/Inadmissible Alien (Form I-213) 2025 | pp. 1 – 4 |
| B. | IJ Removal Order In Absentia from March 27, 2018 | pp. 5 - 6 |
| C. | Record of Deportable/Inadmissible Alien (Form I-213) 2015 | pp. 7 - 9 |
| D. | DHS Reply to Respondent's MTR | pp. 10 - 15 |

Respectfully submitted,

*Morena Campbell*
**Morena R. Campbell**
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that, on **May 7, 2025**, I served a copy of this

## DHS NOTICE OF EVIDENCE

and any attached pages:

☐ U.S. MAIL: by first class mail to the person at the address set forth below.

☐ INTER-FACILITY MAIL: to the person at the address set forth below.

☒ ECAS: Service by electronic filing in ECAS, in accordance with applicable regulations, to the person listed below. Both parties participate in the ECAS filing system.

☐ HAND DELIVERY.

**PARTIES SERVED:**

ALFREDO JUAREZ-CEFERINO
NWIPC
1623 East J Street, Suite 5
Tacoma, WA 98421

☒ ATTORNEY FOR RESPONDENT
   Kenneth Larkin VanDerhoef

*Morena Campbell*
**Morena R. Campbell**
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

| U.S. Department of Homeland Security | Subject ID : 397942595 | Record of Deportable/Inadmissible Alien |
|---|---|---|

| Family Name (CAPS) **JUAREZ-CEFERINO, ALFREDO** | First | Middle | Sex **M** | Hair **BLK** | Eyes **BRO** | Cmplxn **MBR** |
|---|---|---|---|---|---|---|
| Country of Citizenship **MEXICO** | Passport Number and Country of Issue | File Number **FDL2502000003** | Height **63** | Weight **150** | Occupation **LABORER** | |
| U.S. Address **NWIPC 1623 E J STREET #5 TACOMA, WASHINGTON, 98421** | | | Scars and Marks | | | |
| Date, Place, Time, and Manner of Last Entry | | Passenger Boarded at | F.B.I. Number **733375FH9** | ☐ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated | | |
| Number, Street, City, Province (State) and Country of Permanent Residence **SANTA CRUZ, GUERREROMEXICO** | | | Method of Location/Apprehension **L NA** | | | |
| Date of Birth /1996   Age: 28 | Date of Action **03/25/2025** | Location Code **FDL/SEA** | At/Near **See I-831** | Date/Hour **03/25/2025 10:24** | | |
| City, Province (State) and Country of Birth **SANTA CRUZ, GUERRERO, MEXICO** | AR ☒   Form : (Type and No.) Lifted ☐ Not Lifted ☐ | | By **See Narrative** | | | |
| NIV Issuing Post and NIV Number | Social Security Account Name | | Status at Entry | Status When Found | | |
| Date Visa Issued | Social Security Number | | Length of Time Illegally in U.S. | | | |
| Immigration Record **NEGATIVE** | Criminal Record **None Known** | | | | | |
| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | | | Number and Nationality of Minor Children **None** | | | |
| Father's Name, Nationality, and Address, if Known **JUAREZ-GARCIA, ANTONIO  NATIONALITY: MEXICO ADDRESS: , SANTA CRUZ, GUERRERO, MEXICO** | | | Mother's Present and Maiden Names, Nationality, and Address, if Known **JUAREZ-CEFERINO, LUCIANA NATIONALITY: MEXICO ADDRESS: , SANTA CRUZ, GUERRERO, MEXICO** | | | |
| Monies Due/Property in U.S. Not in Immediate Possession **None Claimed** | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) **See Narrative** | | | |
| Name and Address of (Last)(Current) U.S. Employer | | Type of Employment | Salary Hr | Employed from/to | | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN: 1187937967                Left Index fingerprint                Right Index fingerprint

**Subject Health Status**
----------------
**The subject claims good health.**


**Current Administrative Charges**
------------------------------
**03/25/2025 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)**



**...(CONTINUED ON I-831)**


                                                           **JUSTIN BERG**
                                                           **DO**
Alien has been advised of communication privileges _____   _____
                                                    (Date/Initials)           (Signature and Title of Immigration Officer)

Distribution:                  Received: (Subject and Documents)   (Report of Interview)

**File**                       Officer: **JUSTIN BERG**

**Stats**                      on: **March 25, 2025**                          (time)

                               Disposition: **Other**
**Intel**
                               Examining Officer: _____

Form I-213 (Rev. 08/01/07)

DHS - 1

U.S. Department of Homeland Security | Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| JUAREZ-CEFERINO, ALFREDO | ▮▮▮▮ Event No: FDL2502000003 | 03/25/2025 |

**Previous Criminal History**
----------------------------------------
Subject has no criminal history

**ARRESTING AGENTS**
--------------------
TOBY LEDGERWOOD
JUSTIN BERG

**FUNDS IN POSSESSION**
----------------------------------------
United States Dollar 536.00

**At/Near**
----------------------------------------
Sedro Woolley, WA


Record of Deportable/Excludable Alien:
JUAREZ-CEFERINO, ALFREDO is known to ICE/ERO Ferndale office as having a Final Order of removal. JUAREZ-CEFERINO is a fugitive alien, B&B. See initial encounter under event # BLH1506000004.

An I-200 Warrant of Arrest was issued for JUAREZ-CEFERINO February 5, 2025.

At approximately 0715 hrs. on March 25, 2025, officers/agents observed JUAREZ-CEFERINO as well as another subject in the passenger seat leaving his address, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, in Sedro Woolley, WA, in a black Ford Fusion, license# ▮▮▮▮▮▮▮.
At approximately 0717 hrs., ICE/ERO officers with Border Patrol Blaine Sector Anti-Smuggling Unit (ASU) Agents, HSI Blaine Special Agents, and DEA Agents conducted a vehicle stop at the 500 Block of Reed St, Sedro Woolley, WA. They approached the vehicle, identified themselves, and donned government-issued outer carriers marked with "Police, ICE, USBP, HSI, DEA." Officers asked JUAREZ-CEFERINO to roll his window down. JUAREZ-CEFERINO refused to roll his window down and held his identification card up to the window confirming his identity.

Officers informed JUAREZ-CEFERINO of the immigration warrant for his arrest and that he was under arrest at 0718 hrs. Officers/Agents ordered JUAREZ-CEFERINO to exit the vehicle, however, he refused to comply with lawful orders. The officers/agents again instructed JUAREZ-CEFERINO to step out of the vehicle, however, he continued to refuse to comply, Officers/Agents informed JUAREZ-CEFERINO that the window would be broken if he did not comply with lawful orders. JUAREZ-CEFERINO continued to refuse to follow officer/agent commands. Due to the officer/agent concerns for their safety, and the subject's continued failure to comply with lawful orders, officers/agents proceeded to break the driver's side window, unlock the door, and remove him from the vehicle in order to effect the arrest. JUAREZ-CEFERINO was uninjured during the process.

Officers searched JUAREZ-CEFERINO, placed him in handcuffs, and secured his personal property. Officers then transported JUAREZ-CEFERINO to the ICE/ERO office in Ferndale, WA, for further processing.

At the ICE/ERO office, officers read JUAREZ-CEFERINO's his rights and took a sworn statement. JUAREZ-CEFERINO stated he would not answer further questions or sign any documents without a lawyer.

| Signature | Title |
|---|---|
| JUSTIN BERG | DO |

___2___ of ___4___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

DHS - 2

| U.S. Department of Homeland Security | | Continuation Page for Form I-213 |
|---|---|---|
| Alien's Name<br>**JUAREZ-CEFERINO, ALFREDO** | File Number<br>█████████<br>Event No: FDL2502000003 | Date<br>03/25/2025 |

Officers entered JUAREZ-CEFERINO into the Enforce/Ident System, which returned positive results.

DHS database checks confirmed that JUAREZ-CEFERINO had no pending immigration applications with Citizenship and Immigration Services. Additionally, biometric and database checks revealed that JUAREZ-CEFERINO had entered the United States on an unknown date and location without inspection, admission, or parole by an Immigration Officer. As such, JUAREZ-CEFERINO violated Sections 212(a)(6)(A)(i), of the INA, as amended, 8 USC 1182, and 8 USC 1325A1.

JUAREZ-CEFERINO has an issued A# █████████ .

Officers granted JUAREZ-CEFERINO phone access, and he made a phone call.

Officers asked JUAREZ-CEFERINO if he had any fear of returning to Mexico. JUAREZ-CEFERINO refused to answer without a lawyer.

Officers asked JUAREZ-CEFERINO if JUAREZ-CEFERINO had any reason to believe he was a U.S. citizen. JUAREZ-CEFERINO refused to answer without a lawyer.

Officers asked if one or both of JUAREZ-CEFERINO's parents were U.S. citizens. JUAREZ-CEFERINO refused to answer without a lawyer.

Officers asked if JUAREZ-CEFERINO or if his family members had ever served in the U.S. military. JUAREZ-CEFERINO refused to answer without a lawyer.

Officers asked JUAREZ-CEFERINO if he was married and if he had children. JUAREZ-CEFERINO refused to answer without a lawyer.

Officers asked JUAREZ-CEFERINO he had any pending applications that would allow him to remain in the United States legally. JUAREZ-CEFERINO refused to answer without a lawyer.

Officers asked if JUAREZ-CEFERINO was involved in any gang activity. JUAREZ-CEFERINO refused to answer without a lawyer.


Foreign Address: Unknown.
Biographical Information: JUAREZ-CEFERINO refused to answer questions without a lawyer.

Immigration History:
IMMIGRATION HISTORY:
07/21/2015: Issued Notice to Appear.
03/27/2018 - Ordered Removed to Mexico by Immigration.
No further Immigration history.

Criminal History:
FBI#: 733375FH9
No Criminal history.

Health and Humanitarian Considerations:
Officers collected a DNA swab during the interview.
JUAREZ-CEFERINO stated he does not take any medications.

| Signature<br>**JUSTIN BERG** | Title<br>**DO** |
|---|---|

_____3_____ of _____4_____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security | Continuation Page for Form **I-213**

| Alien's Name **JUAREZ-CEFERINO, ALFREDO** | File Number ████████ Event No: FDL2502000003 | Date **03/25/2025** |
|---|---|---|

```
Officers offered/provided JUAREZ-CEFERINO food, water at the Ferndale Office.

Officers provided JUAREZ-CEFERINO with a list of free legal service providers and explained
JUAREZ-CEFERINO's consular notification rights per 8 CFR 236.1.

Officers issued processed JUAREZ-CEFERINO as a Bag and Baggage, served him a custody
redetermination.

ICE contract transport transferred JUAREZ-CEFERINO from the ICE ERO Ferndale Office in
Ferndale, WA to the Northwest ICE Processing Center (NWIPC) at Tacoma, WA, pending
immigration proceedings.


Other Identifying Numbers
-------------------------------------
ALIEN-████████
```

| Signature **JUSTIN BERG** | Title **DO** |
|---|---|

____**4**____ of ____**4**____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1000 SECOND AVE., SUITE 2500
SEATTLE, WA 98104

JUAREZ-CEFERINO, ALFREDO
318 STANFORD APT D
MOUNT VERNON, WA 98273

In the matter of          File A ███████          DATE: Mar 27, 2018
JUAREZ-CEFERINO, ALFREDO

__ Unable to forward - No address provided.
__ Attached is a copy of the decision of the Immigration Judge. This decision
   is final unless an appeal is filed with the Board of Immigration Appeals
   within 30 calendar days of the date of the mailing of this written decision.
   See the enclosed forms and instructions for properly preparing your appeal.
   Your notice of appeal, attached documents, and fee or fee waiver request
   must be mailed to:     Board of Immigration Appeals
                          Office of the Clerk
                          5107 Leesburg Pike, Suite 2000
                          Falls Church, VA 22041

✓ Attached is a copy of the decision of the immigration judge as the result
  of your Failure to Appear at your scheduled deportation or removal hearing.
  This decision is final unless a Motion to Reopen is filed in accordance
  with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
  1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
  1229a(b)(5)(C) in removal proceedings. If you file a motion to reopen, your
  motion must be filed with this court:
                          IMMIGRATION COURT
                          1000 SECOND AVE., SUITE 2500
                          SEATTLE, WA 98104

__ Attached is a copy of the decision of the immigration judge relating to a
   Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
   1208.31(g)(1), no administrative appeal is available. However, you may file
   a petition for review within 30 days with the appropriate Circuit Court of
   Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

__ Attached is a copy of the decision of the immigration judge relating to a
   Credible Fear Review. This is a final order. No appeal is available.

__ Other: _____
          _____

                                          TG
                                          COURT CLERK
                                          IMMIGRATION COURT                FF

    cc: MARK K. HARDY; DHS TRIAL ATTORNEY
        1000 SECOND AVENUE, SUITE 2900
        SEATTLE, WA, 98104

DHS - 5

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SEATTLE, WASHINGTON

IN THE MATTER OF:                           DATE:  Mar 27, 2018
JUAREZ-CEFERINO, ALFREDO
                                            CASE NO. A̶̶̶̶̶̶̶̶̶̶

RESPONDENT IN REMOVAL PROCEEDINGS           DECISION

Jurisdiction was established in this matter by the filing of the Notice to Appear issued by the Department of Homeland Security, with the Executive Office for Immigration Review and by service upon the respondent.  See 8 C.F.R. § 1003.14(a), 103.5a.

The respondent was provided written notification of the time, date and location of the respondent's removal hearing.  The respondent was also provided a written warning that failure to attend this hearing, for other than exceptional circumstances, would result in the issuance of an order of removal in the respondent's absence provided that removability was established.  Despite the written notification provided, the respondent failed to appear at his/her hearing, and no exceptional circumstances were shown for his/her failure to appear.  This hearing was, therefore, conducted in absentia pursuant to section 240(b)(5)(A) of the Immigration and Nationality Act.

[ ]   At a prior hearing the respondent admitted the factual allegations
      in the Notice to Appear and conceded removability.  I find
      removability established as charged.

[x]   The Department of Homeland Security submitted documentary
      evidence relating to the respondent which established the truth
      of the factual allegations contained in the Notice to Appear.  I
      find removability established as charged.

I further find that the respondent's failure to appear and proceed with any applications for relief from removal constitutes an abandonment of any pending applications and any applications the respondent may have been eligible to file.  Those applications are deemed abandoned and denied for lack of prosecution.  See Matter of Pearson, 13 I&N Dec. 152 (BIA 1969); Matter of Perez, 19 I&N Dec. 433 (BIA 1987); Matter of R-R, 20 I&N Dec. 547 (BIA 1992).

ORDER:  The respondent shall be removed to **MEXICO** or in the alternative to     on the charge(s) contained in the Notice to Appear.

                                            _____
                                            JOHN F. WALSH
                                            Immigration Judge

cc: Assistant District Counsel
    Attorney for Respondent/Respondent                              Z1

EOIR – 8 of 18

DHS - 6

| U.S. Department of Homeland Security | Subject ID: 353132076 | | Record of Deportable/Inadmissible Alien |
|---|---|---|---|

| Family Name (CAPS): JUAREZ-CEFERINO, ALFREDO | First | Middle | Sex: M | Hair: BLK | Eyes: BRO | Cmplxn: MBR |
|---|---|---|---|---|---|---|
| Country of Citizenship: MEXICO | Passport Number and Country of Issue | File Number: CASE No: BLH1506000004 | Height: 63 | Weight: 150 | Occupation: LABORER | |
| U.S. Address: [redacted] MOUNT VERNON, WASHINGTON, 98273 | | | Scars and Marks: NONE VISIBLE | | | |
| Date, Place, Time, and Manner of Last Entry: 06/21/2008, 0001, 1 mile(s) W of SYS, PWA (AFOOT) | Passenger Boarded at | | F.B.I Number: 733375FH9 | ☐ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated | | |
| Number, Street, City, Province (State) and Country of Permanent Residence: SANTA CRUZ, GUERRERO, MEXICO | | | Method of Location/Apprehension: OA | | | |
| Date of Birth: [redacted]/1996   Age: 18 | Date of Action: 06/21/2015 | Location Code: BLW/BLH | At/Near: FERNDALE, WA | Date/Hour: 06/21/2015 0232 | | |
| City, Province (State) and Country of Birth: SANTA CRUZ, GUERRERO, MEXICO | AR ☒ | Form (Type and No.) Lifted ☐ Not Lifted ☐ | By: ROBERTO CHAVEZ PAWEL J. NOWACZEWSKI | | | |
| NIV Issuing Post and NIV Number | Social Security Account Name | | Status at Entry: PWA Mexico | Status When Found: IN TRAVEL | | |
| Date Visa Issued | Social Security Number | | Length of Time Illegally in U.S: OVER 1 YEAR | | | |
| Immigration Record: NEGATIVE | | Criminal Record: None Known | | | | |
| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | | | Number and Nationality of Minor Children | | | |
| Father's Name, Nationality, and Address, if Known: See Narrative | | Mother's Present and Maiden Names, Nationality, and Address, if Known: See Narrative | | | | |
| Monies Due/Property in U.S. Not in Immediate Possession: None Claimed | | Fingerprinted? ☐ Yes ☐ No | Systems Checks: See Narrative | Charge Code Words(s): I6A | | |
| Name and Address of (Last)(Current) U.S. Employer | | Type of Employment | Salary: Hr | Employed from/to | | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #:1187937967

Left Index Print

Right Index Print

ARREST COORDINATES:
--------------------
Latitude:   48.746067
Longitude: -122.47652

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

6/21/2015 AJC
(Date/Initials)

ROBERTO CHAVEZ
SENIOR PATROL AGENT
(Signature and Title of Immigration Officer)

Alien has been advised of communication privileges

Distribution:
FILE
BLW-SHQ
BLH STATION FILE

Received (Subject and Documents) (Report of Interview)
Officer: ROBERTO CHAVEZ
on June 21, 2015 at 0254  (time)
Disposition: Warrant of Arrest/Notice to Appear
Examining Officer: REBECCA MOLDENHAUER

Form I-213 (Rev. 08/01/07) Y

| U.S. Department of Homeland Security | Continuation Page for Form | I213 |
|---|---|---|

| Alien's Name<br>JUAREZ-CEFERINO, ALFREDO | File Number<br>Event No:BLH1506000004 | Date<br>06/21/2015 |
|---|---|---|

ENFORCEMENT PRIORITY:
-----------------------------
EP_2c

FATHER NAME AND ADDRESS:
------------------------
Nationality:MEXICO JUAREZ-GARCIA, ANTONIO

SANTA CRUZ, GUERRERO, MEXICO

MOTHER NAME AND ADDRESS:
------------------------
Nationality:MEXICO JUAREZ-CEFERINO, LUCIANA

SANTA CRUZ, GUERRERO, MEXICO

ASSISTING ASSETS:
-----------------
None

FUNDS IN POSSESSION:
--------------------
United States Dollar 1.00

RECORDS CHECKED:
----------------
CIS Negative
IAFIS Negative
IBIS Negative
NCIC Negative
TECS Negative

NARRATIVE:
----------
On June 20, 2015 at approximately 11:20 p.m., Border Patrol Agent Nowaczewski and I responded to a request for assistance from the Bellingham, Washington Police Department. Police Officer Z. Serad(badge number 250) had detained an individual for a traffic violation. Officer Serad was having trouble confirming the identity of the individual. Agent Nowaczewski and I identified ourselves as Border Patrol Agents to the individual and identified him as Alfredo JUAREZ-Ceferino. JUAREZ was questioned as to his citizenship and admitted that he was from Mexico and that he didn't have any immigration documents on his person to be in the United States legally. JUAREZ stated that he had submitted an application with his lawyer to reside in the United States but did not have any

| Signature<br>ROBERTO CHAVEZ | Title<br>SENIOR PATROL AGENT |
|---|---|

2 of 4 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

Z

DHS - 8

| U.S. Department of Homeland Security | Continuation Page for Form | I213 |
|---|---|---|
| Alien's Name: JUAREZ-CEFERINO, ALFREDO | File Number: ███████ Event No:BLH1506000004 | Date: 06/21/2015 |

documentation with him. JUAREZ was arrested and transported to the Bellingham Border Patrol Station.

At the station, record checks revealed that JUAREZ had no immigration or criminal record on file. JUAREZ stated he entered the United States illegally by walking across the United States-Mexico international border on or about June 21, 2008 through the hills near the San Ysidro, California port of entry. JUAREZ stated he is a citizen of Mexico and that he was not inspected by an Immigration Officer when he entered the United States.

Since his entry into the United States, JUAREZ has attended Burlington High School and currently works Sakuma Grow in Burlington, Washington. He has worked several different jobs and lives with his father and his mother. JUAREZ stated he had submitted an application to reside in the United States with his lawyer.

JUAREZ's fingerprints and biographical information were submitted into the IAFIS and IDENT system. Record checks were negative in all systems.

JUAREZ was served his rights as per I-826 and has requested a hearing before an Immigration Judge. JUAREZ was served forms I-862, I-200 and I-286. JUAREZ was advised of his right to speak with the Mexican Consulate in the Spanish language by Border Patrol Agent Moldenhauer at 0410hrs. JUAREZ declined to speak with the Consulate at this time. JUAREZ was given a list of free legal services form. JUAREZ appears to be in good physical and mental health.

USC/Military/Gang Inquiry
Subject was asked if he had any reason to believe that he is a citizen of the United States. Subject stated "he is a citizen of Mexico, not the United States". BPA initials_____

Subject was asked if he had any reason to believe that one of both of his parents are citizens of the Unites States. Subject stated "that his parents are citizens of Mexico, not the United States.". BPA initials_____

Subject was asked if he had served in the U.S. Military. Subject stated "he has not served in the military", stated BPA initials_____

Subject was asked if he has been involved with any gang activity. Subject stated "he is not involved with any gangs". BPA initials_____

Prosecutorial Discretion for Individuals who came to the United States as Children, Subject has answered the below prosecutorial discretion questions and does not appear to be disqualified.

Subject does not qualify because he did come to the United States under the age of 16. Juarez stated "he has been living in the United States since 2008, Age 11". BPA initials_____

Subject does not qualify because he did not continuously reside in the United States since January 1, 2010. Juarez stated "has continuously resided in the United States since 2008".

| Signature: ROBERTO CHAVEZ | Title: SENIOR PATROL AGENT |
|---|---|

| U.S. Department of Homeland Security | | Continuation Page for Form | I213 |
|---|---|---|---|
| Alien's Name<br>JUAREZ-CEFERINO, ALFREDO | File Number<br>Event No:BLH1506000004 | Date<br>06/21/2015 | |

BPA initials_____

Subject does not qualify because he is not currently in school/ educational program, did not graduate from high school in the United States, obtain a GED or is an honorably discharged veteran of the United States Coast Guard or Armed Forces. Juarez stated " he is currently enrolled in high school and plans on graduating next school year" BPA initials_____

No immigration or criminal history on file.

JUAREZ is being issued a Notice to Appear in Immigration Court and will be transported to the Northwest Detention Center. Bed space was approved by Deportation Officer Arroyo on June 21, 2015.

| Signature<br>ROBERTO CHAVEZ | Title<br>SENIOR PATROL AGENT |
|---|---|

4 of 4 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

ERIN CLIFFORD  DETAINED
Chief Counsel
TIFFANY TULL
Deputy Chief Counsel
MARK HARDY
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
Department of Homeland Security
915 SECOND AVE, #708
SEATTLE, WA 98174

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SEATTLE, WASHINGTON

April 10, 2025

In the Matters of:

**ALFREDO JUAREZ-CEFERINO**
Respondents

File No.: ▮

In Removal Proceedings

Immigration Judge: Unknown     Next Hearing: None scheduled

GOVERNMENT'S RESPONSE

## I. INTRODUCTION

Respondent filed a motion to reopen on or about March 31, 2025. In it, respondent requested time to supplement the motion, as respondent had not had time to fully investigate his claims. (Motion to Reopen and Rescind, at Footnote 1). On April 7, 2025, respondent supplemented the motion with additional bases and facts. This response follows.

## II. FACTS

On June 20, 2015, when respondent was 15 years old (DOB ▬/1999), he was encountered by the United States Border Patrol pursuant to a request for assistance from the Bellingham Police Department. Per the I-213 the local police contacted the Border Patrol because they were conducting a traffic stop on respondent and they were having trouble identifying him. The Border Patrol arrived, questioned the respondent, determined that he was illegally in the United States and transported him to the Northwest Detention Center. He was taken to the Detention Center because he told the officers that he was 18 years old. It was later determined that he was 15 years old. (Supp. MTR, Ex A. Declaration of Antonio Juarez Garcia (respondent's father), at pp.3).

During the encounter the respondent's address was obtained:

▬
Mount Vernon, Washington
98273

(I-213, dated June 21, 2015, attached at 1).

During the encounter the respondent was personally served with a Form I-862 Notice to Appear (NTA), which he signed for on June 21, 2015. The NTA contained the above address, advised respondent of his obligation to provide the Department of Homeland Security (DHS) with his mailing address and advised him that he had to notify the Immigration Court if he changed his address. (NTA dated June 21, 2015, with Certificate of Service dated June 21, 2015, attached at 5-6).

Respondent's father remembers that at some point thereafter the respondent received a letter telling him to go to Tukwila, WA to meet with DHS and that he went to that meeting. But the respondent's father doesn't remember when the respondent got the letter or when that meeting occurred.

> After he was detained, I remember Lelo[1] received a letter telling him to go to Tukwila and meet with ICE, and he went to that meeting. I don't remember when exactly he got this letter to go to ICE or when the appointment happened.
> 
> …

---

[1] Lelo is apparently a nickname for respondent.

> We were living at ███████████████ Mount Vernon, Washington when Lelo was detained in 2015 and when he got the letter from immigration. My family and I lived at that address for about 5 years, from 2013 until 2017. We moved in late 2017 but I don't remember exactly when. I do not have access to any of our apartment leases from that time.

(Supp MTR, Attachment A, p. 2., pp. 7-8).

DHS indices indicate that on July 26, 2017, after the respondent's 2015 arrest and release from custody, DHS sent him a call-in letter (G-56). The letter ordered respondent to report to DHS on August 15, 2017. Respondent failed to report so DHS called the phone number listed on the NTA and spoke to the respondent's father, who claimed they did not get the G-56 call-in letter. DHS confirmed the respondent's address and informed them that a new G56 would be sent out for a new report date within the month of August.

DHS indices indicate that on August 2, 2017, respondent reported to DHS, accompanied by an attorney, Yeun Junga Subedar, who presented a G28. The attorney was provided with a copy of the NTA issued to respondent by CBP and informed that DHS would be forwarding it to OPLA for filing. On September 19, 2017, the NTA was served by regular mail on the respondent at the 318 Stanford Apt D address and a copy was forwarded to his attorney. (Notice to Appear dated June 21, 2015, with Certificate of Service dated September 19, 2017). By this time the respondent was 18 years old.

The NTA was not served until September 19, 2017, because it contained the detained court address, as opposed to the non-detained court address. Therefore, the NTA was uncommonly corrected but to no prejudice to the respondent, by removing the detained court address and typing in the non-detained court address. (NTA dated June 21, 2015, with Certificate of Service dated September 19, 2017, attached at 7-8).

The NTA was filed with the Court on October 10, 2017. After reviewing what appears to be a scanned copy of the scanned A file, no evidence recognized as indicating that this NTA was returned to DHS as undeliverable was located. The undersigned has not reviewed the physical file.

On December 29, 2017, the Court mailed a hearing notice to the respondent at the same address the NTA was mailed to. According to the Supp MTR that hearing notice was returned, "the ROP shows that the NOH was returned to the Court as undeliverable. See ROP (stamped 1/8/2018) (stating the addressee is not known)"- stamped January 8, 2018, stating the addressee is not known. (Supp MTR, p. ii.).

On March 27, 2018, respondent failed to appear for his hearing. He was ordered removed in absentia. The Court mailed his removal order to the 318 Stanford Apt D address, and per the Supp MTR, it also returned as undeliverable. (Supp MTR, p iii.).

On March 25, 2025, respondent was arrested by ICE because of the in absentia removal order. He then filed the present Motion to Reopen and supplement.

Respondent claims that he does not remember ever being given any documents relating to immigration Court:

> I do not remember ever being given any documents relating to Immigration Court. Not when I was arrested, when I was detained or released, or when I checked in with immigration in Tukwila.

(MTR, Attachment A, Respondent's Declaration, p. 10 pp 3).

Respondent claims that if he'd known he had an immigration court hearing he would have attended:

> When I was released from detention I was scheduled to appear at an appointment and I did go. If I knew that I had an Immigration Court hearing I would have attended that as well. I never knew that I was in Immigration Court proceedings.

MTR, Attachment A, p. 10, pp 6.

### III. LAW

#### A. Motions to reopen are discretionary and disfavored

Motions to reopen are discretionary and disfavored." *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). The Supreme Court has explained:

> Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing, and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.

*INS v. Doherty*, 502 U.S. 314, 315-16 (1992).

#### B. Respondent's argument that he did not receive proper notice because he was underage fails because respondent was 18 when the NTA and hearing notice were served.

Respondent concedes that he would be properly served with the NTA and hearing notice if he attained the age of 18 when service was made. (MTR at 4). Respondent's date of birth is August 6, 1999. The NTA and hearing notice were served after September 18, 2017. Thus, respondent was 18 at the time of service and thus he was properly served. *Flores-Chavez v Ashcroft 362 F.3d 1150, 1153 (9th Cir 2004)*.

C. **Respondent has not overcome the presumption of constructive notice of his hearing.**

Written notice sent by mail is proper service and presumed sufficient if the notice is sent to the most recent address that respondent provided, and it was mailed pursuant to normal office procedures. *INA § 240(b)(5)(A); 8 C.F.R. § 1003.26(d); Busquets-Ivars v. Ashcroft, 333 F.3d 1008, 1010 (9th Cir. 2003); Matter of M-R-A-, 24 I&N Dec. 665, 671, 673-74 (BIA 2008)* ("[I]t is proper to apply some presumption of receipt to a Notice to Appear or Notice of Hearing sent by regular mail when the notice was properly addressed and mailed according to normal office procedures.").

The presumption of proper service can be overcome "by the affirmative defense of nondelivery or improper delivery by the Postal Service" if the noncitizen presents evidence "demonstrating that there was improper delivery or that nondelivery was not due to the [noncitizen's] failure to provide an address where he could receive mail." *Matter of Grijalva, 21 I&N Dec. 27, 37 (BIA 1995); see also M-R-A-, 24 I&N Dec. at 674* (stating that some factors to consider when determining whether the noncitizen has rebutted the presumption of proper delivery may include: previous attendance at prior court hearings, the filing of an application for relief with the court, and diligence in filing the motion to reopen). DHS acknowledges that a court may reopen proceedings in a case where an in-absentia order of removal was entered if the noncitizen, at any time, demonstrates that he did not receive notice. *INA § 240(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii); Singh v. Garland, 24 F.4th 1315, 1317 (9th Cir. 2022).*

Here, the NTA was served on September 19, 2017, by regular mail on the address obtained in 2015 when the respondent was first encountered - 318 Stanford Apt D. That address has remained the same thru all relevant time periods, no contrary evidence has been presented. That was respondent's address when he reported to DHS on August 29th, 2017, accompanied by an attorney. Two weeks later, on September 19, 2017, respondent was served by regular mail at that address. The respondent's father confirms via his declaration that this was the respondent's address when respondent was detained in 2015, thru when he got the check in letter from immigration, up until the family moved in late 2017. (Supp MTR at p 2, pp 7-8).

Moreover, while it is true that the presumption of proper service can be overcome by evidence demonstrating that there was improper delivery, in this case, respondent avoids declaring that he never got the NTA, instead he says he doesn't remember:

> I do not remember ever being given any documents relating to Immigration Court. Not when I was arrested, when I was detained or released, or when I checked in with immigration in Tukwila.

(MTR, p. 10 pp. 3).

First, not remembering is not the same as not getting. Respondent's memory is demonstrably faulty, because the NTA that he was personally served (albeit when 15 yrs old), bears his signature.

Second, his claim to not remember addresses the wrong time frame, to wit - he does not remember getting immigration documents "when [he] was arrested, when [he] was detained or released, or when [he] checked in with immigration in Tukwila." The NTA at issue was served by regular mail and filed after these events occurred.

Third, DHS indices indicate that on August 29, 2017, the respondent went to a DHS check in accompanied by an attorney and confirmed his address. And that the attorney was provided a copy of the NTA and informed that DHS would be forwarding it for filing. And that on September 19, 2017, a corrected NTA was mailed to the respondent and a copy forwarded to his attorney.

Fourth, respondent has assiduously avoided declaring that he did not receive the NTA. Thus, he has not overcome the presumption of proper service.

Respondent concedes that his obligation to notify the court of any address changes attaches once he has been properly served with the NTA. (MTR at 8, citing *Matter of G-Y-R, 23 I&N Dec. 181, 190 (BIA 2001)*). Respondent has not overcome the presumption of proper service; thus, he had an obligation to provide the DHS with any address change. *See supra Grijalva, 21 I&N Dec. at 37* (affirmative defense of non-delivery overcomes the presumption of proper service if the "non-delivery was not due to the respondent's failure to provide an address where he could receive mail."). Had the respondent provided the Court with an address change he could have avoided non-delivery of the hearing notice.

**D. Respondent's argument that the DHS cannot find removability based on information in the 213 obtained from a minor is unavailing, respondent admits that the Court can use this evidence, and respondent has not provided sufficient evidence to show that it is unreliable.**

Respondent concedes that the Court can consider information contained in the I-213, even if that information was obtained from a minor. (MTR at p. 6, pp. B). The respondent has not submitted sufficient evidence to show that the alienage information contained in the 213 is unreliable and if respondent submits no evidence of legal entry, he is presumed to be in the United States in violation of the law. INA § 291; 8 C.F.R. § 1240.8(c); *Espinoza v. INS*, 45 F.3d 308, 311 (9th Cir. 1995); *Cabral-Avila v. INS*, 589 F.2d 957, 958-959 (9th Cir. 1978).

### III. CONCLUSION

The respondent has not met his burden on reopening and thus his motion should be denied.

Respectfully submitted,

Mark Hardy
Assistant Chief Counsel

6

DHS - 16