District Judge Tiffany M. Cartwright

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Ramon RODRIGUEZ VAZQUEZ, et al.,

      *Plaintiffs*,

    v.

Drew BOSTOCK, et al.,

      *Defendants*.

CASE NO. 3:25-cv-05240

OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER ON
BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
ON BEHALF OF CLASS MEMBER
ALFREDO JUAREZ ZEFERINO
[CASE NO. 3:25-CV-05240-TMC]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

Pursuant to Local Civil Rule 7(e)(3), Defendants submit this opposition to the Motion for Temporary Restraining Order on Behalf of Class Member Alfredo Juarez Zeferino (Zeferino). *See* ECF 33 (Motion).

## INTRODUCTION

Exhaustion of administrative remedies is the rule. And one reason for the rule is to avoid the deliberate bypass of the administrative scheme. In granting the preliminary injunction, the Court excused the named Plaintiff's failure to exhaust his administrative remedies at the Board of Immigration Appeals (BIA). The Court reasoned, in part, that excusing exhaustion would not encourage other detainees to seek habeas relief in lieu of an appeal to the BIA. Yet here we are three weeks later confronting the same issue. The Government respectfully opposes this motion because Zeferino has not exhausted his administrative remedies. Not only that, Zeferino presents even less evidence of irreparable harm than the named Plaintiff. Injunctive relief is an extraordinary remedy that should not be granted here.

## BACKGROUND

In June 2015, Zeferino was served with a Notice to Appear (NTA) for removal proceedings. ECF 34-5 at 11–13. Although he retained an attorney to represent him in immigration court, Zeferino failed to appear for his hearing in March 2018. *Id.* at 16. The immigration judge (IJ) ordered him removed in absentia. *Id.* On March 25, 2025, immigration authorities arrested Zeferino based on the removal order. *Id.* at 17.

After his arrest, Zeferino moved to reopen his removal proceedings. *See* ECF 34-3 at 4. An IJ granted that motion on April 29, 2025. *Id.* at 5. Zeferino subsequently moved for a custody redetermination hearing before another IJ. *See* ECF 34-6 at 2. The IJ held that

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO
[CASE NO. 3:25-CV-05240-TMC]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1   Zeferino was subject to mandatory detention under 8 U.S.C. § 1225.  *See Id.*  Alternatively,

2   the IJ found that Zeferino was a flight risk and set bond at $5,000, subject to any other

3   conditions set by the Department of Homeland Security.  *Id.*

                                    **STANDARD OF REVIEW**

4

5           A temporary restraining order, like a preliminary injunction, is "an extraordinary remedy that

6   may only be awarded upon a clear showing that the movant is entitled to such relief."  *Winter v. Nat'l*

7   *Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th

8   Cir. 2017).  It is "never awarded as of right."  *Winter*, 555 U.S. at 24.  The moving party must establish:

9   (1) a likelihood of success on the merits, (2) irreparable harm, (3) that the balance of equities tips in

10  their favor, and (4) that an injunction serves the public interest.  *Id.* at 20.  When the nonmovant is the

11  government, the last two factors "merge."  *Baird v. Bonta*, 81 F. 4th 1036, 1040 (9th Cir. 2023).

12          The Ninth Circuit employs a "sliding scale" approach to the four factors.  *All. for Wild Rockies*

13  *v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d

14  981, 987 (9th Cir. 2008)).  If the moving party raises "serious questions" going to the merits, the

15  balance of hardships must "tip sharply" in his favor to secure a preliminary injunction.  *Id.*  However,

16  even under the sliding scale approach, the moving party must still show a likelihood of irreparable

17  harm and that the injunction is in the public interest.  *Id.* at 1135.

18                                         **ARGUMENT**

19  **I.   The Court should deny the Motion because Zeferino has not exhausted his
          administrative remedies before the BIA.**
20

21          When an alien fails to exhaust appellate review at the BIA, courts should "ordinarily" dismiss

22  the habeas petition without prejudice or stay proceedings until he exhausts his appeals.  *Leonardo v.*

23

24  DEFENDANTS' OPPOSITION TO MOTION              2          U.S. DEPARTMENT OF JUSTICE
    FOR TEMPORARY RESTRAINING ORDER                         CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
    ON BEHALF OF CLASS MEMBER ALFREDO                       P.O. BOX 878, BEN FRANKLIN STATION
    JUAREZ ZEFERINO                                         WASHINGTON, D.C. 20044
    [CASE NO. 3:25-CV-05240-TMC]                            (202) 742-7118

*Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Bypassing review at the BIA is "improper." *Id.* The Ninth Circuit identifies three reasons to require exhaustion before entertaining a habeas petition. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). First, the agency's "expertise" makes its "consideration necessary to generate a proper record and reach a proper decision." *Id.* (quoting *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Second, excusing exhaustion encourages "the deliberate bypass of the administrative scheme." *Id.* (quoting *Noriega–Lopez*, 335 F.3d at 881). And third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quoting *Noriega–Lopez*, 335 F.3d at 881). Each reason applies here. *See Puga*, 488 F.3d at 815.

**A. Exhaustion is warranted because agency expertise is needed, excusal will only encourage other detainees to bypass administrative remedies, and appellate review at the BIA may preclude the need for judicial intervention.**

This case does not concern a routine matter of statutory interpretation. *See* ECF No. 3 at 15. Quite the opposite. Plaintiff relies on an administrative agency's "record and longstanding practice" to support a claim that detention under § 1226(a) applies. *Id.* at 15–26. Yet at the same time, Zeferino—like the named Plaintiff before him—seeks to bypass administrative review. *See id.* Before addressing how an agency's "longstanding practice" affects the statutory analysis, the Court would likely benefit from the BIA's expertise. *See Puga*, 488 F.3d at 815. After all, "the BIA is the subject-matter expert in immigration bond decisions." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019). The BIA is well-positioned to assess how agency practice affects the interplay between 8 U.S.C. §§ 1225 and 1226. *See Delgado v. Sessions*, No. C17-1031-RSL-JPD, 2017 WL 4776340, at *2 (W.D. Wash. Sept. 15, 2017) (noting a denial of bond to an

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO
[CASE No. 3:25-CV-05240-TMC]

3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1    immigration detainee was "a question well suited for agency expertise"); *Matter of M-S-*, 27 I&N Dec.

2    509, 515-18 (2019) (addressing interplay of §§ 1225(b)(1) and 1226).

3         Waiving exhaustion would also "encourage other detainees to bypass the BIA and directly

4    appeal their no-bond determinations from the IJ to federal district court." *Aden*, 2019 WL 5802013,

5    at *2. Three weeks ago, the Court excused the named Plaintiff's failure to exhaust remedies at the

6    BIA. ECF 29 at 13–21. Similarly situated individuals, like Zeferino, now have little incentive to seek

7    relief before the BIA. Instead, judicial intervention appears to redirect those cases to federal courts.

8    *See Aden*, 2019 WL 5802013, at *2. That has deprived the BIA an opportunity to issue the published

9    decision that named Plaintiff seeks. *See* ECF No. 4-3 (Joint Mot. to Publish Decision). And it has

10   increased the burden on district courts. *See Bd. of Tr. of Constr. Laborers' Pension Trust for S. Calif.*

11   *v. M.M. Sundt Constr. Co.*, 37 F.3d 1419, 1420 (9th Cir. 1994) ("Judicial economy is an important

12   purpose of exhaustion requirements."); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 418 (2023)

13   (noting "exhaustion promotes efficiency"). If the IJ erred as alleged, this Court should allow the

14   administrative process to correct itself. *See id.*

15        The named Plaintiff previously cited two cases that involve appeals of bond denials to the BIA

16   (ECF Nos. 4-1 and 4-2). *See Puga*, 488 F.3d at 815. The BIA sustained the appeals in each case—

17   the result Zeferino seeks before this Court. *See* ECF No. 4-1 at 4; ECF No. 4-2 at 2–3. If the Court

18   requires exhaustion, the same result may occur here. Appellate review at the BIA "may provide

19   Petitioner with the relief sought in this proceeding and eliminate the need for any judicial review."

20   *Chavez v. ICE*, No. C23-1631-JNW-SKV, 2024 WL 1661159, at *3 (W.D. Wash. Jan. 25, 2024); *see*

21   *also Reyes v. Wolf*, No. C20-0377JLR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) ("The

22   BIA is capable of correcting the error that [Plaintiff] alleges in her bond hearing."). Simply put, it

23

24   

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO
[CASE No. 3:25-CV-05240-TMC]

4

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1   would be prudent to allow the BIA an opportunity to address Zeferino's argument.  *See, e.g.*, *Chavez*,

2   2024 WL 1661159, at *3.

3   **B.  Zeferino's reasons to waive exhaustion would swallow the rule.**

4           1.     *Detention alone is not an irreparable injury.*

5           Discretion to waive exhaustion "is not unfettered." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th

6   Cir. 2004).  Zeferino bears the burden to show that an exception to the exhaustion requirement applies.

7   *Leonardo*, 646 F.3d at 1161; *Aden*, 2019 WL 5802013, at *3.  And it bears repeating that detention

8   alone is insufficient to excuse exhaustion.  *See, e.g.*, *Delgado*, 2017 WL 4776340, at *2.  Adopting

9   such a rationale "would essentially mandate the release of all detainees while their appeals were

10  pending, and thereby stand the exhaustion requirement on its head." *Meneses*, 2021 WL 4804293, at

11  *5; *see also Bogle v. DuBois*, 236 F. Supp. 3d 820, 823 n. 6 (S.D.N.Y. 2017) (noting that "continued

12  detention . . . is insufficient to qualify as irreparable injury justifying non-exhaustion") (quotation

13  marks omitted).  Zeferino "provides no binding authority suggesting that civil detention after the denial

14  of a bond hearing constitutes irreparable harm such that prudential exhaustion should be waived."

15  *Reyes*, 2021 WL 662659, at *3; *see also Aden*, 2019 WL 5802013, at *3 (Plaintiff "cites no authority

16  for the position that detention following a bond hearing constitutes irreparable harm sufficient to waive

17  the exhaustion requirement.").

18          Zeferino "has not carried his burden" in showing "that prudential exhaustion should be

19  waived." *Aden*, 2019 WL 5802013, at *3.  He alleges that his parents and siblings depend on him

20  financially (ECF 33 at 11), but they all live out of state. See ECF 35 (Zeferino Decl. at ¶ 20).  And he

21  provides nothing but unsupported and self-serving statements that his living conditions are

22  "horrendous."  ECF 33 at 12.  The named Plaintiff's allegations of irreparable injury were thin.  *See*

23

24  DEFENDANTS' OPPOSITION TO MOTION                    5          U.S. DEPARTMENT OF JUSTICE
    FOR TEMPORARY RESTRAINING ORDER                             CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
    ON BEHALF OF CLASS MEMBER ALFREDO                           P.O. BOX 878, BEN FRANKLIN STATION
    JUAREZ ZEFERINO                                             WASHINGTON, D.C. 20044
    [CASE NO. 3:25-CV-05240-TMC]                                (202) 742-7118

ECF 21 at 10. These allegations appear thinner. *See* ECF 35 at ¶15. If Zeferino is experiencing irreparable harm, then everyone in detention is too. *See, e.g., Delgado*, 2017 WL 4776340, at *2. The exception would swallow the rule. *See id.* ("[b]ecause all immigration habeas petitions could raise the same argument [that detention is irreparable injury], if it were decisive, the prudential exhaustion requirement would always be waived—but it is not.").

Zeferino's argument also "begs the question of whether he has suffered a constitutional deprivation." *Meneses*, 2021 WL 4804293, at *5. Zeferino "simply assumes a deprivation to assert the resulting harm. That will not do." *Id.* at *5. Federal courts are "not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998.

2.  *Zeferino has not established that appellate review at the BIA would be inadequate or futile.*

Aside from irreparable harm, exhaustion can be excused only on a showing that review at the BIA is "inadequate or not efficacious" or "would be a futile gesture." *Laing*, 370 F.3d at 1000. The evidence before the Court undercuts that claim. *See, e.g.*, ECF Nos. 4-1, 4-2. As previously noted, the BIA has twice granted the same relief that Zeferino seeks here. *See id.* Surely, those individuals would not agree that appealing to the BIA was "a futile gesture." *See Laing*, 370 F.3d at 1000. Contrary to Zeferino's argument, "[t]he BIA is capable of correcting the error that [he] alleges occurred in [his] bond hearing." *Reyes*, 2021 WL 662659, at *3.

Nor has there been a delay in Zeferino's case at the BIA to justify excusal of exhaustion. *See* ECF No. 3 at 23. Zeferino requested a bond hearing on May 6, 2025. ECF 34-1 at 4. The IJ denied bond on May 8, 2025. ECF 34-6 at 2. Excusing exhaustion in this situation would also conflict with precedent from this district. In *Reyes*, the court rejected the claim that "the indefinite timeframe of the

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO
[CASE NO. 3:25-CV-05240-TMC]

6

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

BIA's review" constituted irreparable harm. *Reyes*, 2021 WL 662659, at *3. Although the petitioner's BIA appeal in *Reyes* had been pending for around 45 days, she had been detained for over two years. *Id.* at *1. Similarly, in *Chavez*, the petitioner had been detained for a year when the court dismissed for failing to exhaust his claim. *Chavez*, 2034 WL 1661159, at *1, *3. And in *Delgado*, the petitioner had been detained for around four months and appealed the IJ's to the BIA. *Delgado*, 2017 WL 4776340, at *1. The court believed the situation called "for agency expertise" and was "not persuaded" by "petitioner's claim of irreparable injury due to continued detention." *Id.* at *2. The Court should take a similar approach here.

## C. The BIA's expertise in this area will help the Court determine Zeferino's likelihood of success on the merits.

Under 8 U.S.C. § 1225(a)(1), an "applicant for admission" is defined as an alien "present in the United States who has not been admitted or who arrives in the United States." Applicants for admission "fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings*, 583 U.S. at 287. Section 1225(b)(1) applies to certain aliens who are "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation," i.e., processed for expedited removal. 8 U.S.C. § 1225(b)(1)(A)(i); *Jennings*, 583 U.S. at 287. But § 1225(b)(2)—the relevant provision here—is "broader." *Jennings*, 583 U.S. at 287. It "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here)."

On the face of the statute, Zeferino satisfies the definition of an "applicant for admission" because he is an "alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). The IJ concluded that she lacked jurisdiction to set bond because Zeferino was subject to mandatory

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO
[CASE NO. 3:25-CV-05240-TMC]

7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1    detention under 8 U.S.C. § 1225.  ECF 34-6 at 2.  Any ambiguity in the statute that may place

2    Zeferino's detention authority outside of § 1225 should be determined first by the BIA.

3        Another court in this district recently took a cautious approach when considering the same

4    issue.  In *Maldonado v. Bostock*, the alien was detained under § 1226(a) after being issued a Notice to

5    Appear.  *See* No. 2:23-cv-00760-LK-BAT, 2023 WL 5804021, at *2 (W.D. Wash. Aug. 8, 2023).

6    Like this case, the IJ ruled that she lacked jurisdiction to set bond because the alien was an "applicant

7    for admission" as defined by § 1225(a)(1).  *Id.*  The parties agreed that the IJ should have granted bond

8    because the government has discretion "to detain a noncitizen under Section 1226(a) by issuing an

9    NTA and arrest warrant."  *Id.* at *3.  But the court was not entirely convinced.  *Id.* at *2–4.  The court

10   ordered supplemental briefing on the issue, but the case resolved before the supplemental briefing

11   happened.  *Id.*

12       The court's actions in *Maldonado* reinforces the need to require exhaustion.  Caution is

13   warranted on a complex issue like this one.  The BIA is "the subject-matter expert" in this area of the

14   law.  *Aden*, 2019 WL 5802013, at *2.  Defendants ask that the BIA be allowed to provide that expertise

15   in this case before this Court reviews Zeferino's claims.  *See id.*

16   **D. Zeferino's motion raises procedural questions that should preclude issuance of a**
     **temporary restraining order.**

17

18       Zeferino's motion also raises complex procedural issues that should be adequately

19   addressed before he is permitted to even pursue injunctive relief in this Court.  Zeferino

20   assumes that, merely by being a class member, he may pursue individualized relief in this

21   litigation beyond what is permitted by Rule 23(b)(2) of the Federal Rules of Civil Procedure.

22   Yet Zeferino fails to explain why his request is proper given he is neither a named party to the

23

24   DEFENDANTS' OPPOSITION TO MOTION          8          U.S. DEPARTMENT OF JUSTICE
     FOR TEMPORARY RESTRAINING ORDER                   CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
     ON BEHALF OF CLASS MEMBER ALFREDO                 P.O. BOX 878, BEN FRANKLIN STATION
     JUAREZ ZEFERINO                                   WASHINGTON, D.C. 20044
     [CASE NO. 3:25-CV-05240-TMC]                       (202) 742-7118

litigation nor an intervenor.  The Court should refrain from granting any individualized relief to Zeferino within the context of this class action lawsuit.

First, Zeferino has not sought to intervene in this litigation.  Intervention under Rule 24 is generally permitted in class action proceedings.  7B Fed. Prac. & Proc. Civ. § 1799 (3d ed.).  Indeed, Zeferino makes no explanation why he, who is not a named plaintiff in this litigation, should be allowed to intervene in the course of the litigation.  *See, e.g.*, *United Airlines v. McDonald*, 432 U.S. 385, 394 (1977) (explaining intervention was appropriate by an unnamed class member when her interests were no longer protected by named class representative).  The Court should, at minimum, require Zeferino to move to intervene and explain why he must be allowed to pursue individualized relief in this case as an intervenor instead of pursuing a separate action that addresses the particulars of his individualized claim.

Furthermore, Zeferino's motion seeking individualized relief particular to him potentially runs afoul of the class action process and 8 U.S.C. § 1252(f).  The Court here certified a class under Rule 23(b)(2), where the Court can only provide relief *to the class* in the form of "injunctive relief or corresponding declaratory relief."  Fed. R. Civ. P. 23(b)(2).  Here, the class was granted certification under 23(b)(2) because this Court determined that the resolution of the question of whether an alleged policy to deny bond exists through declaratory relief would provide the proposed class with relief.  ECF 32 at 40.  But what Zeferino requests here is more than a mere declaratory judgment—Zeferino wants an order that he be found to be eligible for bond *and* an injunction that would require ICE to honor the alternative finding by the immigration judge and release him upon payment of a bond.  ECF No. 33-1 (proposed

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO
[CASE NO. 3:25-CV-05240-TMC]

9

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

order).  And even more, the relief requested as to the members of the class is limited to a declaratory judgment and not an injunction.  ECF 1 (Compl). at Prayer for Relief B.1. Zeferino's request here reaches beyond what has been requested on behalf of the Rule 23(b)(2) class.  *See Wal-Mart Stores v. Dukes*, 564 U.S. 338, 360-61 (2011) (explaining that Rule 23(b)(2) applies only when one single injunction or declaratory judgment would provide classwide relief and not when each class member would be subject to individualized determinations).

Zeferino's request for relief is also at odds with 8 U.S.C. § 1252(f)(1) and the ban on classwide injunctive relief.  The Supreme Court made clear that section 1252(f)(1) prohibits classwide injunctive relief.  *Garland v. Aleman Gonzalez*, 596 U.S. 543, 548-52 (2022).  Class counsel even recognized that injunctive relief could not be requested as to the class due to the ban on classwide injunctive relief at section 1252(f)(1).  ECF No. 24 at 11.  But their attempt to use the order granting named Plaintiff's motion for a preliminary injunction in order to obtain a separate injunction for unnamed class members would have the practical effect of backdooring injunctive relief to the class.  The Court should reject Zeferino's attempt to avoid the clear command of section 1252(f)(1) so as to render that provision a nullity.[1]

---

[1] Zeferino, in a footnote, recognizes that the instant motion may burden the Court's resources.  ECF No. 33 at 1 n.2.  But if Zeferino's motion is granted, this Court may become burdened with motions by other class members, becoming the de facto appellate body of the Tacoma immigration court.

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER                10
ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO
[CASE NO. 3:25-CV-05240-TMC]

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

**II.    Zeferino has not established irreparable harm because he has an adequate remedy in appealing to the BIA.**

Irreparable harm in the context of injunctive relief "is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Az. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). To be sure, deprivation of constitutional rights can constitute irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). But Zeferino seeks injunctive relief based on alleged statutory—*not* constitutional—violations.[2] *See* ECF No. 3 at 9–16, 17. And even assuming Zeferino is correct on the merits, he has an adequate remedy. *See Az. Dream Act Coal.*, 757 F.3d at 1068. Zeferino can obtain relief at the BIA. *See Holland v. Rosen*, 277 F. Supp. 3d 707, 748 (D.N.J. 2017) ("A federal court injunction is not a necessary remedy where the prospect of a state remedy is available.").

Zeferino's detention therefore fails to constitute an irreparable harm. *See Hernandez*, 872 F.3d at 994. His generalized complaints of family separation and inadequate living conditions are not enough to warrant injunctive relief. ECF No. 35. Because his alleged harm "is essentially inherent in detention, the Court cannot weigh this strongly in favor of" Zeferino. *Lopez Reyes v. Bonnar*, No 18-cv-07429-SK, 2018 WL 747861 at *10 (N.D. Cal. Dec. 24, 2018). The Court should deny the motion for a preliminary injunction.

**III.    The Government has a compelling interest in allowing the BIA to speak on the issue.**

Where, as here, the moving party only raises "serious questions going to the merits," the balance of hardships must "tip sharply" in his favor. *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

---

[2] While Count III raises a constitutional claim, that relates to the claims involving alleged delays in adjudications of appeals to the BIA. Compl. ¶¶ 107-10. This claim is not the subject of Zeferino's motion. *See* ECF No. 3 at 22 n.6.

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO
[CASE NO. 3:25-CV-05240-TMC]

11

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1    Zeferino fails to do so here.  *See id.*  The government has a compelling interest in the steady

2    enforcement of its immigration laws.  *See Miranda v. Garland*, 34 F.4th 338, 365–66 (4th Cir. 2022)

3    (vacating an injunction that required a "broad change" in immigration bond procedure); *Ubiquity Press*

4    *Inc. v. Baran*, No 8:20-cv-01809-JLS-DFM, 2020 WL 8172983, at *4 (C.D. Cal. Dec. 20, 2020) ("the

5    public interest in the United States' enforcement of its immigration laws is high"); *United States v.*

6    *Arango*, CV 09-178 TUC DCB, 2015 WL 11120855, at 2 (D. Ariz. Jan. 7, 2015) ("the Government's

7    interest in enforcing immigration laws is enormous.").  Judicial intervention would only disrupt the

8    status quo.  *See, e.g.*, *Slaughter v. White*, No. C16-1067-RSM-JPD, 2017 WL 7360411, at * 2 (W.D.

9    Wash. Nov. 2, 2017) ("[T]he purpose of a preliminary injunction is to preserve the status quo pending

10   a determination on the merits.").  The Court should avoid a path that "inject[s] a degree of uncertainty"

11   in the process.  *USA Farm Labor, Inc. v. Su*, 694 F. Supp. 3d 693, 714 (W.D.N.C. 2023).  The BIA

12   exists to resolve disputes like this.  *See* 8 C.F.R. § 1003.1(d)(1).  By regulation it must "provide clear

13   and uniform guidance" "through precedent decisions" to "DHS [and] immigration judges."  *Id.*

14   Defendants ask that the Court allow the established process to continue without disruption.

15       The BIA also has an "institutional interest" to protect its "administrative agency authority."

16   *See McCarthy v. Madigan*, 503 U.S. 140, 145, 146 (1992) *superseded by statute as recognized in*

17   *Porter v. Nussle*, 534 U.S. 516 (2002).  "Exhaustion is generally required as a matter of preventing

18   premature interference with agency processes, so that the agency may function efficiently and so that

19   it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of

20   its experience and expertise, and to compile a record which is adequate for judicial review." *Global*

21   *Rescue Jets, LLC v. Kaiser Foundation Health Plan, Inc.*, 30 F.4th 905, 913 (9th Cir. 2022) (quoting

22   *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).  Indeed, "agencies, not the courts, ought to have

23

24   DEFENDANTS' OPPOSITION TO MOTION              12          U.S. DEPARTMENT OF JUSTICE
     FOR TEMPORARY RESTRAINING ORDER                          CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
     ON BEHALF OF CLASS MEMBER ALFREDO                        P.O. BOX 878, BEN FRANKLIN STATION
     JUAREZ ZEFERINO                                          WASHINGTON, D.C. 20044
     [CASE NO. 3:25-CV-05240-TMC]                             (202) 742-7118

1  primary responsibility for the programs that Congress has charged them to administer." *McCarthy*,

2  503 U.S. at 145.  The Court should allow the BIA the opportunity to weigh in on these issues he raises

3  on appeal—which are the same issues raised in this action.  *See id.*  The Court should deny the

4  preliminary injunction.

5                                          **CONCLUSION**

6          For the foregoing reasons, the Court should deny Zeferino's motion for preliminary injunction.

7

8  DATED this 16th day of May, 2025.

9                                          Respectfully submitted,

10                                         YAAKOV M. ROTH
                                           Acting Assistant Attorney General

11                                         NICOLE P. GRANT
                                           Senior Litigation Counsel
12
                                           /s/ Victor M. Mercado-Santana
13                                         VICTOR M. MERCADO-SANTANA
                                           Senior Litigation Counsel
14                                         Civil Division, Office of Immigration Litigation
                                           General Litigations & Appeals
15                                         United States Department of Justice
                                           P.O. Box 878, Ben Franklin Station
16                                         Washington, DC  20044
                                           Telephone: (202) 305-7001
17                                         Facsimile: (202) 616-8962
                                           Email: victor.m.mercado-santana@usdoj.gov
18
                                           MICHAEL D. ROSS
19                                         IAN S. LAM
                                           Trial Attorneys
20
                                           *Attorneys for Defendants*
21

22                                         I certify that this memorandum contains 3,785 words, in
                                           compliance with the Local Civil Rule 7(e).
23

24  DEFENDANTS' OPPOSITION TO MOTION              U.S. DEPARTMENT OF JUSTICE
    FOR TEMPORARY RESTRAINING ORDER         13   CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
    ON BEHALF OF CLASS MEMBER ALFREDO             P.O. BOX 878, BEN FRANKLIN STATION
    JUAREZ ZEFERINO                               WASHINGTON, D.C. 20044
    [CASE NO. 3:25-CV-05240-TMC]                  (202) 742-7118