1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

13

14

RAMON RODRIGUEZ VAZQUEZ, on

behalf of himself as an individual and on

behalf of others similarly situated,

Plaintiff,

v.

DREW BOSTOCK, et al,

Defendants.

Case No. 3:25-cv-05240-TMC

ORDER DENYING TEMPORARY
RESTRAINING ORDER ON
BEHALF OF CLASS MEMBER
ALFREDO JUAREZ ZEFERINO

15

16

17

18

19

20

21

22

23

24

## I.    INTRODUCTION

This matter comes before the Court on class member Alfredo Juarez Zeferino's

("Zeferino")[1] Emergency Motion for Temporary Restraining Order ("TRO"). Dkt. 33. Zeferino

is a twenty-five-year-old Washington state resident and farmworker rights activist who has lived

between Skagit and Whatcom counties since 2012 and in the United States since 2008. Dkt. 35

¶¶ 1, 3, 5, 12; Dkt. 34-4 at 4. Zeferino was arrested by immigration officers on March 25, 2025

[1] Immigration documents and court filings refer to Zeferino as "Alfredo Juarez-Ceferino." *See,
e.g.*, Dkt. 34-6. Unless otherwise noted, the Court will refer to the class member as "Zeferino."

ORDER DENYING TEMPORARY RESTRAINING ORDER ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO- 1

based on a removal order and sent to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he is currently detained. Dkt. 34-5 at 5, 7, 17; Dkt. 35 ¶ 2.

After an immigration judge ("IJ") granted Zeferino's motion to reopen his removal proceedings, Dkt. 34-3 at 4–5, he requested a bond redetermination hearing before another IJ. Dkt. 34-6 at 2. The IJ denied bond, finding that the court had "[n]o [j]urisdiction" and holding Zeferino was subject to mandatory detention under 8 U.S.C. § 1225. *Id.* The IJ issued an alternative finding that Zeferino was a flight risk and set bond at $5,000, subject to any other conditions set by the Department of Homeland Security ("DHS"). *Id.*

Zeferino now asks the Court to order that Defendants honor the alternative finding and release him upon payment of the $5,000 bond, based on this Court's recent order finding the Tacoma Immigration Court's practice of denying bond likely unlawful. Dkt. 33 at 2 (citing Dkt. 29). The Court finds that Zeferino has failed to satisfy the high bar required for emergency relief. Thus, the Court DENIES Zeferino's motion for a TRO. The Court instructs Zeferino that he may still seek a preliminary injunction that allows for full briefing or pursue alternative paths for individual relief. Should he choose to seek a preliminary injunction, Zeferino must address the Court's power to grant the type of relief requested to an unnamed class member.

## II.    BACKGROUND

### A.    Class member Alfredo Juarez Zeferino

Zeferino is a twenty-five-year-old Washington state resident who has lived between Skagit and Whatcom counties since 2012. Dkt. 35 ¶¶ 1, 3. Zeferino first arrived in the United States in 2008, when he was eight years old. Dkt. 34-4 at 4. Zeferino's parents are seasonal agricultural workers, an industry Zeferino started working in at 13, harvesting berries. *Id.* ¶¶ 3, 5. Until his detention, Zeferino lived with his parents and siblings in Sedro-Woolley, Washington. *Id.* ¶ 4. He is the oldest of seven siblings and income from farmwork helped support his family

ORDER DENYING TEMPORARY RESTRAINING ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO- 2

expenses, such as rent, bills, and groceries. *Id.* ¶¶ 4–5. Zeferino is considered a "leading voice in advocating for farmworkers in his home state of Washington." Dkt. 34-1 at 15–16. He co-founded the labor union Familias Unidas por la Justicia ("Families United for Justice") and has helped extend labor protections in Washington state to farmworkers, specifically the berry workers in Skagit County. *Id.* at 15; Dkt. 35 ¶ 12. Before immigration officials arrested him, Zeferino had never been arrested by the police, charged with a crime, convicted of a crime, or involved in gang activity. Dkt. 35 ¶ 6; Dkt. 34-5 at 12.

On June 20, 2015, the Bellingham Police pulled Zeferino over for a traffic violation and requested assistance from Customs and Border Protection ("CBP") after failing to confirm his identity. Dkt. 34-5 at 11; Dkt. 35 ¶ 6. After determining that Zeferino was not legally residing in the United States, CBP initially detained Zeferino and transferred him to NWIPC. Dkt. 34-5 at 11–13, 15. He was released from custody soon after. *See id.* at 13, 15. A Notice to Appear ("NTA") issued by DHS as a result of that detention described Zeferino as a "[noncitizen][2] present in the United States who has not been admitted or paroled." Dkt. 34-4 at 4.

In March 2018, an IJ ordered Zeferino removed to Mexico in absentia, finding that his failure to appear at his removal hearing constituted abandonment of any potential applications to stay in the country. Dkt. 34-5 at 9. On March 25, 2025, immigration authorities conducted a vehicle stop and arrested Zeferino based on his 2018 removal order. *Id.* at 5–6. Immigration and Customs Enforcement ("ICE") transferred Zeferino to NWIPC. *Id.* at 7; Dkt. 35 ¶ 7. After his arrest, Zeferino moved to reopen his removal proceedings, which an IJ granted based on his showing that he "did not receive th[e] operative notice to appear" and lacked notice of the initial removal hearing. Dkt. 34-3 at 4–5.

---

[2] This order uses the term "noncitizen" as equivalent to the statutory term "alien." *Nasrallah v. Barr*, 590 U.S. 573, 578, n.2 (2020); *see* 8 U.S.C. § 1101(a)(3).

ORDER DENYING TEMPORARY RESTRAINING ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO- 3

**B.    The Court's prior orders**

On April 24, 2025, this Court granted named Plaintiff Ramon Rodriguez Vazquez's ("Rodriguez") individual motion for a preliminary injunction. Dkt. 29. Rodriguez challenged a practice by IJs at the Tacoma Immigration Court. Dkt. 1. The Tacoma IJs have interpreted Section 1225(b) of the Immigration and Nationality Act ("INA") as denying the court jurisdiction to grant bond, thus mandating detention for noncitizens who entered the United States without inspection, even if they have lived here for years. *Id.* The Court found that Rodriguez was likely to succeed on the merits, or at the very least raised "serious questions," of his claims that he is unlawfully detained under Section 1225(b)'s mandatory detention authority and should instead be subject to Section 1226(a)'s discretionary detention scheme. Dkt. 29 at 22. Because Rodriguez also showed irreparable harm, that the balance of hardships tipped sharply in his favor, and that he need not exhaust administrative remedies through the Board of Immigration Appeals ("BIA"), the Court granted the preliminary injunction and ordered Defendants to provide Rodriguez with a bond hearing within 14 days. *Id.* at 4.

Alongside his individual motion for preliminary injunction, Rodriguez also moved to certify two classes of similarly situated noncitizens, seeking declaratory relief that the IJs' policy is unlawful under the INA and that prolonged detention without timely adjudication of their appeal violates due process. Dkt. 2 at 17. On May 2, 2025, the Court granted in part and denied in part Rodriguez's motion, ordering the following classes be certified:

> <u>Bond Denial Class</u>: All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

> <u>Bond Appeal Class</u>: All detained noncitizens who have a pending appeal, or will file an appeal, of an immigration judge's bond hearing ruling to the Board of Immigration Appeals.

ORDER DENYING TEMPORARY RESTRAINING ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO- 4

Dkt. 32 at 43. Zeferino is a member of the Bond Denial Class and the Bond Appeal Class.

**C.    Zeferino's bond denial**

On May 6, 2025, Zeferino requested a bond redetermination hearing before an IJ.

Dkt. 34-6 at 2. Zeferino submitted letters of support from more than 20 friends, family, and

community leaders, including elected officials, attesting to his moral character and contributions

to the community. *See generally* Dkt. 34-1. In support of his request that he is eligible for a bond

hearing under Section 1226(a), Zeferino also submitted this Court's preliminary injunction and

class certification orders. *See generally* Dkt. 34-2.

Two days later, IJ Theresa Scala denied Zeferino's bond request, finding that the court

had "[n]o [j]urisdiction" to grant him bond. Dkt. 34-6 at 2. The IJ held that Zeferino was subject

to mandatory detention under Section 1225(b). *Id*. The IJ also issued an alternative finding that

Zeferino was a flight risk and set bond at $5,000, subject to any other conditions set by the

Department of Homeland Security ("DHS"). *Id.* The next day, Zeferino appealed his bond denial

to the BIA. Dkt. 35 ¶ 13.

On May 14, 2025, Zeferino moved for a TRO as a member of the Bond Denial Class.

Dkt. 33. The TRO asks the Court to order Defendants to release Zeferino upon payment of the

$5,000 bond in accord with the IJ's alternative finding. Dkt. 33 at 2. Defendants opposed the

TRO on May 16, 2025. Dkt. 37.

**III.    LEGAL STANDARD**

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that

the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22

(2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)

(the standard for a TRO is "substantially identical" to the standard for a preliminary injunction).

TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so

long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). "Although courts employ identical standards to evaluate whether to issue a TRO or a preliminary injunction," *Arizona Recovery Hous. Ass'n v. Arizona Dep't of Health Servs.*, 462 F. Supp. 3d 990, 996 (D. Ariz. 2020) (citation omitted), "Courts of Appeals generally lack appellate jurisdiction over appeals from TROs . . . [in contrast to] an appealable preliminary injunction." *See Dep't of Educ. v. California*, 604 U.S. ----, 145 S. Ct. 966, 968 (2025). Preliminary injunctions are also decided on full briefing and, when granted, "last throughout the case, while TROs may generally last no longer than 28 days." *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1075 (S.D. Cal. 2019).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) the potential for irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. Mandatory injunctive relief, like the TRO requested here, orders a party to perform an affirmative act. *Garcia v. Google*, 786 F.3d 733, 740 (9th Cir. 2015). When a party seeks a mandatory injunction, "[t]he district court should deny such relief unless the facts and law clearly favor the moving party." *Garcia*, 786 F.3d at 740 (internal quotation marks and citations omitted).

### IV.    DISCUSSION

Based on the Court's preliminary review of the record, Zeferino has not shown a clear likelihood of success on the merits because he has not shown that this Court has the power to grant individual injunctive relief to an unnamed class member. Further, the nature of the relief sought—immediate release upon payment of the $5,000 bond—is inconsistent with the temporary purpose of a TRO.

ORDER DENYING TEMPORARY RESTRAINING ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO- 6

1    Zeferino contends that he is member of the Bond Denial Class because the government

2    alleges "(1) that he is present in the United States without admission . . .; and (2) that he was not

3    apprehended upon his alleged arrival into the country . . .; [and] (3) he was not subject to

4    detention under either 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time he requested a

5    bond hearing." Dkt. 33 at 3–4 (citing Dkt. 32 at 43). Defendants do not dispute this point. *See*

6    Dkt. 37 at 9. Instead, Defendants argue that Zeferino wrongly "assumes that, merely by being a

7    class member, he may pursue individualized relief in this litigation beyond what is permitted by

8    Rule 23(b)(2)." *Id.* Defendants also assert that because Zeferino "fails to explain why his request

9    is proper given he is neither a named party to the litigation nor an intervenor," the Court "should

10   refrain from granting any individualized relief . . . within the context of this class action lawsuit."

11   *Id.* at 9–10. At this preliminary stage, the Court agrees.

12   As the Court noted in its class certification order, "Rule 23(b)(2) permits class actions for

13   declaratory *or* injunctive relief where 'the party opposing the class has acted or refused to act on

14   grounds generally applicable to the class.'" Dkt. 32 at 41 (quoting *Amchem Prods., Inc. v.*

15   *Windsor*, 521 U.S. 591, 614 (1997)). Named Plaintiff Rodriguez sought only declaratory relief

16   under Rule 23(b)(2) for the two proposed classes, Dkt. 1 at 22, arguing that a single "declaratory

17   judgment [for the Bond Denial Class] establishing that their detention is governed by §

18   1226(a) . . . would provide relief to each member of the class." Dkt. 2 at 19 (citation omitted).

19   Classwide declaratory relief, the Court held, was a proper basis for certifying the classes under

20   Rule 23(b)(2). Dkt. 32 at 43.

21   But Zeferino now seeks emergency *injunctive* relief, asking the Court to order

22   Defendants release him upon payment of a bond. *See* Dkt. 33 at 15. Beyond the difference in

23   relief requested, Zeferino also seeks a remedy for a single unnamed class member, which appears

24   to exceed the scope of Rule 23(b)(2). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360

ORDER DENYING TEMPORARY RESTRAINING ORDER ON BEHALF OF CLASS MEMBER ALFREDO
JUAREZ ZEFERINO- 7

(2011) ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class . . . [and] does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant.") (emphasis in original). Zeferino has not explained how the Court has the power to grant him injunctive relief as an unnamed class member. *See generally* Dkt. 33.

Zeferino also seeks relief that is inconsistent with the temporary nature of a TRO. "[T]emporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc.*, 415 U.S. at 439. Here, Zeferino's request to be immediately released upon payment of a bond would not "preserv[e] the status quo" until a full hearing on the merits, but necessarily change it. *See id.* Although the Court granted similar affirmative relief to named Plaintiff Rodriguez in the form of a preliminary injunction, a preliminary injunction is an appealable order that occurs after full briefing and is intended to last for the remainder of the litigation. *See Dep't of Educ.*, 604 U.S. ----; *Synopsys, Inc.*, 401 F. Supp. 3d at 1075. These are meaningful distinctions from a TRO.

"A likelihood of success on the merits is the most important *Winter* factor and, where a party fails to satisfy this threshold showing, the Court need not consider the remaining factors." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), report and recommendation adopted, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing *Garcia*, 786 F.3d at 740). Because Zeferino seeks a mandatory injunction, his "burden is even greater; []he must establish that the law and facts clearly favor h[is] position, not simply that []he is likely to succeed." *Id.* (citing *Garcia*, 786 F.3d at 740). The Court concludes that Zeferino fails to meet this burden. Zeferino has not shown that this Court

has the power to grant an injunction to an unnamed member of a class certified on the basis that a single declaratory judgment would provide its members their requested relief. Additionally, the nature of the relief sought—immediate release upon payment of the $5,000 bond—is inconsistent with the limited purpose of a TRO. Together, this is insufficient to meet the high bar for emergency injunctive relief.

The Court emphasizes that its analysis is preliminary and that this ruling does not alter its prior conclusion that the Tacoma Immigration Court's bond denial practice is likely unlawful under the nation's immigration laws. Dkt. 29 at 22. Accordingly, Zeferino may seek a preliminary injunction with full briefing. As the Government points out in its response, *see* Dkt. 37 at 10, Zeferino could also seek relief through other procedural mechanisms, such as by moving to intervene in this litigation or by filing an individual habeas petition.

## V.   CONCLUSION

The Court finds that Zeferino has failed to satisfy the high bar required for emergency relief. Thus, the Court DENIES Zeferino's motion for a TRO. The Court instructs Zeferino that he may still seek a preliminary injunction that allows for full briefing or pursue alternative paths for individual relief. Should he choose to seek a preliminary injunction, Zeferino must address the Court's power to grant the type of relief requested to an unnamed class member.

Dated this 19th day of May, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING TEMPORARY RESTRAINING ORDER ON BEHALF OF CLASS MEMBER ALFREDO JUAREZ ZEFERINO- 9