District Judge Tiffany M. Cartwright

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Ramon RODRIGUEZ VAZQUEZ, and those similarly situated,

*Plaintiffs*,

v.

Drew BOSTOCK, *et al.*,

*Defendants*.

CASE NO. 3:25-cv-05240-TMC

DEFENDANTS' MOTION TO STAY BRIEFING OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Noted for Consideration:
June 20, 2025

---

DEFENDANTS' MOTION TO STAY BRIEFING OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
[Case No. 3:25-CV-05240-TMC]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 307-6329

Defendants request a stay of briefing on the Bond Denial Class ("BDC" or "Plaintiffs") motion for partial summary judgment (ECF No. 41) until: (1) Defendants have filed a response to the complaint and (2) a scheduling order is entered. Under the local rules, Defendants' response to the motion for partial summary judgment is due on June 23, 2025. *See* L.R. 7(d)(4). Meanwhile, Defendants' deadline to answer or otherwise respond to the complaint is June 6, 2025, and Defendants will file a motion to dismiss. Because adjudication of Defendant's imminent motion to dismiss may result in dismissal of some or all of Plaintiffs' claims, and there has not yet been a case management conference or scheduling order entered for the merits of Plaintiffs' claims[1], a stay of summary judgment briefing is appropriate. If the Court declines to stay briefing, however, Defendant respectfully requests that the Court enter a schedule for briefing that comports with Local Rules 7(d)(4) and 16, and allows 21 days from entry of the Court's order on this motion for Defendant to file an opposition to Plaintiffs' motion for partial summary judgment.

**I.      Procedural History**

This case concerns a challenge related to immigration detention practices out of the Tacoma Immigration Court. On March 20, 2025, Plaintiff filed his Writ of Habeas Corpus ("Complaint") (ECF No. 1) raising four separate claims, along with their motion to certify a class (ECF No. 2) and a motion for a preliminary injunction (ECF No. 3). In the Complaint, Plaintiff alleged two separate classes – the Bond Denial Class ("BDC") and Bond Appeal Class ("BAC"). *See* Complaint ¶¶ 10-12. The Complaint alleges unlawful denial of bond (Count One) and entitlement to bond hearings (Count Two) (together, the "Bond Denial Claims"). *Id*. at ¶¶ 99–106. It also alleges delayed adjudication of bond

---

[1] A scheduling conference was held on April 2, 2025, but its scope was limited to Plaintiffs' motion for preliminary injunction (ECF No. 3) and Plaintiffs' motion for class certification (ECF No. 2). See ECF No. 19 – Scheduling Order.

| DEFENDANTS' MOTION TO STAY BRIEFING OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF [CASE NO. 3:25-CV-05240-TMC] | 1 | U.S. DEPARTMENT OF JUSTICE CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION P.O. BOX 878, BEN FRANKLIN STATION WASHINGTON, D.C. 20044 (202) 742-7118 |

appeals in violation of the Fifth Amendment (Count Three) and the APA (Count Four) (together, the "Bond Appeal Claims"). *Id.* ¶¶ 107–15. Mr. Rodriguez seeks relief for himself and on behalf of a—now—certified class. *Id.* at 21–22.

On April 24, 2025, the Court granted the Preliminary Injunction Motion, ordering, among other things, that Defendants "provide Rodriguez with a bond hearing under 8 U.S.C. § 1226(a) within fourteen days of this Order." *See* Order Granting Prelim. Inj., ECF No. 29 at 36 ("PI Order"). On May 2, 2025, the Court granted in part and denied in part the Motion for Class Certification. Order Granting in Part and Denying in Part Mot. for Class Certification, ECF No. 32 ("Class Certification Order"). In the Class Certification Order, the Court certified the following classes:

> <u>Bond Denial Class:</u> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, [sic] (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.
>
> <u>Bond Appeal Class:</u> All detained noncitizens who have a pending appeal, or will file an appeal, of an immigration judge's bond hearing ruling to the Board of Immigration Appeals.

*Id.* at 43. In certifying the BAC, the Court noted that "the Bond Appeal Class is certified only as to Plaintiff's Due Process claims. The motion for class certification is DENIED as to the Bond Appeal Class for claims of unreasonable delay under the APA." *Id.*

On May 20, 2025, Defendants filed a stipulated motion to extend their time to respond to the Complaint. ECF. No. 39. That same day, the Court granted the extension, ordering that Defendants answer or otherwise respond to the Complaint on or before June 6, 2025. ECF No. 40. On June 2, 2025, Plaintiffs moved for partial summary judgment on Count One on behalf of the BDC. ECF. No. 41. In support of their motion for partial summary judgment, Plaintiffs introduce four alleged class members, submit new declarations that allege new facts in support of their argument, (ECF Nos. 43-

DEFENDANTS' MOTION TO STAY
BRIEFING OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT THEREOF
[CASE NO. 3:25-CV-05240-TMC]

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

45), and reference additional records outside of the complaint (e.g. ECF Nos. 33-35, Zeferino TRO). Plaintiff did not move for summary judgment as to the remaining Bond Appeal Claims.

## II. LEGAL STANDARD

"'A district court has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *United States v. California*, No. 2:18-cv-00490-JAM-KJN, 2018 WL 5310675, at *1 (E.D. Cal. Oct. 19, 2018) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In deciding whether to exercise that discretion to issue a stay, the Court looks to three factors: "1) the 'possible damage which might result from granting a stay,' 2) the 'hardship or inequity which a party might suffer in being required to go forward,' and 3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.' *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The proponent of a stay bears the burden of showing that these factors, on balance, warrant a stay." *Id.* (citing *Clinton*, 520 U.S. at 708).

## III. ARGUMENT

A stay is appropriate here. First, a stay would promote the orderly course of justice. As the Defendants' motion to dismiss is based on the threshold question of whether jurisdiction exists over Plaintiffs' claims for relief, a ruling on that issue may result in dismissal of this matter. A stay would also allow both the Court and the Parties to manage only those claims that remain after adjudication of the motion to dismiss. Further, the Court should address the reasons for dismissal raised in Defendants' motion to dismiss first, given the "normal civil litigation process, which routinely results in the resolution of Rule 12 motions before motions for summary judgment, even in administrative law cases such as this one." See *Hoopa Valley Tribe v. United States Bureau of Reclamation*, No.

DEFENDANTS' MOTION TO STAY
BRIEFING OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT THEREOF
[CASE NO. 3:25-CV-05240-TMC]

3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

1:20-cv-01814, 2023 WL 3481144, at *2 (E.D. Cal. May 16, 2023) (granting a motion to stay summary judgment briefing to allow for potential narrowing of claims upon resolution of the defendant's motion to dismiss). *See Hoopa Valley Tribe*, 2023 WL 3481144, at *3 (citing a stay in the best interest of judicial economy and citing the "considerable backlog," in the District Court for the Eastern District of California as of May 2023). Indeed, the Court must resolve jurisdictional questions given that "[f]ederal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007).  In other words, "the ordinary rule" is that "courts must address questions pertaining to constitutional jurisdiction first." *Phoenix Light SF Ltd. V. Bank of N.Y. Mellon*, 66 F. 4th 365, 370 (2d Cir. 2023).

Next, a stay would only pause summary judgment briefing pending a decision on Defendant's motion to dismiss, which could be dispositive of the issues raised in Plaintiff's motion for partial summary judgment. Moreover, as Plaintiffs introduced new parties and alleged new facts in support of their motion for partial summary judgment prior to the Parties having held a scheduling conference on the merits or engaged in production of any kind, it would be highly prejudicial to Defendants if forced to respond to Plaintiffs' motion prematurely and outside the normal course of litigation.

Finally, proceeding with briefing the motion for summary judgment while simultaneously briefing and awaiting a ruling on the motion to dismiss would cause hardship for the Parties and waste judicial resources, because as stated, ruling on the motion to dismiss may narrow the issues the Parties are left to address and would thus avoid the Parties having to simultaneously brief two dispositive motions.

DEFENDANTS' MOTION TO STAY BRIEFING OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF
[CASE NO. 3:25-CV-05240-TMC]

4

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court stay the briefing deadlines related to Plaintiffs' Motion for Partial Summary Judgment. If the Court declines to stay briefing, however, Defendant respectfully requests that the Court enter a schedule for briefing that comports with Local Rules 7(d)(4) and 16, and allows 21 days from entry of the Court's order on this motion for Defendant to file an opposition to Plaintiffs' motion and cross-motion for summary judgment.

Dated: June 6, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

SAMUEL P. GO
Assistant Director

/s/ Victor M. Mercado-Santana
VICTOR M. MERCADO-SANTANA
Senior Litigation Counsel
Civil Division, Office of Immigration Litigation
General Litigations & Appeals
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC  20044
Telephone: (202) 305-7001
Facsimile: (202) 616-8962
Email: victor.m.mercado-santana@usdoj.gov

MICHAEL D. ROSS
IAN S. LAM
Trial Attorneys

*Attorneys for Defendants*

***I certify that this memorandum contains 1,403 words, in compliance with the Local Civil Rules.***

DEFENDANTS' MOTION TO STAY BRIEFING OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF
[CASE NO. 3:25-CV-05240-TMC]

5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 742-7118