District Judge Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Ramon RODRIGUEZ VAZQUEZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>Drew BOSTOCK, et al.,<br><br>        Defendants. | Case No. 3:25-cv-05240-TMC<br><br>**RESPONSE TO DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Noting Date: June 20, 2025 |

RESP. TO DEFS.' MOT. TO STAY BRIEFING
ON PL.'S MOT. FOR SUMM. J.
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

# INTRODUCTION

Plaintiff Ramon Rodriguez Vazquez and the Bond Denial Class (Plaintiffs) oppose Defendants' motion to stay briefing on their motion for partial summary judgment. Plaintiffs' motion presents a pure legal question as to what bond detention authority applies to them—an issue that Defendants motion to dismiss *also raises*. Nevertheless, Defendants invoke two grounds for a stay: (1) the jurisdictional issues raised in their motion, and (2) the alleged hardship the parties would experience if required to litigate the motion prior to discovery or a scheduling conference.

Defendants' proffered reasons for staying briefing are baseless and any stay will cause irreparable harm to Plaintiffs. First, the Court can resolve Defendants' jurisdictional objections in a single ruling on Plaintiffs' motion for summary judgment and Defendants' motion to dismiss. Notably, Defendants' arguments as to jurisdiction present straightforward legal questions that the Supreme Court and Ninth Circuit have directly and resoundingly foreclosed. Second, the Bond Denial Class's motion for summary judgment presents a single legal question that will resolve the class's claim as to all members. Defendants do not contest this assertion, nor do they deny the existence of their bond denial policy or its application to class members, nor point to any needed discovery. Indeed, while Defendants claim the "parties" will experience hardship by briefing Plaintiffs' motion, they fail to present any hardship. Instead, they simply indicate their preference that the Court first adjudicate their motion, which they filed after Plaintiffs' motion. Either way, they must still address these same legal issues. Moreover, it is Plaintiffs who would suffer harm if their motion is delayed, as Defendants continue to subject Plaintiffs to unlawful detention pursuant to their policy.

Finally, Defendants' claim that staying the briefing will preserve judicial resources makes

RESP. TO DEFS.' MOT. TO STAY BRIEFING
ON PL.'S MOT. FOR SUMM. J. - 1
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

no sense. Defendants' motion to dismiss raises the exact same legal issue regarding the applicability of 8 U.S.C. § 1226(a) and § 1225(b) that Plaintiffs' motion presents. As a result, both the parties and the Court must address this issue.

## ARGUMENT

### I.  Standard of Review

"A court considering whether a stay is appropriate must weigh the competing interests that will be affected by the requested stay." *Rivera v. Holder*, 307 F.R.D. 539, 544 (W.D. Wash. 2015). These factors include "(1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer if the suit is allowed to go forward; and (3) the 'orderly course of justice,' measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These factors strongly favor denying Defendants' motion and proceeding to address Plaintiffs' motion for summary judgment.

### II.  The Court Can Address Plaintiffs' Summary Judgment Motion and Defendants' Motion to Dismiss in a Single Decision.

Defendants' motion first asserts that a stay is appropriate because their motion to dismiss raises jurisdictional objections to the Bond Denial Class's claims. *See* Dkt. 48 at 3–4. These jurisdictional arguments do not provide a basis to stay this case. First, the Court can resolve the jurisdictional issues at the same time it addresses the merits issues. Notably, Defendants' motion raises both arguments as to jurisdiction and the merits issue of whether the Bond Denial class is entitled to a bond hearing under 8 U.S.C. § 1226(a) or is subject to mandatory detention under § 1225(b)(2). *See* Dkt. 49 at 15–30. While it is true that courts must address the threshold issue of jurisdiction first, *see* Dkt. 48 at 4, the Court can do so in the same decision that addresses the merits, as courts often do, including in this exact context. For example, in *Rivera v. Holder*, this

RESP. TO DEFS.' MOT. TO STAY BRIEFING
ON PL.'S MOT. FOR SUMM. J. - 2
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

Court similarly confronted summary judgment questions of mootness and jurisdiction, and also the merits question of how to construe § 1226. 307 F.R.D. at 545–58, 553. In addressing all these issues, the Court rejected the defendants' request to stay the proceedings, "find[ing] § 1226(a) unambiguous." *Id* at 553. Similarly, the Supreme Court has repeatedly addressed jurisdiction and the merits in cases regarding immigration detention. *See, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281 (2018) (resolving jurisdictional objections under § 1252 and merits questions regarding the availability of bond hearings under § 1225 and § 1226); *Demore v. Kim*, 538 U.S. 510 (2003) (resolving jurisdictional objection and constitutional merits question as to availability of bond hearing); *Zadvydas v. Davis*, 533 U.S. 678 (2001) (similar). The Court should do the same here.

Second, cursory inspection of Defendants' jurisdictional arguments shows that binding Supreme Court and Ninth Circuit precedent directly foreclose these arguments. Defendants raise objections under 8 U.S.C. § 1252(f)(1), § 1252(b)(9), and § 1252(g). As to § 1252(f)(1), *see* Dkt. 49 at 20–23, Supreme Court and Ninth Circuit precedent have repeatedly held or indicated that declaratory relief is available in this context. *See Nielsen v. Preap*, 586 U.S. 392, 402–03 (2019) (plurality opinion); *Biden v. Texas*, 597 U.S. 785, 800–01 (2022); *Al Otro Lado v. Exec. Off. for Immigr. Rev.*, --- F. 4th ---, No. 22-55988, 2024 WL 5692756, at *14 (9th Cir. May 14, 2025). Next, the Supreme Court's decision in *Rodriguez* addressed and resolved the *exact same* § 1252(b)(9) argument Defendants raise here. *Compare* 583 U.S. at 292–95 *with* Dkt. 49 at 17–19. Finally, Defendants point to § 1252(g), which they say applies because it bars jurisdiction over decisions to "commence proceedings." Dkt. 49 at 15–16. But *Rodriguez* again explains why this is wrong, *see* 583 U.S. at 294, as does other Supreme Court precedent interpreting this "narrow" jurisdiction-stripping provision, *Reno v. Am.–Arab Anti–Discrimination Comm.*, 525

RESP. TO DEFS.' MOT. TO STAY BRIEFING ON PL.'S MOT. FOR SUMM. J. - 3
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

U.S. 471, 486 (1999).[1] The Court should not stay this litigation to entertain these baseless jurisdictional challenges.[2]

### III. The Merits Presents a Question of Law that the Court Must Also Address in the Resolving the Motion to Dismiss.

Defendants also suggest that a stay is appropriate because of "new parties" and "new facts. Dkt. 48 at 4. They also reference a need for discovery "production." *Id.* Defendants do not explain what discovery would be needed nor how these developments merit staying the summary judgment briefing, but instead simply assert in conclusory fashion that they do.

The salient facts remain the same and uncontested in this litigation: Defendants have a policy of applying § 1225(b)(2) to people who are not apprehended upon arrival to the United States, thus depriving them of an opportunity to be considered for bond under § 1226(a). Defendants did not previously contest this policy exists, nor do they contest it exists in their motion to dismiss. The question as to which detention statute applies to Plaintiffs presents a pure question of law that this Court can and should resolve on summary judgment. Indeed, the Court must resolve that question as part of Defendants' motion to dismiss. *See* Dkt. 49 at 27–30. Because the Court must resolve this issue as part of Defendants' motion to dismiss, it makes no sense to stay the briefing on Plaintiffs' motion for summary judgment, which presents the same issue, *see* Dkt. 41 at 12–19.

Notably, the Ninth Circuit and this Court have repeatedly explained that cases presenting a "pure question of law" can be resolved on summary judgment, even at an early stage of the

---

[1] Defendants also raise a mootness challenge as to Mr. Rodriguez. Dkt. 49 at 13–14. Of course, even if Mr. Rodriguez's claims are moot, the class's claims are not, and thus resolution of the mootness issue is immaterial to the Bond Denial Class's challenge. *See, e.g., Sosna v. Iowa*, 419 U.S. 393, 397–402 (1975).

[2] Plaintiffs will of course address these jurisdictional challenges in their response to the motion to dismiss, but they simply note here that there should be little doubt that the Court must reach the merits.

RESP. TO DEFS.' MOT. TO STAY BRIEFING
ON PL.'S MOT. FOR SUMM. J. - 4
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

proceedings. *Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1048 (9th Cir. 2015). Specifically, where "additional factual development through discovery is unnecessary to resolve the question raised in plaintiff's motion for summary judgment," the Court can and should resolve the summary judgment motion. *Homesite Ins. Co. v. Schlackman*, 671 F. Supp. 3d 1205, 1212 (W.D. Wash. 2023).

      Defendants' references to new parties, facts, and discovery are a red herring. The "new parties" here are not new: they are class members in this case subject to the same agency policy that all class members challenge. *See also* Dkt. 41 at 6–10, 19–22. And the "new facts" Defendants point to are agency records that show Defendants have continued to apply their bond denial policy to class members—something Defendants do not contest. *See* Dkt. 41 at 6–10. The other "new facts" are simply the bond evidence and records before the agency, which reflect the harm that class members are suffering. *Id.* This evidence from the agency records does not have any effect on the existence of Defendants' policy or the central legal question of whether that policy is lawful.

      Finally, if Defendants believe a stay is warranted because of the need for "production," Dkt. 49 at 4, they must explain what "essential" facts they seek in discovery and how those facts would preclude summary judgment. Fed. R. Civ. P. 56(d); *see also, e.g.*, *Adoma v. Univ. of Phoenix, Inc.*, 779 F. Supp. 2d 1126, 1131 (E.D. Cal. 2011) (delaying summary judgment for discovery appropriate only if the non-moving party "(1) . . . set[s] forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."). Ultimately, here, the only salient fact is whether Defendants in fact have a policy of denying class members bond under § 1225(b)(2)—a fact they cannot deny. Thus, any request for a stay is

RESP. TO DEFS.' MOT. TO STAY BRIEFING
ON PL.'S MOT. FOR SUMM. J. - 5
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

inappropriate, as Defendants cannot show that a "continuance . . . allowing additional discovery would . . . preclude[] summary judgment." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012). This is particularly true here, because "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) (internal citation omitted).

### IV. Denying a Stay Would Result in No Hardship to Defendants, but Staying the Briefing Would Produce Significant Hardship for Plaintiffs.

Finally, Defendants are incorrect to assert that "proceeding with briefing the motion for summary judgment while simultaneously briefing and awaiting a ruling on the motion to dismiss would cause hardship for the Parties and waste judicial resources." Dkt. 48 at 4. Plaintiffs strongly disagree with Defendants' attempt to claim that Plaintiffs—or any party—would suffer hardship here or that judicial resources will be wasted. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (explaining that a "stay may be inappropriate absent a showing by the moving party of hardship or inequity," particularly where "the stay will work damage to someone else" (citation modified)).

First, there is no hardship and judicial resources wasted where the parties *already have to brief* the same issues that Defendants' motion to dismiss presents. *Compare* Dkt. 41 at 12–19 *with* Dkt. 49 at 27–30. As noted above, both the motion to dismiss and Plaintiffs' motion for summary judgment address the merits of whether the Bond Denial Class is entitled to summary judgment.

Second, as explained in Plaintiffs' motion, class members are currently experiencing unlawful detention because the only basis for their detention is § 1225(b)(2). Specifically, agency records show that immigration judges in Tacoma are denying individuals release based

RESP. TO DEFS.' MOT. TO STAY BRIEFING
ON PL.'S MOT. FOR SUMM. J. - 6
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

solely on § 1225(b)(2), while simultaneously setting a bond amount that would apply if § 1225(b)(2) did not mandate detention. *See* Dkts. 34-6, 42-5, 42-9, 42-11. But for that conclusion, they would be free, living with their families, caring for their siblings and children, and participating once again in the communities that strongly support their release. *See generally* Dkt. 41 at 6–10, 22–23. Thus, if the Court grants Defendants' request for a stay, Plaintiffs will be subject to months of additional detention while the parties first brief the motion to dismiss and later brief the motion for summary judgment.[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion. Moreover, consistent with the local rules, the Court should not grant Defendants any additional time to respond to Plaintiffs' motion, much less 21 days. *See* LCR 7(j) ("Parties should not assume that the motion [for relief from a deadline] will be granted and must comply with the existing deadline unless the court orders otherwise."). The Court should not reward Defendants' dilatory tactics, particularly where Supreme Court and Ninth Circuit precedent directly forecloses their jurisdictional arguments and their motion already requires addressing the merits issue they seek to have stayed.

Respectfully submitted this 9th of June, 2025.

s/ Matt Adams
Matt Adams, WSBA No. 28287
matt@nwirp.org

s/ Leila Kang
Leila Kang, WSBA No. 48048
leila@nwirp.org

s/ Glenda M. Aldana Madrid
Glenda M. Aldana Madrid, WSBA No. 46987
glenda@nwirp.org

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974
aaron@nwirp.org

---

[3] The prospect of such prolonged detention is precisely what causes people like Mr. Rodriguez to give up their cases. After Mr. Rodriguez was denied bond and ordered removed, he declined to remain subject to detention for many additional months while he appealed his custody and merits proceedings. *See* Dkt. 49 at 10–11.

RESP. TO DEFS.' MOT. TO STAY BRIEFING
ON PL.'S MOT. FOR SUMM. J. - 7
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 957-8611

*Counsel for Plaintiff and the Certified Classes*

**WORD COUNT CERTIFICATION**

I certify that this memorandum contains 2,223 words, in compliance with the Local Civil Rules.

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 816-3872
aaron@nwirp.org

RESP. TO DEFS.' MOT. TO STAY BRIEFING
ON PL.'S MOT. FOR SUMM. J. - 8
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611