UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMON RODRIGUEZ VAZQUEZ, on behalf of himself as an individual and on behalf of others similarly situated,

Plaintiff,

v.

DREW BOSTOCK, et al,

Defendant.

Case No. 3:25-cv-05240-TMC

ORDER DENYING DEFENDANTS' MOTION TO STAY

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Stay Briefing of Plaintiffs' Motion for Partial Summary Judgment. Dkt. 48. The Court finds that Defendants have failed to show that a stay is warranted. Thus, the Court DENIES Defendants' motion for a stay.

The Court GRANTS Defendants' alternative request to allow 21 days from entry of this Order for Defendants to file an opposition to the motion for partial summary judgment. The Court directs the clerk to re-note the pending summary judgment motion (Dkt. 41) for July 8, 2025. *See* LCR 7(d)(4). Defendants' opposition brief will be due on July 1, 2025.

## II. BACKGROUND

The factual and procedural background of this case is recounted in several prior orders. *See* Dkt. 29 at 4–12; Dkt. 32 at 2–11; Dkt. 38 at 4–5. Thus, in this Order, the Court reviews only the facts and procedural history relevant to the instant motion.

This case arises from a practice by the Tacoma Immigration Court of interpreting the Immigration and Nationality Act ("INA") to mandate detention without the possibility of bond for noncitizens who entered the United States without inspection, even if they have lived here for years. On March 20, 2025, named Plaintiff Ramon Rodriguez Vazquez ("Rodriguez") filed his complaint, moved for a preliminary injunction, and moved to certify two classes. Dkt. 1; Dkt. 2; Dkt. 3. Rodriguez challenged the Tacoma IJs' practice of interpreting Section 1225(b) of the INA as denying the immigration court jurisdiction to grant bond, arguing that he and putative class members are instead entitled to individualized bond hearings under Section 1226(a)'s discretionary detention scheme. Dkt. 1 ¶¶ 1–12.

On April 24, 2025, the Court granted Rodriguez's individual claim for a preliminary injunction and ordered Defendants to provide Rodriguez with a bond hearing within 14 days. Dkt. 29 at 4. Then on May 2, 2025, the Court granted in part and denied in part Rodriguez's class certification motion. Dkt. 32 at 43. Rodriguez had moved to certify two classes of similarly situated noncitizens, seeking declaratory relief that the IJs' policy is unlawful under the INA and that prolonged detention without timely adjudication of their appeal violates due process. Dkt. 2 at 17. The Court ordered the following classes be certified:

> <u>Bond Denial Class:</u> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

> Bond Appeal Class: All detained noncitizens who have a pending appeal, or will file an appeal, of an immigration judge's bond hearing ruling to the Board of Immigration Appeals.

Dkt. 32 at 43.

Following class certification, Plaintiff's counsel moved for a temporary restraining order ("TRO") on behalf of class member Alfredo Juarez Zeferino. Dkt. 33. Zeferino sought an order that required Defendants to honor the IJ's alternative finding that he be released upon payment of the bond amount set at his bond hearing. Dkt. 33 at 2. The Court denied the TRO motion, finding that Zeferino, an unnamed class member, failed to satisfy the high bar for emergency relief. Dkt. 38.

On May 20, 2025, the Court granted Defendants' stipulated motion for an extension to answer or otherwise respond to Rodriguez's complaint by June 6, 2025. Dkt. 40. On June 2, 2025, the Bond Denial Class ("Plaintiffs") moved for partial summary judgment. Dkt. 41. As part of the motion, Plaintiffs requested permanent injunctive relief for four individual class members, including Zeferino. *Id.* at 20–27.

Defendants then filed two motions on June 6, 2025: (1) a motion to dismiss the complaint for failure to state a claim, Dkt. 49; and (2) the instant motion to stay Plaintiffs' partial summary judgment motion, Dkt. 48.

## III. LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). A district court generally has "broad discretion to stay proceedings" as incident to this authority. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted).

"A court considering whether a stay is appropriate must weigh the competing interests that will be affected by the requested stay, including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer if the suit is allowed to go forward; and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Rivera v. Holder*, 307 F.R.D. 539, 544 (W.D. Wash. 2015) (citing *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)) (citation modified). The "proponent of a stay bears the burden" of showing that these factors warrant a stay. *Clinton*, 520 U.S. at 708 (citation omitted).

## IV. DISCUSSION

The Court finds that a stay is not appropriate. First, a stay of the partial summary judgment motion until adjudication of Defendants' motion to dismiss does not promote the "orderly course of justice" where the motions present overlapping questions of law. Defendants' motion to dismiss presents both jurisdictional and merits-based arguments. Dkt. 49 at 18–33. Defendants' argument on the merits—that Bond Denial Class members "must be detained under 8 U.S.C. § 1225," *id.* at 30—raises the same legal issue that forms the basis of Plaintiffs' summary judgment motion. *See* Dkt. 41 at 2 ("Plaintiffs respectfully request that the Court . . . confirm that § 1226(a), not § 1225(b), applies to them, and to clarify that any bond orders holding otherwise are invalid insofar as they deny bond based on § 1225(b).").

Defendants' argument that their motion to dismiss raises a "threshold question of whether jurisdiction exists over Plaintiffs' claims" also does not warrant a stay of the summary judgment motion. *See* Dkt. 48 at 4. Here, delaying the summary judgment motion would not meaningfully simplify the issues presented to the Court. *See CMAX, Inc.,* 300 F.2d at 268. Courts routinely address jurisdiction and merits issues at the same time, including in this precise context. *See Rivera*, 307 F.R.D. at 553, 545–48 (denying Defendants' motion to stay and analyzing noncitizen

class members' motion for summary judgment on jurisdictional and merits-based grounds, including that they were unlawfully detained based on the IJs' interpretation of Section 1226(a)). Therefore, where "[t]his case presents a purely legal question of statutory interpretation," there is no compelling reason to stay the summary judgment motion. *See id.* at 552.

For similar reasons, Defendants face little hardship in having to brief Plaintiffs' summary judgment motion. As explained above, the motion to dismiss and summary judgment motion present overlapping questions of law. *See generally* Dkt. 49; Dkt. 41 Although Defendants mention having to respond "without having engaged in production of any kind," they have not explained their need for discovery, nor why it justifies delay. *See* Dkt. 48 at 5; Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion[.]"). Thus, requiring Defendants to address purely legal issues that are substantially like those raised by their own motion is not "highly prejudicial." *See* Dkt. 48 at 5; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity[.]'") (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).

Unlike Defendants, Plaintiffs would suffer serious hardship in delaying adjudication of their partial summary judgment motion. While Defendants argue that "a stay would only pause summary judgment briefing pending a decision on Defendant[]s' motion to dismiss," any delay means an increased length of potentially unlawful mandatory detention for class members. *See* Dkt. 48 at 5. This is especially damaging here where Plaintiffs argue that "but for" the Tacoma IJs' determination that class members are subject to Section 1225(b)(2) mandatory detention, Plaintiffs "would be free, living with their families, caring for their siblings and children, and participating once again in the communities that strongly support their release." Dkt. 52 at 7–8

(citing Dkt. 41 at 6–10, 22–23); *see also* Dkt. 29 at 33 (explaining in this Court's order granting a preliminary injunction that named Plaintiff Rodriguez "suffers potentially irreparable harm every day that he remains in custody without a hearing, which could ultimately result in his release from detention.") (quoting *Cortez v. Sessions*, 318 F. Supp. 3d 1134, 1139 (N.D. Cal. 2018)). Accordingly, Defendants have not carried their "burden of establishing [the] need" for a stay. *See Clinton*, 520 U.S. at 708.

## V.   CONCLUSION

For the reasons explained, Defendants' Motion to Stay Briefing of Plaintiffs' Motion for Partial Summary Judgment, Dkt. 48, is DENIED. If Defendants have a specific need for discovery, they should include an argument under Rule 56(d) in their response to the partial summary judgment motion.

The Court GRANTS Defendants' alternative request to allow 21 days from entry of this Order for Defendant to file an opposition to Plaintiffs' motion for partial summary judgment. The Court construes this request as a motion for an extension of time to respond while the request for a stay was pending. Given the complexity and expedited nature of this case, the Court finds good cause for such an extension. Defendants must now file their opposition to Plaintiffs' motion by July 1, 2025 instead of June 23, 2025. The Court directs the clerk to re-note the pending summary judgment motion (Dkt. 41) for July 8, 2025. *See* LCR 7(d)(4). The Court will contact the parties to schedule a combined, in-person oral argument on the partial summary judgment motion and the motion to dismiss after the briefing on both motions is complete.

Dated this 10th day of June, 2025.

Tiffany M. Cartwright
United States District Judge