District Judge Tiffany M. Cartwright

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| Ramon RODRIGUEZ VAZQUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Drew BOSTOCK, et al., <br><br> Defendants. | Case No. 3:25-cv-05240-TMC <br><br> **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY AND FACTS** |

Plaintiffs hereby notify the Court regarding several relevant decisions and developments that relate to Plaintiffs' motion for partial summary judgment, Dkt. 41, and Defendants' motion to dismiss, Dkt. 49.

Exhibit A is the district court order in *Diaz Martinez v. Hyde*, --- F. Supp. 3d ---, No. 1:25-cv-11613-BEM (D. Mass. July 24, 2025). In *Diaz Martinez*, the district court addressed a similar statutory question to the one presented here, focusing on the language of "seeking admission" in 8 U.S.C. § 1225(b)(2)(A). Ex. A at 10–13. The attached decision affirmed and supplemented the court's reasoning for previously granting the petitioner's release. Ex. A at 4.

Exhibit B is the district court order in *Lopez Benitez v. Francis*, No. 1:25-cv-05937 (S.D.N.Y. Aug. 8, 2025). The *Lopez Benitez* court also addressed a statutory question similar to the one here, further explaining what it means to "seek admission." Ex. B at 14 ("[S]omeone

PLS.' NOTICE OF SUPPLEMENTAL
AUTHORITIES & FACTS
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily then be described as "seeking admission" to the theater. Rather, that person would be described as already present there."). The court granted the habeas petition and ordered the petitioner's release. Ex. B at 31.

Exhibit C is the district court decision in *Gomes v. Hyde*, No. 1:25-cv-11571-JEK (D. Mass. July 7, 2025). *Gomes* also addressed a statutory question similar to the one presented here and ordered that the petitioner receive a bond hearing. Ex. C at 19.

Exhibit D is the district court order in *Ceja Gonzalez v. Noem*, No 5:25-cv-02054-ODW (C.D. Cal. Aug. 13, 2025). Like exhibits A–C, *Ceja Gonzalez* addressed a question similar to the one presented here. The court ordered that the petitioners must receive bond hearings within seven days. Ex. D at 12.

Exhibit E is the district court decision in *Aguilar Maldonado v. Olson*, No. 25-cv-03142-SRN-SGE (D. Minn. Aug. 15, 2025). The *Aguilar Maldonado* court also addressed a question similar to the one presented here and ordered the petitioner's immediate release. Ex. E at 35.

Exhibit F is a copy of U.S. Immigration and Customs Enforcement's (ICE's) Interim Guidance Regarding Detention Authority for Applicants for Admission, addressed to "All ICE Employees," dated July 8, 2025. This memorandum was issued "in conjunction with the Department of Justice" and adopts the Tacoma immigration judges' (IJ) interpretation of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A) as national policy for the Department of Homeland Security (DHS). Pursuant to this new policy, DHS now considers all persons who have not been admitted to be subject to § 1225(b)(2)(A).

Exhibit G is a copy of the IJ's order continuing the removal case of Jose Mateo to September 3, 2025. Mr. Mateo remains detained.

PLS.' NOTICE OF SUPPLEMENTAL
AUTHORITIES & FACTS
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Exhibit H is a copy of IJ's order granting David Nunez Hernandez's application for cancellation of removal under 8 U.S.C. § 1229b(b), dated July 2, 2025. Cancellation of removal under § 1229b(b) prevents a person's removal and adjusts a person's status to that of a lawful permanent resident (LPR). *See* 8 U.S.C. § 1229b(b)(1). Mr. Nunez is no longer in removal proceedings and has been released from detention.

Exhibit I is a copy of the IJ's order granting Yesica Contreras-Baca's application for cancellation of removal under 8 U.S.C. § 1229b(b), dated July 11, 2025. Ms. Contreras-Baca is no longer in removal proceedings and has been released from detention.

Exhibit J is a copy of the order of voluntary departure for Alfredo Juarez Zeferino, dated July 14, 2025.

Respectfully submitted this 18th day of August, 2025.

| s/ Matt Adams | s/ Leila Kang |
|---|---|
| Matt Adams, WSBA No. 28287 | Leila Kang, WSBA No. 48048 |
| matt@nwirp.org | leila@nwirp.org |
| | |
| s/ Glenda M. Aldana Madrid | s/ Aaron Korthuis |
| Glenda M. Aldana Madrid, WSBA No. 46987 | Aaron Korthuis, WSBA No. 53974 |
| glenda@nwirp.org | aaron@nwirp.org |

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 957-8611

*Counsel for the Certified Classes*

PLS.' NOTICE OF SUPPLEMENTAL AUTHORITIES & FACTS
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611