UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Ramon RODRIGUEZ VAZQUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Drew BOSTOCK, et al., <br><br> Defendants. | Case No. 3:25-cv-05240-TMC <br><br> **MOTION FOR FURTHER RELIEF PURSUANT TO 28 U.S.C. § 2202** <br><br> Noting Date: November 21, 2025[1] <br><br> Oral Argument Requested |

---

[1] This motion will be accompanied by a motion to expedite the briefing schedule.

MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

# INTRODUCTION

The certified Bond Denial Class seeks immediate further relief to ensure that class members receive the benefit of this Court's classwide declaratory judgment, issued September 30, 2025. Specifically, as detailed below, they request that Defendants (1) produce weekly lists of class members, (2) provide five business days' notice to class members, class counsel, and class members' immigration counsel prior to transfer of a class member, and (3) provide written notice to all class members and to all Defendants employed in this district of their rights and obligations as declared by this Court's September 30 final judgment. Because many class members are now being transferred from this district, the Bond Denial Class requests that the Court act as expeditiously as possible to consider this matter and issue further relief.

Petitioners seek this immediate, time-sensitive relief for two reasons. First, over the past 48 hours, large numbers of Bond Denial Class members have been removed from the Northwest Immigration and Customs Enforcement (ICE) Processing Center (NWIPC), including several people with alternative bond orders. Defendants' movement of class members suggest a deliberate effort to avoid the individual habeas petitions that class members are filing, as at least four people with alternative bond orders have been transferred within the past 48 hours. For three of those persons, class counsel was prepared to file habeas petitions; the fourth person has a pending habeas petition and was transferred in violation of a pre-transfer notice order. This issue is especially critical because class members, by definition, are detained at NWIPC. By removing them from that facility, Defendants appear to be engaged in a deliberate effort to avoid counsel's successful efforts to secure the release of class members—who *should already have been released* (in many cases) pursuant to this Court's declaratory judgment.

Section 2202 relief is also warranted because Defendants are defying this Court's

MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202 - 1
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

declaratory judgment. Indeed, in direct contravention of binding Supreme Court precedent, they have told the press and immigration practitioners in their court that they consider it a mere "advisory opinion." See Nina Shapiro, *Federal court ruling doesn't stop WA immigration judges' bond denials*, Seattle Times, Oct. 27, 2025, at A1 (quoting the U.S. Attorney for the Western District of Washington); Decl. of Nicolas McKee ¶ 4. That flagrant disregard for this Court's authority is reflected by the growing number of individual and group habeas petitions that this Court has been forced to adjudicate. See infra p. 3 (citing cases).

The relief requested here is modest.[2] And it is plainly appropriate, as *at most*, all it does is ensure that class members receive the opportunity to know their rights and to assert them prior to transfer. Accordingly, the Bond Denial Class requests that the Court issue an expedited briefing schedule for this motion and issue the relief requested.

## STATEMENT OF FACTS

On September 30, 2025, this Court issued a final, classwide declaratory judgment as to the Bond Denial Class. Dkts. 65, 66. That judgment provides that:

> Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

Dkt. 66 at 2. In the month since the Court issued its declaratory judgment, Defendants have defied it. Instead of applying the law as declared by this Court, the Department of Homeland Security (DHS), the Tacoma Immigration Court, and the Executive Office for Immigration Review (EOIR)—all of whom are Defendants—have continued to apply ICE's July 8 mandatory detention policy, Dkt. 61-6, and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The

---

[2] The Bond Denial Class may request further relief if Defendants continue to disregard the declaratory judgment.

MOT. FOR FURTHER RELIEF  
PURSUANT TO 28 U.S.C. § 2202 - 2  
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT  
615 Second Ave., Ste. 400  
Seattle, WA  98104  
(206) 957-8611

seriatim habeas petitions that class counsel and immigration counsel for class members have filed overwhelmingly reflect this disregard for the Court's order. *See, e.g.*, *Ortiz Martinez v. Wamsley*, No. 2:25-cv-1822-TMC (W.D. Wash.) (habeas petition granted for five class members); *Garcia v. Wamsley*, No 2:25-cv-1980-TMC (W.D. Wash.) (habeas petition granted for three class members); *Guzman v. Walmsley*, 2:25-cv-01706-TMC (habeas petition granted for class member); *Castillo Arredondo v. Wamsley*, No. 2:25-cv-01838-TMC (W.D. Wash.) (habeas petition granted for class member)  *Cantero Garcia v. Wamsley*, No. 2:25-cv-2092-TMC (W.D. Wash.) (pending habeas petition on behalf of five class members); *M.M. v. Wamsley*, No. 2:25-cv-02074-TMC (W.D. Wash.) (pending habeas petition on behalf of class member); *Mendoza Araiza v. Wamsley*, No. 2:25-cv-02139-TL-GJL (W.D. Wash.) (habeas petition on behalf of asserted class member). Moreover, Defendants have made plain their disregard for this Court in the press and in proceedings before the immigration courts by deeming the Court's judgment no more than an "advisory opinion." Nina Shapiro, *Federal court ruling doesn't stop WA immigration judges' bond denials*, Seattle Times, Oct. 27, 2025, at A1 (quoting the U.S. Attorney for the Western District of Washington); McKee Decl. ¶ 3. Indeed, the Tacoma immigration judges continue to assert that they must abide by *Matter of Yajure Hurtado*.

Defendants' disregard for this Court's order has increased dramatically over the past 48 hours. In the cases of at least 6 uncontested class members, Defendants have transferred class members out of this district. McKee Decl. ¶ 4; Decl. of Jennifer Lesmez ¶¶ 4–5; Decl. of Virginia Rivas Aldrete ¶ 3; Decl. of Laura Reist ¶¶ 3–15. In one instance, a class member was transferred in violation of a court order. *See* Rivas Decl. ¶¶ 3–4; *see also* Order to Show Cause, *Cantero Garcia v. Wamsley*, No. 2:25-cv-2092-TMC (W.D. Wash. Oct. 29, 2025) (requiring pre-

MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202 - 3
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

transfer notice).[3] In at least three other cases, Defendants have transferred persons who very recently obtained an alternative bond order, and for whom the undersigned counsel was preparing to file a group habeas petition. McKee Decl. ¶ 3; Lesmez Decl. ¶¶ 4–5. As detailed below, transfer carries very serious consequences, and it suggests that Defendants are attempting to deliberately avoid the relief to which class members are entitled.

## ARGUMENT

### I. The Court has jurisdiction to issue further relief.

As an initial matter, this Court has jurisdiction to issue further relief pursuant to 28 U.S.C. § 2202. That section provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by [a declaratory] judgment [under § 2201]." 28 U.S.C. § 2202. This statute "merely carries out the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective." *Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1001 (10th Cir. 1993) (citation modified); *see also Samuels v. Mackell*, 401 U.S. 66, 72 (1971). ("[T]he Declaratory Judgment Act provides that after a declaratory judgment is issued the district court may enforce it by granting further necessary or proper relief." (citation modified)); *Desert Outdoor Advert., Inc. v. City of Oakland*, No. C 03-01078 SI, 2009 WL 943948, at *3 (N.D. Cal. Apr. 7, 2009) ("Section 2202 provides that federal courts have inherent power to enforce their decrees and make orders necessary to render them effective.")

These principles demonstrate that, notwithstanding Defendants' notice of appeal, the

---

[3] Counsel for Respondents in that case informed the undersigned counsel that this individual would be returned to this district after counsel indicated they would immediately file a motion to enforce the Court's order unless this individual was returned to NWIPC.

MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202 - 4
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

Court has jurisdiction to issue further relief. While the order at issue here involves declaratory rather than injunctive relief, Federal Rule of Procedure 62(d) is instructive. That rule provides that a "court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal of an injunction is pending. Fed. R. Civ. P. 62(d). In doing so, the rule "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). In addition, this Court has the "the authority to enforce its orders while an appeal is pending." *Nat'l Grange of the Ord. of Patrons of Husbandry v. California State Grange*, 182 F. Supp. 3d 1065, 1074 (E.D. Cal. 2016) (citing *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir.1976)); *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000) ("Absent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment.").

It follows from this black letter law that this Court has jurisdiction to use § 2202 and its inherent power to grant further necessary relief while Defendants' appeal is pending. This is particularly true because the relief sought by the Bond Denial Class will simply "preserve the status quo." *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166. This motion does not ask the Court to adjudicate the merits anew or seek to expand class members' rights in some way. Instead, it requests only (modest) steps "necessary to render [class members' declared rights] effective." *Desert Outdoor Advert., Inc.*, 2009 WL 943948, at *3.

## II. The proposed relief is necessary and proper.

The Bond Denial Class seeks an order requiring Defendants to undertake three measured and reasonable notification requirements: (1) weekly class lists to class counsel that provide a

MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202 - 5
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

person's name, A number, and the status of any bond proceedings; (2) five business days' notice to class members, their immigration counsel, and class counsel prior to transfer to another facility, and (3) notification of the rights and obligations as declared by the Court's classwide order to all class members and all of Defendants' employees in the Western District of Washington. As detailed below, these notification requirements are necessary to ensure that persons know their rights and have an adequate opportunity to seek relief from this Court if Defendants seek to remove them from this district.

First, Defendants' defiance of the declaratory judgment leaves many class members without any avenue for relief, unless they somehow learn that Defendants are infringing upon their rights. Class counsel has repeatedly informed members of local and national immigration listservs about the declaratory judgment in this case, spoken about the decision at the local immigration bar's annual conference, and consulted with every attorney who reaches out with an affected client. Yet many attorneys are not members of immigration bar associations or may not subscribe to the listservs where counsel has shared the declaratory judgment and possibility of individual habeas petitions. As a result, some do not know that their client is entitled to a bond hearing or release (if they have an alternative bond order) because of this Court's decision.

More grave are the problems that pro se class members face: they have virtually no means to know that their cases are subject to a declaratory judgment which entitles them to consideration for release on bond, particularly when ICE or an Immigration Judge tells them otherwise. Without notification about their rights, and without providing class counsel a means to identify these persons, pro se persons are unlikely to be able to complete a bond hearing and file a habeas petition to assert their rights. Providing a class list and notifying class members of their rights will provide a small step toward rectifying the harm Defendants inflict on class

MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202 - 6
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

members by ignoring their rights and leaving them to languish in unlawful detention. Moreover, notifying Defendants of their obligation to follow the law as established in the declaratory judgment puts individual Defendants on notice that they must comply with the law, and face potential repercussions (such as sanctions and bar complaints) for failure to do so.

Second, notice regarding transfer is necessary to ensure that this Court may issue effective relief. It is well established that "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (citation omitted). Thus, by transferring class members prior to filing habeas petitions—as has now happened for several class members—Defendants deprive class members of the opportunity to seek timely relief before this Court. As this Court has explained elsewhere, notice helps ensure that class members will have an opportunity to seek relief prior to transfer and allows this Court to exercise jurisdiction. *See Cantero Garcia v. Wamsley*, No. 2:25-CV-02092-TMC, 2025 WL 3022252, at *2 (W.D. Wash. Oct. 29, 2025).

This issue is particularly acute for class members because the Bond Denial Class is defined as including noncitizens "detained at the Northwest ICE Processing Center." *Rodriguez Vazquez v. Bostock*, 349 F.R.D. 333, 365 (W.D. Wash. 2025). While the Bond Denial Class's position is that transfer should not defeat class membership, Defendants may contend otherwise. And while class members have class counsel to file local habeas petitions for them, class counsel is unable to file habeas petitions in other districts where they are not licensed. These efforts to *further* avoid relief for class members (beyond disregarding the declaratory judgment) require a swift response by the Court to decidedly and expeditiously condemn Defendants by requiring adequate pre-transfer notice.

MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202 - 7
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611

The request for five business days' notice is also reasonable. Class counsel has thus far endeavored to file near-weekly group habeas petitions for affected class members.[4] These petitions take time and significant effort to prepare. Collecting documents, verifying class membership claims, and drafting the petition materials is not something that can happen overnight, or often even within a few days. Moreover, sufficient notice is particularly appropriate where it is Defendants who have chosen to disregard the law. If Defendants followed the law, none of this would be necessary. As it is, they have not, and thus the Court should provide class counsel with adequate time to ensure that class members can assert their rights before this Court.

Finally, additional relief is necessary and proper here simply because Defendants are defying the declaratory judgment. This motion cannot be viewed in a vacuum: Defendants have forced upon this Court a flood of habeas petitions from dozens of class members because they will not abide by the law. In the press and in proceedings before the immigration court, they have labeled this Court's decision a mere advisory opinion. That, of course, is incorrect: longstanding Supreme Court caselaw refutes this position, as the Declaratory Judgment Act is not a "medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945). Here, of course, there is plainly a significant and weight controversy. Ultimately, this sort of situation is exactly what § 2202 was designed to address. The relief requested here is thus plainly "necessary and proper." 28 U.S.C. § 2202.

## CONCLUSION

For all the foregoing reasons, the Court should grant the necessary and proper further relief requested in this motion and in the accompanying proposed order.

---

[4] Defendants' transfers have significantly upended counsel's efforts to file the next petition.

MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202 - 8
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

Respectfully submitted this 31st of October, 2025.

s/ Matt Adams
Matt Adams, WSBA No. 28287
matt@nwirp.org

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974
aaron@nwirp.org

s/ Glenda M. Aldana Madrid
Glenda M. Aldana Madrid, WSBA No. 46987
glenda@nwirp.org

s/ Leila Kang
Leila Kang, WSBA No. 48048
leila@nwirp.org

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 957-8611

*Counsel for Bond Denial Class*

**WORD COUNT CERTIFICATION**

I certify that this memorandum contains 2,541 words, in compliance with the Local Civil Rules.

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 816-3872
aaron@nwirp.org
MOT. FOR FURTHER RELIEF
PURSUANT TO 28 U.S.C. § 2202 - 9
Case No. 3:25-cv-05240-TMC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA  98104
(206) 957-8611