District Judge Tiffany M. Cartwright

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Ramon RODRIGUEZ VAZQUEZ, and those similarly situated,

*Plaintiffs*,

v.

Cammilla WAMSLEY, *et al.*,

*Defendants*.

CASE NO. 3:25-cv-05240-TMC

DEFENDANTS' SUPPLEMENT TO THE PARTIES' JOINT STATUS REPORT RE PLAINTIFF'S MOTION FOR FURTHER RELIEF



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 307-6329

Defendants respectfully submit for the Court's consideration their proposed notice to potential class members ("Defendants' Proposed Notice"). Ex. A.

On November 20, 2025, during the hearing on Plaintiff's Motion for Further Relief, the Court requested that the parties submit a joint status report outlining their respective positions regarding notice to potential class members. *See* ECF No. 95. On December 12, 2025, the parties submitted this joint status report ("JSR"). ECF No. 107. The JSR notes that "the parties have not yet reached an agreement" regarding the form of notice. *Id.* at 1. Attached to the JSR as "Attachment G" is an interim version of a draft notice incorporating the counsel for the parties' proposals, edits, and comments regarding the form and substance of the notice (the "Interim Draft Notice"). *See* ECF No. 107-7. At the time the JSR was filed, Defendants were still in the process of reviewing Plaintiff's most recent proposals and edits to set forth in the Interim Draft Notice.

On December 16, 2025, counsel for Defendants sent to Plaintiff's counsel, via email, Defendants' Proposed Notice. Defendants' Proposed Notice differs from the Interim Draft Notice in only a few meaningful ways. *See* Ex. B (redlined document comparing the Interim Draft Notice to Defendants' Proposed Notice). On December 17, 2025, counsel for Plaintiff represented that Plaintiff could not agree to the changes set forth in Defendants' Proposed Notice and that "informing class members they are entitled to bond hearings is warranted, appropriate, and exactly what the Court held." *See* Ex. C (email exchange between counsel for the parties). Thus, despite the parties' diligent attempts to compromise on the substance of notice to class members, they are unable to reach an agreement at this juncture. For this reason, Defendants submit their proposed notice for the Court's review.



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 307-6329

The primary difference between the Interim Draft Notice and Defendants' Proposed Notice is that Defendants have replaced Plaintiff's language *characterizing* the Court's summary judgment decision, ECF No. 65, with the *actual* language from the Court's Judgment itself, ECF No. 66. *See* Ex. B. The Court should adopt Defendants' Proposed Notice for this reason.

Indeed, with respect to Rule 23(d) notice, the "best notice will 'contain an adequate description of the proceedings written in *objective*, *neutral* terms, that, insofar as possible, may be understood by the average absentee class member.'" *F.G. v. Coopersurgical, Inc.*, No. 24-CV-01261-JST, 2024 WL 2274448, at *3 (N.D. Cal. May 20, 2024) (citing *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1104 (5th Cir. 1977) (emphasis added); *see also, e.g., Camp v. Alexander*, 300 F.R.D. 617, 621 (N.D. Cal. 2014) ("The best practicable notice envisioned by Rule 23 conveys objective, neutral information about the nature of the claim and the consequence of proceeding as a class.") (internal quotations omitted). Here, Defendants' Proposed Notice is the "best" notice because it describes the Court's declaratory judgment in "objective, neutral terms," by quoting directly from the Court's declaratory judgment. *See* ECF No. 66; Ex. A; *id*. Plaintiff's claim that the notice should communicate that class members "are entitled to bond hearings," Ex. C, is not supported by any of the express language found in the Court's declaratory judgment. *See* ECF No. 66. In other words, because the Court's declaratory judgment never states that class members are entitled to bond hearings, Defendants do not find it appropriate to include that language in the notice that *Defendants* would be providing to class members. Quoting directly from the Court's declaratory judgment is certainly more neutral and objective as compared to characterizing it.

Additionally, Defendants have modified the last paragraph of the notice to include neutral language regarding a class member's option to file a habeas petition in federal court. *See* Exs. A, B.



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 307-6329

This is to avoid any impression that the government or Defendants are providing legal advice to potential class members. *See, e.g.*, Ex B. (previous language: "class members will likely need to file a habeas petition in federal court"). Similarly, Defendants have included a disclaimer in the footer of Defendants' Proposed Notice to make clear that the provision of notice does not constitute legal advice from the government or Defendants.

For these reasons, Defendants respectfully request that the Court adopt Defendants' Proposed Notice, Ex. A. In the alternative, and for the same reasons set forth in the paragraph above, Defendants would request that any notice ordered by the Court include only language taken from the Court's declaratory judgment, rather than a characterization of that judgment.

Dated: December 19, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

VICTOR M. MERCADO-SANTANA
Senior Litigation Counsel

MICHAEL D. ROSS
Trial Attorney

*/s/ Ian S. Lam*

IAN S. LAM (DC Bar No. 90017495)
Trial Attorney
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
Washington, DC 20044
Phone: (202) 307-6329
Email: Ian.S.Lam@usdoj.gov

*Attorneys for Defendants*

***I certify that this memorandum contains 743 words, in compliance with the Local Civil Rules.***


U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 307-6329