**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

Ramon RODRIGUEZ VAZQUEZ, et al.,

Plaintiffs,

v.

Julio HERNANDEZ, et al.,

Defendants.

Case No. 3:25-cv-05240-TMC

**DECLARATION OF LEILA KANG IN SUPPORT OF PLAINTIFFS' MOTION FOR FURTHER RELIEF PURSUANT TO 28 U.S.C. § 2202**

I, Leila Kang, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of Washington, WSBA No. 48048. I am employed by the Northwest Immigrant Rights Project (NWIRP) and am one of the attorneys appointed as class counsel in this matter. I have personal knowledge of the matters stated below, and if called to testify, I could and would testify competently to them.

2. The facts set forth below are based on my own review of Defendants' productions to class counsel, my correspondence with counsel for Defendants, and records that NWIRP maintains in the ordinary course of its work on this case. NWIRP maintains a running record of Defendants' production, into which staff enter the contents of each week's list and each week's accompanying documents at the time the production is received.



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

3. Under the Court's Order on Motion for Further Relief, Dkt. 112, Defendants must provide a weekly list to class counsel of all detainees who received notice of the Court's declaratory judgment that week, along with a copy of each listed detainee's Form I-213 (I-213) and charges or Notice to Appear (NTA). Dkt. 112 at 19. In a subsequent order, the Court reiterated that Defendants must provide each listed detainee's I-213 *and* either a list of the detainee's charges or their NTA. Dkt. 116 at 2.

4. Pursuant to these orders, class counsel has received weekly lists from Defendants since January 26, 2026. Each list consists of the individuals who received notice of the Court's declaratory judgment that week; each individual is identified by an A-number, name, and date of arrival at the Northwest ICE Processing Center (NWIPC). Defendants have also provided batches of NTAs and I-213s that correspond with the weekly list.

5. NWIRP staff routinely screen the NTAs and I-213s produced to assess whether an individual is a member of the Bond Denial Class. This assessment requires class counsel to confirm, inter alia, that an individual has no criminal history subjecting them to detention under 8 U.S.C. § 1226(c) and was not apprehended upon arrival at the border. The I-213 makes this assessment possible because it contains DHS's record of a person's arrest and summarizes the information that DHS possesses regarding a person's immigration and criminal history. This means that for any individual for whom the I-213 is missing, class counsel lacks the information necessary to ascertain class membership. Defendants' failure to produce complete sets of documents thus hampers class counsel's ability to protect class members' rights.

6. Most weeks, Defendants do not timely produce the complete set of NTAs and I-213s that correspond to the individuals on that week's list. In many instances, NTAs or I-213s are missing for one-third or even up to one-half of the individuals included on the class list.



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

7. Attached as Exhibit A is a true and correct copy of a table I compiled by reviewing each weekly production since June 1, 2026. For each week, the table shows the number of individuals on that week's class list, and the numbers of concurrently produced NTAs and I-213s that correspond to the list.

8. Class counsel has attempted to resolve these gaps by identifying the missing documents and requesting that Defendants produce them. Defendants have responded with supplemental productions on some occasions, but such productions have often been delayed and inconsistent. On June 2, 2026, I sent an email to counsel for Defendants listing the NTAs and I-213s pending production as of that date and addressing the repeated deficiencies in production; I had identified 22 missing NTAs and a total of 47 missing I-213s (including 5 where Defendants produced an I-213 for prior encounters). On June 8, 2026, Defendants notified us via email that they had uploaded additional documents; that supplemental production consisted of 19 NTAs and 18 I-213s. Defendants agreed to provide with each class list "a chart to help with identifying where documents are in the process." True and correct copies of these email messages are attached as Exhibit B.

9. Defendants have produced the agreed upon chart on a weekly basis, but their document production has nonetheless remained incomplete. On August 11, 2026, I emailed counsel for Defendants with a request for documents that had been marked as produced, but remained pending, noting that that they "may not be captured by the list of documents marked as 'pending production.'" On August 13, 2026, Jaime Durr, counsel for Defendants, requested that I share a list of documents "pending production from [our] end" so that they could "cross check that with the clients." On August 25, 2026, I emailed opposing counsel a list of individuals for whom we were missing documents, showing that we were still missing I-213s for 154



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

individuals and NTAs for 100 individuals, including those who had been identified in class lists as far back as June 2026. True and correct copies of these email messages are attached as Exhibit C. As of the date of this declaration, Defendants have not provided those supplemental documents.

10. Most recently, on August 31, 2026, Defendants produced a list showing the A-numbers and names of 154 potential class members who had arrived at the NWIPC between August 16 and August 26, 2026, and produced 71 NTAs and 29 I-213s. *See* Ex. A. Among the 154 individuals listed, 86 were missing both documents.

11. For an individual who is missing both the I-213 and the NTA, class counsel has no way to track the status of that person's immigration proceedings through the EOIR Automated Case Information System (ACIS) or that person's detention location through the ICE Online Detainee Locator System (ODLS). Both systems require country of citizenship or nationality information, which appears on the I-213 and the NTA, but not on the weekly list.

12. Consequently, as detailed below, Defendants' incomplete production has inhibited counsel's ability to ascertain the total number of class members Defendants have transported out of this district to the Fifth or Eighth Circuits, where class members have no right to a hearing.

13. Over the past week, class counsel learned that many individuals detained at NWIPC were being transferred to other facilities. Class counsel sought to determine how many class members were affected by these transfers.

14. Because individuals who arrived at NWIPC more recently are less likely to have had the opportunity to file a habeas petition or to obtain a bond hearing, I narrowed the review to all individuals appearing on the weekly class lists from July 1, 2026 onward whom NWIRP had identified as class members based on the I-213s and NTAs that Defendants have produced. That



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

group totals 233 individuals; however, this number does not include the individuals whose class membership has not been assessed by NWIRP due to Defendants' incomplete document production.

15. From August 28, 2026, to September 1, 2026, four other NWIRP staff members and I searched the current custody location of each of these 233 individuals through ODLS. We also searched the current status of each individual's removal proceeding through ACIS. Each search used the individual's A-number and country of birth as recorded on the I-213 or NTA that Defendants produced for that individual. The results of each search were recorded at the time the search was performed. Additional transfers may have occurred after the search was performed.

16. Of the 233 class members searched, 113 are no longer detained at NWIPC. The results of the ODLS and ACIS searches were as follows:

a. 15 are detained at Adams County Correctional Center in Natchez, MS. All of them have pending proceedings before the immigration court.

b. 14 are detained at ERO El Paso Camp East Montana, in El Paso, TX. 2 of these individuals have been granted voluntary departure and 2 others have been ordered removed by an IJ, but their appeal period has not elapsed. The remainder have pending proceedings before the immigration court.

c. 14 are detained at Richwood Correctional Center, in Richwood, LA. All of them have pending proceedings before the immigration court.

d. 10 are detained at Otay Mesa Detention Center in Otay Mesa, CA. All of them have pending proceedings before the immigration court.

e. 4 are detained at Florence SPC in Florence, AZ. All of them have been ordered removed by an IJ.

f. 4 are detained at Imperial Regional Adult Detention Facility in Imperial, CA. All of them have pending proceedings before the immigration court.

g. 1 is detained at Jackson Parish Correctional Center in Jonesboro, LA, and was granted voluntary departure on August 26, 2026.

h. 1 is detained at Eloy Federal Contract Facility in Eloy, AZ, and was granted voluntary departure on July 30, 2026.



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

i. 50 were not located in the ICE detainee locator system, meaning that they are no longer in DHS custody as a result of either release or removal, or were in the process of being transferred at the time of the search. 20 of these individuals have pending proceedings before a non-detained immigration court, indicating that they were likely released. 6 of the individuals still have a pending case before the Tacoma Immigration Court, meaning they were likely in the process of being transferred or released. 2 have no records in ACIS. 15 have been granted voluntary departure, and 7 have been ordered removed.

17. The above numbers demonstrate that at least 44 class members have recently been transferred to detention facilities within the Fifth Circuit. Of this group, 41 individuals were initially detained at NWIPC in the month of August, between August 2 and August 23, 2026. Class counsel is unable verify how many of these individuals sought and received a bond hearing before their release because ACIS does not show any bond hearing information. However, the timeframes suggest a troubling pattern of transfers of recently detained individuals before they are able to seek a bond hearing.

18. In addition, all transfers, including those to other facilities within the Ninth Circuit may also violate class members' rights in other significant ways. For example, if certain class members were represented by counsel in Washington State, their access to counsel may now be compromised. In addition, class members who have been transferred to California or Arizona may still be entitled to a bond hearing but now face obstacles to preparing their request for release due to separation from their family and community.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September, 2026, at Kirkland, Washington.

s/ Leila Kang
Leila Kang, WSBA No. 48048
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400

Seattle, WA 98104
(206) 816-3847
leila@nwirp.org