**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

Ramon RODRIGUEZ VAZQUEZ, et al.,

Plaintiffs,

v.

Julio HERNANDEZ, et al.,

Defendants.

Case No. 3:25-cv-05240-TMC

**REPLY IN SUPPORT OF MOTION FOR FURTHER RELIEF PURSUANT TO 28 U.S.C. § 2202**

Noting Date: September 25, 2026



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

## INTRODUCTION

Defendants' response is notable for what it does not contest. Defendants do not dispute that they recently transferred dozens of individuals, including class members, to the Fifth Circuit. Instead, they invoke 8 U.S.C. § 1252(f)(1), without explaining how § 1231(g)'s text covers transfers. They also assert that pre-transfer notice is not necessary or proper, either relying on non-textual assumptions about 28 U.S.C. § 2202 or ignoring why notice effectuates the declaratory judgment. Since this motion was filed, Defendants have continued to transfer individuals to the Fifth Circuit. Similar circumstances recently prompted the U.S. District Court for the District of Massachusetts to issue an order requiring pre-transfer notice of class members in a case raising the same underlying statutory question. The Court should issue a similar order.

Defendants also do not dispute their repeated failure to make timely document productions. Instead, they allege operational difficulties, ignoring that digital versions of I-213s are readily available to produce. The Court should clarify that Respondents may comply with its order by producing such digital versions of the I-213 concurrently with weekly class lists, and require Defendants to submit weekly status reports regarding their compliance.

## ARGUMENT

### I. Pre-transfer notice is necessary and proper.

#### A. The Court has jurisdiction.

Defendants' argument that § 1252(f)(1) bars pre-transfer notice because it enjoins the operation of § 1231(g) is based on a flawed premise: that § 1231(g) covers transfer authority. They contend that pre-transfer notice would "restrain the Government's ability to 'arrange for appropriate places of detention for aliens.'" Dkt. 142 at 5 (quoting 8 U.S.C. § 1231(g)). But as Plaintiffs explain, *see* Dkt. 136 at 7–8, "the language of § 1231(g) does not address transfers at



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

all." *Reyna ex rel. J.F.G. v. Hott*, 921 F.3d 204, 209 (4th Cir. 2019); *see also Ozturk v. Hyde*, 136 F.4th 382, 396 (2d Cir. 2025) (same); *Esparza v. Knight*, No. 1:25-CV-00601-BLW, 2025 WL 3228282, at *3 (D. Idaho Nov. 19, 2025) (similar). Instead, § 1231(g) "relate[s] more centrally to the government's brick and mortar obligations for obtaining facilities in which to detain aliens." *Reyna*, 921 F.3d at 209. The subsection's legislative history describes this authority in the same way. *See* H.R. Rep. No. 104-828, at 218 (1996) (Conf. Rep.) ("Section 241(g) amends and restates the authority in current section 242(c) for construction and operation of detention facilities."). Defendants do not address these appellate decisions or explain how § 1231(g) covers transfers. Because it does not, requiring pre-transfer notice here would not trigger concerns under § 1252(f)(1). *See Gonzalez v. ICE*, 975 F.3d 788, 813 (9th Cir. 2020) (holding that § 1252(f)(1) would not bar relief where relevant procedures were not "even codified in the statutory provisions that § 1252(f)(1) encompasses").

Nor is pre-transfer notice a "coercive enforcement mechanism" that "interferes with the Government's efforts to operate" a provision covered by § 1252(f)(1). Dkt. 142 at 5 (citation modified). The notice requested here would not prohibit transfers or compel Defendants to keep a class member at the Northwest ICE Processing Center. Instead, it simply establishes a procedural prerequisite—advance notice—before Defendants can undertake that transfer. To violate § 1252(f)(1), the Court would have to "order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" the specified authority. *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). But Plaintiffs request only notice before Defendants take "actions to . . . carry out" § 1231, even if it covers transfers (which it does not). *Id.* Class members would still need to file individual habeas petitions to "order federal officials



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

to . . . refrain from [a transfer]."[1] *Id.*

B. Plaintiffs satisfy § 2202's requirements.

Defendants also fail to show the requested relief is not necessary or proper. First, Defendants claim that the requested relief would require them to identify class members, Dkt. 142 at 6, 12–13, contrary to the Court's prior § 2202 decision, which requires class counsel to do so. Setting aside Defendants' failure to produce the documents class counsel needs, *see* Dkt. 136 at 6, Defendants are mistaken: for ease of administration, Plaintiffs request pre-transfer notice only as to "any individual covered by the notice requirements required by the Court's previous order granting relief under 28 U.S.C. § 2202." Dkt. 136-1 at 1. Thus, Defendants incorrectly assert the requested relief would impose a new requirement to identify class members.

Second, Defendants suggest this Court lacks authority to act because the requested relief would "expand" the judgment. Dkt. 142 at 7 (citing Ninth Circuit case law that courts cannot "expand" on a judgment while a case is on appeal). To the extent Defendants argue that the Court cannot order relief given the posture of this case, that argument lacks merit. The Ninth Circuit has affirmed this Court's judgment, Dkt. 125, and as this Court previously explained, an appeal does not prevent the Court from enforcing its judgment, *see* Dkt. 112 at 11.

Defendants' argument about expansion of the judgment is really one that the requested relief is neither necessary or proper because it would impose "new substantive obligations untethered from what the Court has already ordered." Dkt. 142 at 9. That is not the case. Section 2202 "clearly anticipate[s] ancillary or subsequent coercion *to make an original declaratory*

[1] In a footnote, Defendants assert the requested relief could "delay transfers," but Defendants can avoid any delays by providing timely notice. Dkt. 142 at 4 n.1. Any additional burden that timely notice may cause is minimal, especially when compared to the burden of class members who lose their right to a bond hearing.



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

*judgment effective*." *Horn & Hardart Co. v. Nat'l R.R. Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988) (emphasis added). Here, the requested relief plainly seeks to make the judgment effective. Without it, class members already have and will continue to be stripped of their statutory right to a hearing. Requiring notice is thus necessary *or* proper.[2] Defendants do not ever respond to or engage the caselaw Plaintiffs cited explaining that notice is necessary to protect the fundamental rights here. *See A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025) (per curiam) (requiring "notice . . . within a reasonable time and in such a manner as will allow [class members] to actually seek habeas relief" (citation omitted)). Notably, earlier this week, in a related case involving a declaratory judgment on the same underlying issue, the U.S. District Court for the District of Massachusetts required the defendants there to provide class members, class counsel, and immigration counsel 72 hours' notice prior to transfer. *See* Order, *Guerrero Orellana v. Moniz,* No. 25-cv-12664-PBS (D. Mass. Sept. 22, 2026), Dkt. 212 (Ex. A).

Relatedly, Defendants contend that the requested relief is not necessary or proper because Defendants may transfer people for reasons other than stripping them of their rights. Dkt. 142 at 10–12. They point to this Court's prior decision in support, but as Plaintiffs have explained, two of three reasons the Court provided previously to deny similar requested relief no longer apply. *See* Dkt. 136 at 8–9. Specifically, neither the decision in *Maldonado Bautista* nor individual habeas petitions now protect class members against transfers. Defendants thus rest their argument entirely on the unsupported proposition that Plaintiffs must show that they are deliberately moving people out of the district to avoid the Court's declaratory judgment. *See* Dkt. 142 at 11. But they cannot point to any § 2202 caselaw requiring bad faith, nor is that

---

[2] The disjunctive nature of § 2202 is important, as "[t]he relief need only be proper." *Horn*, 843 F.2d at 548. "Propriety is of course a broader concept than necessity." *Horn & Hardart Co. v. Nat'l R.R. Passenger Corp.*, 659 F. Supp. 1258, 1262 (D.D.C. 1987).



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

requirement part of the statute. Instead, relief only need be necessary or proper. As detailed above, where transfers strip class members of their basic right to seek liberty, pre-transfer is necessary or proper to "make . . . [the] declaratory judgment effective" for class members. *Horn*, 843 F.2d at 548.[3]

Finally, Plaintiffs note with concern that these transfers continue to happen, with grave consequences for the affected individuals. As recently as last weekend, class members lucky enough to have counsel were forced to seek temporary restraining orders to preserve their right to a bond hearing or challenge the outcome of one. *Rodriguez Escamilla v. Scott*, No. 2:26-CV-03523, 2026 WL 2808606, at *1 (W.D. Wash. Sept. 19, 2026); *Malinga v. Scott*, No. 2:26-CV-03524, 2026 WL 2808604, at *1 (W.D. Wash. Sept. 19, 2026). Others were less lucky and were transferred. Decl. of Kelly Vomacka ¶¶ 10–15. As Plaintiffs have explained, the harm for such persons in immense. One class member transferred this past weekend has lived in Everett since 2001, has two U.S. citizen daughters, and has worked for the same employer for decades. *Id.* ¶ 4. He is plainly not a flight risk—and yet now, he is detained in the Fifth Circuit and has no hope for release. *Id.* ¶¶ 15–16.

## II. Reporting to the Court is an appropriate further step to compel timely and complete document production.

Defendants have no meaningful response to Plaintiffs' request that they be ordered to report their compliance with the prior § 2202 order. Rather than acknowledging their obligation to produce documents "*as part of* the weekly lists to class counsel," Dkt. 116 at 2 (emphasis

[3] As part of this argument, Defendants accuse Plaintiffs of resting on a single news article to support the assertion that Defendants are evading the relief provided by the judgment. Dkt. 142 at 11–12. This argument ignores the data Plaintiffs provided substantiating large numbers of transfers to the Fifth Circuit. Dkt. 138 ¶ 17. And while Defendants previously misrepresented where they were transferring people, *see* Dkt. 137-2, their declarant admits most people are transferred to the Fifth Circuit.



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

added), they insist—without evidence—that they are producing the documents "promptly and in good faith," Dkt. 142 at 13, offering the sole excuse that "NWIPC staff do not always receive the complete A-file" in time, Dkt. 143 ¶ 16. But they do not contest the detailed evidence Plaintiffs provided showing that weekly productions regularly include half (or even less) of the required documents, that supplemental productions often do not even occur, and that they have failed to remedy the problem when requested. *See generally* Dkt. 138 ¶¶ 6–10; Dkt. 138-1 (chart of incomplete productions). Defendants' weekly productions have continued to be incomplete since this motion was filed. *See* Second Decl. of Leila Kang Ex. A.

Notably, the "operational realit[y]," Dkt. 142 at 13, is that ICE can access digital versions of I-213 forms, and has been ordered to produce such forms in other actions. In previous sworn testimony to this Court, an ICE officer explained that "draft, unsigned I-213s can be retrieved from a subsystem of ERO's Enforcement Integrated Database (EID)," including the "EID Arrest Guide for Law Enforcement (EAGLE)," and the "Immigration and Enforcement Operational Records System (ENFORCE) Alien Removal Module (EARM)." Decl. of Toni Fuentes ¶ 56, *Univ. of Wash. v. U.S. Dep't of Homeland Sec.*, No. 1:18-cv-01396-BJR (W.D. Wash. Mar. 13, 2020), Dkt. 41 (Ex. B); *see also* Dkt. 107-2. Because of this, the U.S. District Court for the District of Nevada has required production of "copies of the unsigned digital Form I-213s for each listed detainee" to class counsel each week. *See* Minute Order, *Jacobo Ramirez v. Mullin*, No. 2:25-cv-02136-RFB-MDC (D. Nev. Apr. 2, 2026) (Ex. C). The Court should require the same here.

Defendants also offer no meaningful response to Plaintiffs' request for weekly status reports. Ninth Circuit caselaw provides an ample basis to require such reporting given Defendants' violations. *See Thomas v. Cnty. of Los Angeles*, 978 F.2d 504, 510 (9th Cir. 1992). It



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611

is also consistent with what other courts have done. *See Jacobo Ramirez* Minute Order (requiring Defendants to identify "Form I-213s for listed detainees not yet available" on the date of production, and requiring that they be produced the following week); *see also, e.g.*, Order, *Castañon Nava v. Dep't of Homeland Sec.*, No. 18-cv-3757 (N.D. Ill. Feb. 17, 2026), Dkt. 301 (Ex. D) (requiring "weekly status report indicating how many putative class members' documents were produced that week").

Finally, Defendants assert that the Ninth Circuit's ruling makes this request for relief moot. But as this motion makes clear, the facts on the ground show the continuing necessity of class counsel's access to class member information to protect their clients' rights. The Court should accordingly reject this argument.

**CONCLUSION**

For all the foregoing reasons, the Court should grant Plaintiffs' motion.

Respectfully submitted this 25th of September, 2026.

s/ Aaron Korthuis
Aaron Korthuis*, WSBA No. 53974
aaron@nwirp.org

s/ Matt Adams
Matt Adams, WSBA No. 28287
matt@nwirp.org

* *I certify that this memorandum contains 2,100 words, in compliance with the Local Civil Rules.*

s/ Leila Kang
Leila Kang, WSBA No. 48048
leila@nwirp.org

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 957-8611

*Counsel for Bond Denial Class*