# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | Civil Action<br>No. 25-cv-12664-PBS |

**<u>ORDER</u>**

September 22, 2026

Saris, J.

Following the First Circuit's affirmance of the Court's declaratory judgment in this case, <u>see</u> <u>Guerrero Orellana v. Moniz</u>, __ F.4th __ (1st Cir. 2026) [2026 WL 2352042], the Court directed the parties to submit proposals for an amended class action notice. The parties agree that the language of the notice Defendants are required to serve on class members should be revised. Significantly, in their filings and at the hearings the Court held on August 19 and September 14, 2026, Defendants have expressly refused to commit to not transfer class members who request bond hearings out of the circuit before they receive rulings on their requests for bond. Defendants have likewise refused to concede

that class members who are transferred out of the circuit remain entitled to a bond hearing pursuant to the declaratory judgment that the First Circuit affirmed.

Accordingly, after review of the parties' filings and a hearing, the Court **ORDERS** pursuant to 28 U.S.C. § 2202 that Defendants shall provide notice of the intended transfer outside of the First Circuit of any class member who requests a bond hearing to the class member, the class member's attorney (if known), and class counsel no fewer than 72 hours before the transfer is initiated.

The Court also **ORDERS** as follows with respect to class notice:

1. The notice of the declaratory judgment that Defendants are ordered to serve shall be in the form attached in the appendix hereto (the "Third Notice") rather than in the form attached in the appendix to the Partial Final Judgment (Dkt. 113) (the "Original Notice") or in the appendix to the Order entered on January 29, 2026 (Dkt. 162) (the "Second Notice"). Defendants shall forthwith translate the Third Notice into Spanish, Portuguese, and Haitian Creole.

2. Within ten days, Defendants shall post the Third Notice in English, Spanish, Portuguese, and Haitian Creole in common areas of any facility holding immigration detainees (a) in Massachusetts or (b) in any geographic

area over which an Immigration Court located in Massachusetts is the administrative control court.

3. Starting no later than ten days after the date of this Order, Defendants shall serve the Third Notice under paragraph 4 of the Partial Final Judgment (Dkt. 113) on any noncitizen who is newly arrested or detained by immigration officers and who Defendants reasonably believe may be members of the class.

4. The government official serving the notice shall print legibly on each notice the date, location, name of the noncitizen served, alien number, and name and ID number of the official serving the notice. The official serving the notice shall also sign the notice. Defendants shall record the service of each notice and retain a copy of each notice served.

5. Noncitizens receiving the Third Notice who are not fluent in English but are fluent in Spanish, Portuguese, or Haitian Creole shall be provided both the English version and the version in their respective language of fluency. If the noncitizen does not understand English, Spanish, Portuguese, or Haitian Creole, they shall be provided the Third Notice in English, and Defendants shall secure an interpreter to translate the notice as

soon as feasible into a language the noncitizen understands.

6. Defendants shall provide any noncitizen receiving the Third Notice with access to a telephone to call an attorney as soon as possible, but no later than three hours, after the noncitizen receives the Third Notice.

These notice obligations supersede those imposed on Defendants by the Court's Order entered on January 29, 2026 (Dkt. 162).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

**APPENDIX**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | Civil Action<br>No. 25-cv-12664-PBS |

**IMPORTANT CLASS ACTION NOTICE: RIGHT TO A PROMPT BOND HEARING**

You are receiving this notice in the matter Guerrero Orellana v. Moniz, et al., No. 25-cv-12664 (D. Mass. 2025), because you may be a class member in that case. **IF YOU ARE A CLASS MEMBER, THEN YOU HAVE A LEGAL RIGHT TO RECEIVE A PROMPT BOND HEARING UPON REQUEST** under the law of the United States Court of Appeals for the First Circuit. See Guerrero Orellana v. Moniz, __ F.4th __ (1st Cir. 2026) [2026 WL 2352042]. By statute and regulation, you may request a bond hearing seeking release from custody before an Immigration Judge.

The U.S. Department of Homeland Security may provide you with a Form I-286, Notice of Custody Determination, which informs you of whether you will be held in custody. In order to request a bond

hearing before an Immigration Judge, you may request a review of that custody determination by checking a box on the Form I-286. You may also ask the immigration court directly for a bond hearing. If you do not receive a prompt bond hearing after you request one, if an Immigration Judge says that he or she cannot hold a bond hearing in your case, or if you contend that your detention violates your constitutional or federal rights, you may file a "Petition for Writ of Habeas Corpus" in the United States District Court where you are confined.

You are encouraged to consult with an attorney as soon as possible concerning any rights you may have. If you have questions, you may contact the attorneys representing the class at **(857) 347-5502**, although please understand that they represent the class collectively and do not represent you individually.

Served on date: ______________________

Served at location: ______________________

Name of person served: ______________________

Alien number of person served: ______________________

Name of officer serving notice: ______________________

ID number of officer serving notice: ______________________

Signed by serving officer: ______________________________________